USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/12/2018

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Christine Asia Co., Ltd. et al.,

                         Plaintiffs,

-against-

Alibaba Group Holding Limited et al.,

                         Defendants.

1:15-md-02631 (CM) (SDA)

OPINION AND ORDER

**STEWART D. AARON, United States Magistrate Judge:**

Before the Court is Plaintiffs' Letter-Motion seeking to compel, *inter alia*, the production of documents that Plaintiffs contend were improperly redacted based on "relevancy and burden."[1] (Pls.' Letter-Motion, ECF No. 65, at 1-3.) For the reasons set forth below, the portion of Plaintiffs' Letter-Motion regarding redactions is GRANTED.

**BACKGROUND**

This is a class action on behalf of all those who purchased American Depository Shares ("ADSs") or call options to purchase ADSs of China-based Alibaba Group Holding Limited ("Alibaba") between September 19, 2014, and January 29, 2015. The defendants named in this case are Alibaba and certain of its officers (collectively, the "Defendants"). Plaintiffs sued Defendants for securities fraud in connection with Alibaba's initial public offering ("IPO") of its securities, in violation of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934. *Christine Asia Co. v. Ma*, 718 F. App'x 20, 21, Fed. Sec. L. Rep. ¶ 99,928 (2d Cir. 2017). Plaintiffs allege that

---

[1] For the reasons stated during the October 11, 2018 oral argument, the Court finds that the other three issues raised in Plaintiffs' Letter-Motion are not yet ripe.

Alibaba failed to disclose that, two months before Alibaba's IPO, it was subject to an administrative guidance law enforcement proceeding administered by certain regulators in China, *i.e.*, the State Administration of Industry and Commerce ("SAIC") and seven provincial and local Administrations of Industry and Commerce ("AICs"). (Am. Compl., ECF No. 6, ¶ 5.)

In the pending Letter-Motion, Plaintiffs assert that Alibaba has produced thousands of documents that it partially redacted based on "relevancy and burden," and argue that such redactions are impermissible. (Pls.' Letter-Motion, ECF No. 65, at 1.) On October 8, 2018, Defendants filed a letter in opposition to Plaintiffs' motion, arguing that the redacted information is irrelevant to Plaintiffs' claims because it pertains to communications between Alibaba and Chinese regulators other than the SAIC and AICs, and that it is burdensome for Defendants to produce unredacted documents because of the review and approval process required by Chinese law. (Defs.' Opp., ECF No. 67, at 1-2.) Defendants attached as Exhibit 1 to their October 8 letter an example of the type of redacted report that they withheld in order to demonstrate that the documents contained "the context necessary to show that the redacted information does not involve the SAIC or AICs[.]" (*Id.* at 1.) Plaintiffs replied on October 9, 2018. (ECF No. 72.) Also on October 9, the Court ordered the Defendants to provide the Court with an unredacted version of the English-language translation of Exhibit 1 for *in camera* review. (ECF No. 68.) On October 10, 2018, Defendants provided the Court and Plaintiffs with an unredacted copy of Exhibit 1 to Defendants' October 8 letter.

Oral argument was held by telephone on October 11, 2018.

**DISCUSSION**

I. **Legal Standards**

Federal Rule of Civil Procedure 26 allows parties to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). "Information within this scope of discovery need not be admissible in evidence to be discoverable." *Id.*

A party may serve on any other party a request to produce documents within the scope of Rule 26(b). Fed. R. Civ. P. 34(a). The responding party must then produce the requested documents "or state with specificity the grounds for objecting to the request, including the reasons." Fed. R. Civ. P. 34(b)(2)(B). If a party fails to make a disclosure required by Rule 26(a), or makes an incomplete disclosure, any other party may move to compel disclosure. Fed. R. Civ. P. 37(a). Motions to compel, pursuant to Rule 37, are left to the sound discretion of the court. *See Amtrust N. Am., Inc. v. Preferred Contractors Ins. Co. Risk Retention Grp., LLC*, No. 15-CV-07505 (CM), 2016 WL 6208288, at *2 (S.D.N.Y. Oct. 18, 2016) (citing *United States v. Sanders*, 211 F.3d 711, 720 (2d Cir. 2000)).

The weight of authority in this Circuit goes against allowing a party to redact information from admittedly responsive and relevant documents "based on that party's unilateral determinations of relevancy." *Cyris Jewels v. Casner*, No. 12-CV-01895 (KAM) (SLT), 2016 WL 2962203, at *4 (E.D.N.Y. May 20, 2016) (citing cases rejecting defendants' requests for redaction

3

of irrelevant text within relevant documents); *see also Durling v. Papa John's Int'l, Inc.*, No. 16-CV-03592 (CS) (JCM), 2018 WL 557915, at *9 (S.D.N.Y. Jan. 24, 2018) ("Redactions on grounds of non-responsiveness or irrelevance are generally impermissible, especially where . . . a confidentiality stipulation and order . . . is in place." ); *John Wiley & Sons. Inc. v. Book Dog Books, LLC*, 298 F.R.D. 184, 186 (S.D.N.Y. 2014) ("[R]edactions of portions of a document are normally impermissible unless the redactions are based on a legal privilege."); *In re State St. Bank & Tr. Co. Fixed Income Funds Inv. Litig.*, No. 08-CV-0333 (RJH) (DFE), 2009 WL 1026013, at *1 (S.D.N.Y. Apr. 8, 2009) (directing parties not to "redact any portion of a document on the ground that the portion is non-responsive and irrelevant" because such redactions "breed suspicions" and "may deprive the reader of context"); *In re Restasis (Cyclosporins Opthalmic Emulsion) Antitrust Litig.*, No. 18-MD-2819 (NG) (LB), 2018 WL 3007926, at *1 (E.D.N.Y. June 4, 2018) (party should not be permitted to unilaterally decide to redact portions of a responsive document because it determines that they are competitively sensitive and not relevant).

**II.** **Application**

In its discretion, the Court finds no reason to depart from the general rule that relevance redactions are improper. As noted in the case law cited above, such redactions breed suspicions and deprive the reader of context. Furthermore, the circumstances regarding redactions done in this case show the perils of permitting relevance redactions.

The very exemplar provided by Defendants to the Court, Exhibit 1 to Defendants' October 9 letter, was improperly redacted. In their October 9 letter, Defendants stated that, "[i]n order to make the nature of the redactions clear, Defendants kept headings or other context necessary to show that the redacted information does not involve the SAIC or AICs . . . ." (Defs.' Opp. at 1.)

4

However, as Plaintiffs' counsel noted during oral argument, and Defendants' counsel conceded, there were at least three or four redactions made to Exhibit 1 that should not have been made since they referenced Alibaba's interactions with the SAIC and AICs. Thus, certain of the redactions made by Defendants, by their own admission, were improper.

The cases cited by Defendants during the October 11, 2018 oral argument do not counsel a different result. For example, in *Topps Co., Inc. v. Koko's Confectionary & Novelty*, the Court allowed redactions of certain documents based, in part, on its finding that Plaintiff failed to identify "any good-faith basis for believing that the redacted information is relevant." *Topps Co., Inc.*, No. 16-CV-05954 (GBD) (KNF), 2018 WL 4440502, at *9 (S.D.N.Y. Sept. 17, 2018). In the present case, Plaintiffs allege that Alibaba's interactions with other Chinese regulators are relevant to whether the July 16, 2014 meeting was "atypical of its usual interactions with regulators," which they claim is an issue that "bears directly on materiality and scienter." (Pls.' Reply, ECF No. 72, at 1.). The Court finds that this is sufficient under Rule 26. *See Jose Luis Pelaez, Inc. v. Scholastic*, Inc., No. 16-CV-02791 (VM) (SDA), 2018 WL 1891116, at *1 (S.D.N.Y. Apr. 3, 2018) ("Although not unlimited, relevance, for the purpose of discovery, is an extremely broad concept.") (internal citation omitted); *see also John Wiley & Sons, Inc.*, 298 F.R.D. at 186 (standard for relevance under Rule 26(b) is a "relatively low threshold").[2]

---

[2] In the remaining three cases cited by Defendants, the Court allowed certain redactions only following *in camera* review of all, or a portion of, the documents at issue. *See Strategic Growth Int'l, Inc. v. RemoteMDX, Inc.*, No. 06-CV-03915 (RWS), 2007 WL 3341522, at *2 (S.D.N.Y. Nov. 9, 2007) (allowing certain documents deemed "irrelevant" to remain redacted following *in camera* review); *Bank Brussels Lambert v. Chase Manhattan Bank, N.A.*, No. 93-CV-05298 (LMM) (RLE), 1997 WL 563792, at *2 (S.D.N.Y. Sept. 10, 1997) (allowing redactions of privileged or non-responsive information following *in camera* review); *Floyd v. City of New York*, 739 F. Supp. 2d 376, 383 (S.D.N.Y. 2010) (allowing redactions of irrelevant portions of documents following *in camera* review). Here, Defendants have not requested *in*

Moreover, the Stipulation and Protective Order Regarding Confidential and Highly Confidential Information ("Protective Order") that the Court entered on January 19, 2018 addresses any concerns that Defendants may have regarding the confidential or sensitive nature of the information redacted from documents. (*See* ECF No. 43.) The Protective Order permits Defendants to designate documents and information as either "Confidential" or "Highly Confidential," and sets forth the treatment to be given to documents or information with such designations. (*Id*. ¶¶ 5.1-5.5.)

Finally, the Court finds that Defendants' argument regarding burden is not persuasive. Chief Judge McMahon already has made clear that Alibaba is required to comply with the discovery laws of the United States. (*See* 1/12/18 Status Conf. Tr. at 11.) Further, in view of the errors made in redacting Exhibit 1 to Defendants' October 9 letter, Defendants' counsel offered during oral argument to assume the burden of assuring the Court that Defendants' redactions do not relate to Alibaba's interaction with the SAIC and AICs by having the redactions re-reviewed and by submitting to the Court affidavits from Alibaba, as well as its U.S. and Chinese counsel. The Court is not persuaded that the burden of producing the redacted documents is meaningfully greater than the burden of what was offered by Defendants' counsel.

## **CONCLUSION**

For the foregoing reasons, the portion of Plaintiffs' Letter-Motion regarding redactions is GRANTED. It is hereby ORDERED that Defendants produce unredacted versions of the previously redacted documents no later than November 12, 2018.

---

*camera* review. In any event, the Court does not see a reason to conduct such a review of documents that all parties agree are responsive. Nor would such review impose a lesser burden on Defendants.

**SO ORDERED.**

DATED: New York, New York
October 12, 2018

_____
STEWART D. AARON
United States Magistrate Judge