UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHRISTINE ASIA CO., LTD., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>JACK YUN MA, et al.,<br><br>Defendants. | No.: 1:15-md-02631-CM (SDA)<br><br>Related cases:<br>1:15-cv-00759-CM<br>1:15-cv-00811-CM<br>1:15-cv-00991-CM<br>1:15-cv-01405-CM<br>1:15-cv-05020-CM<br>1:15-cv-04991-CM<br>1:15-cv-05002-CM |

## STIPULATION AND AGREEMENT OF SETTLEMENT

This Stipulation and Agreement of Settlement, dated as of April 26, 2019 (the "Stipulation"), is entered into between (a) lead plaintiffs William Tai and Christine Asia Co., Ltd. (collectively, "Lead Plaintiffs") and named plaintiffs Abel Amoros, Arthur Gabriel, Raymond Lee, and Gang Liu (together with Lead Plaintiffs, the "Plaintiffs"), on behalf of themselves and the Class (defined below); and (b) defendant Alibaba Group Holding Limited ("Alibaba"), Jack Yun Ma ("Ma"), Joseph Tsai ("Tsai"), Jonathan Zhaoxi Lu ("Lu"), and Maggie Wei Wu ("Wu") (Ma, Tsai, Lu and Wu, collectively, the "Individual Defendants" and with Alibaba, collectively, "Defendants"), and embodies the terms and conditions of the settlement of the above-captioned centralized actions (the "MDL Action").[1]   Subject to the approval of the Court and the terms and conditions expressly provided herein, this Stipulation is

---

[1]   All terms with initial capitalization not otherwise defined herein shall have the meanings ascribed to them in ¶ 1 herein.

intended to fully, finally and forever compromise, settle, release, resolve, and dismiss with prejudice, *inter alia*, the MDL Action and all claims asserted therein.

WHEREAS:

A.     In early 2015, seven putative class action complaints were filed against Defendants in United States District Courts in New York and California: on January 30, 2015, the action styled *Khunt v. Alibaba Group Holding Limited et al.* was filed in the Southern District of New York (1:15-cv-00759-CM); on February 3, 2015, the action styled *Klein v. Alibaba Group Holding Limited et al.* was filed in the Southern District of New York (1:15-cv-00811-CM); on February 4, 2015, the action styled *Ming Huang v. Alibaba Group Holding Limited et al.* was filed in the Central District of California (2:15-cv-00789-PA-AJW; S.D.N.Y No. 1:15-cv-04991-CM); on February 11, 2015, the action styled *Rand v. Alibaba Group Holding Limited et al.* was filed in the Southern District of New York (1:15-cv-00991-CM); on February 16, 2015, the action styled *Myrtle Chao v. Alibaba Group Holding Limited et al.* was filed in the Central District of California (2:15-cv-01102-PA-AJW; S.D.N.Y. No. 1:15-cv-05020-CM); on February 25, 2015, the action styled *Ziolkowski v. Alibaba Group Holding Limited et al.* was filed in the Southern District of New York (1:15-cv-01405-CM); and on March 24, 2015, the action styled *O'Silva v. Alibaba Group Holding Limited et al.* was filed in the Northern District of California (4:15-cv-01360-HSG; S.D.N.Y No. 1:15-cv-05002-CM).

B.     On May 1, 2015, the Court entered an order consolidating the actions filed in the Southern District of New York, appointing William Tai and Christine Asia Co., Ltd., as Lead Plaintiffs for the MDL Action pursuant to the Private Securities Litigation Reform Act of 1995, and appointing the Rosen Law Firm, P.A. as Lead Counsel for the putative class.

C.      On June 9, 2015, the Judicial Panel on Multidistrict Litigation centralized all of the actions in the United States District Court for the Southern District of New York, the centralized actions bearing the docket number 1:15-md-02631-CM.  Dkt. No. 1.

D.      On June 30, 2015, Lead Plaintiffs filed their Consolidated Class Action Complaint for Violation of the Federal Securities Laws (the "Complaint"), asserting claims under Section 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder.  Dkt. Nos. 4, 6.  Among other things, the Complaint alleges that Alibaba and the Individual Defendants violated the Exchange Act by failing to disclose the existence, content, and significance of a July 16, 2014 administrative guidance meeting with Chinese regulators, and thus misrepresented the true state of Alibaba's business, operations, and risks Alibaba was facing at the time of its September 2014 Initial Public Offering (the "IPO") and during the Class Period.   The Complaint alleges that, as a result of the alleged misrepresentations and omissions relating to the July 16, 2014 meeting, the price of Alibaba's ADS was artificially inflated during the Class Period.  The Complaint further alleges that the July 16, 2014 meeting was later publicly disclosed through a document called the "White Paper Regarding the Administrative Guidance Provided to Alibaba Group," which was published on January 28, 2015.  Finally, the Complaint alleges that in response to this news, the price of Alibaba's ADS dropped $4.29 per share, causing investor losses.

E.      On July 31, 2015, Defendants moved to dismiss the Complaint for failure to state a claim.  Dkt. Nos. 16-18.  Among other things, Defendants argued that Lead Plaintiffs failed to plead the existence of a materially misleading statement or omission, and failed to plead a strong inference of scienter.

F.      On June 21, 2016, in a 40-page opinion, the Court granted Defendants' motion to dismiss in full with prejudice and ordered the clerk to close the case file.  Dkt. No. 30.  Noting what the Court deemed to be "extensive cautionary disclosures" contained within Alibaba's IPO Registration Statement, the Court held that Lead Plaintiffs failed to allege an actionable misrepresentation or omission.  The Court likewise held that Lead Plaintiffs failed to allege that Defendants acted with scienter.  Finally, the Court concluded that amendment would be "futile" because the Court "concluded that Defendants were under no duty to disclose the July 16 Meeting[,]" and thus denied leave to amend.

G.      On July 20, 2016, Lead Plaintiffs filed a notice of appeal to seek review of the Court's dismissal order by the United States Court of Appeals for the Second Circuit.  Dkt. No. 34.

H.      On December 5, 2017, the United States Court of Appeals for the Second Circuit issued an order reversing the Court's dismissal order and remanded the MDL Action to the Court for further proceedings.  Dkt. No. 35.

I.      From February 2018 through March 2019, counsel for Plaintiffs and Defendants completed extensive fact and expert discovery.    In total during the discovery period, Lead Plaintiffs propounded six sets of Requests for Production of Documents, four sets of written Interrogatories, and three sets of written Requests for Admissions upon Defendants.  Lead Plaintiffs also served thirty-four (34) third-party subpoenas for production of documents on various third parties, including certain underwriters of the IPO, securities analysts, financial advisors, and public relations firms, in addition to a Freedom of Information Act request to the Securities and Exchange Commission.  Over the course of the approximately one-year discovery period, Plaintiffs' Counsel reviewed more than 1.1 million pages of documents produced by

Defendants and third parties.  In July 2018, Plaintiffs took two Rule 30(b)(6) depositions of Defendant Alibaba over three days in Hong Kong.  Between October 2018 and January 2019, Plaintiffs took the depositions of twenty (20) Alibaba employees (19 of which were conducted in Hong Kong and one in New Zealand).  All but three of these depositions were conducted in Mandarin Chinese, taking two full business days to complete because of the extended time required for interpretation into English.  Plaintiffs' Counsel also took the depositions of two third-party witnesses (one in Hong Kong and one in New York).  In addition, William Tai, Christine Asia Co., Ltd., Abel Amoros, Arthur Gabriel, Raymond Lee, and Gang Liu (the "Class Representatives") were deposed by Defendants (2 of the 5 were conducted in Hong Kong). Plaintiffs retained seven (7) experts to testify on the topics of Chinese administrative law, Chinese regulation and politics, e-commerce and counterfeiting, due diligence standards in the IPO underwriting process, scienter and stock sales, and loss causation and damages.  Defendants likewise retained seven (7) experts who rendered competing opinions.  The Parties had completed four expert depositions, were in the process of conducting two expert depositions, and all other expert depositions were scheduled at the time the Settlement was reached.

J.     On March 12, 2018, Lead Plaintiffs filed and served their motion for class certification, together with the expert report of Dr. David Tabak regarding market efficiency. Dkt. Nos. 52-54.  On April 30, 2018, after having deposed Lead Plaintiffs' market efficiency expert, Defendants filed a notice of non-opposition to class certification.  Dkt. No. 55.  On May 1, 2018,  the Court entered an order certifying the Class and appointing the Class Representatives and The Rosen Law Firm, P.A. as counsel for the Class.  Dkt. No. 56.

K.     On June 1, 2018, Defendants filed their answer to the Complaint.  Dkt. No. 57.

L.     In the fall of 2018, while Plaintiffs were actively pursuing fact discovery, the Parties agreed to participate in a private mediation.  The Parties selected former United States District Court Judge Layn R. Phillips to serve as mediator.  The Parties exchanged extensive mediation statements and exhibits that addressed, among other things, issues related to liability and damages.  The Parties participated in a full-day mediation session in New York on September 6, 2018.  The session ended without an agreement to settle and the Parties continued with discovery.

M.     Following the close of fact discovery on February 1, 2019, the Parties agreed to engage in another mediation session to re-visit whether a settlement could be reached, with Judge Phillips again serving as mediator.  The Parties exchanged detailed mediation statements and exhibits on the issues of liability and damages in advance of another full-day mediation session with Judge Phillips, which occurred on March 22, 2019.  The session again ended without an agreement to settle.  Following the mediation, however, Judge Phillips presented a mediator's recommendation that the MDL Action be settled for $250,000,000.  The Parties thereafter accepted the mediator's proposal.

N.     This Stipulation (together with the exhibits hereto) reflects the final and binding agreement between the Parties to fully and finally settle and release all claims that were asserted or could have been asserted in the MDL Action in return for a cash payment by or on behalf of Defendants of $250,000,000 for the benefit of the Class.

O.     Based upon their investigation, prosecution and mediation of the case, Plaintiffs and Lead Counsel have concluded that the terms and conditions of this Stipulation are fair, reasonable and adequate to Plaintiffs and the other members of the Class, and in their best interests.  Based on Lead Plaintiffs' direct oversight of the prosecution of this matter and with

the advice of their counsel, Plaintiffs have agreed to settle and release the claims that were asserted or could have been asserted in the MDL Action pursuant to the terms and provisions of this Stipulation, after considering, among other things: (a) the substantial financial benefit that Plaintiffs and the other members of the Class will receive under the proposed Settlement; and (b) the significant risks and costs of continued litigation and trial.

P.      This Stipulation constitutes a compromise of matters that are in dispute between the Parties.  Defendants are entering into this Stipulation solely to eliminate the uncertainty, burden and expense of further litigation.  Each of the Defendants denies any wrongdoing, and this Stipulation shall in no event be construed or deemed to be evidence of or an admission or concession on the part of any of Defendants' Releasees with respect to any claim or allegation of any fault or liability or wrongdoing or damage whatsoever, or any infirmity in the defenses that Defendants have, or could have, asserted.  Defendants expressly deny that Plaintiffs have asserted any valid claims as to any of them, and expressly deny any and all allegations of fault, liability, wrongdoing or damages whatsoever.  Similarly, this Stipulation shall in no event be construed or deemed to be evidence of or an admission or concession on the part of any Plaintiff of any infirmity in any of the claims asserted in the MDL Action, or an admission or concession that any of the Defendants' defenses to liability had any merit.

Q.      Each of the Parties recognizes and acknowledges, however, that the MDL Action has been initiated, filed and prosecuted by Plaintiffs in good faith and defended by Defendants in good faith,  that the MDL Action is being voluntarily settled with the advice of counsel, and that the terms of the Settlement are fair, adequate and reasonable.

NOW THEREFORE, it is hereby STIPULATED AND AGREED, by and among Plaintiffs (individually and on behalf of all other members of the Class) and Defendants, by and

through their respective undersigned attorneys and subject to the approval of the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, that, in consideration of the benefits flowing to the Parties from the Settlement, all Released Plaintiffs' Claims as against Defendants' Releasees and all Released Defendants' Claims as against Plaintiffs' Releasees shall be settled and released, upon and subject to the terms and conditions set forth below.

## DEFINITIONS

1.      As used in this Stipulation and any exhibits attached hereto and made a part hereof, the following capitalized terms shall have the following meanings:

(a)      "Alibaba Securities" means Alibaba American Depositary Shares ("ADS"), and call options and put options on Alibaba ADS.

(b)      "Alternate Judgment" means a form of judgment that may be entered by the Court in a form other than the form of Judgment provided for in this Stipulation and which judgment does not result in any Party terminating the Settlement.

(c)      "Authorized Claimant" means a Class Member who submits a Claim Form to the Claims Administrator that is approved by the Court for payment from the Net Settlement Fund.

(d)      "Claims" means any and all claims, demands, rights, actions, potential actions, causes of action, liabilities, duties, damages, losses, diminutions in value, obligations, agreements, suits, fees, attorneys' fees, expert or consulting fees, debts, expenses, costs, sanctions, judgments, decrees, matters, issues and/or controversies of any kind or nature whatsoever, whether known or unknown, contingent or absolute, liquidated or not liquidated, accrued or unaccrued, suspected or unsuspected, disclosed or undisclosed, apparent or not apparent, foreseen or unforeseen, matured or not matured, which now exist, or heretofore or

previously existed, or may hereafter exist (including, but not limited to, any claims arising under federal, state or foreign law, common law, bankruptcy law, statute, rule, or regulation relating to alleged fraud, breach of any duty, negligence, fraudulent conveyance, avoidance, violations of the Securities Act of 1933, as amended and rules promulgated thereunder, violations of the Securities Exchange Act of 1934, as amended and rules promulgated thereunder, violations of other federal securities laws, or otherwise), whether individual, class, direct, derivative, representative, on behalf of others, legal, equitable, regulatory, governmental or of any other type or in any other capacity.

(e)     "Claim Form" means the form, substantially in the form attached hereto as Exhibit 2 to Exhibit A, that a Claimant must complete and submit should that Claimant seek to share in a distribution of the Net Settlement Fund.

(f)     "Claimant" means a person or entity who or that submits a Claim Form to the Claims Administrator seeking to be eligible to share in the proceeds of the Settlement Fund.

(g)     "Claims Administrator" means Strategic Claims Services, the firm retained by Plaintiffs and Lead Counsel, subject to approval of the Court, to provide all notices approved by the Court to potential Class Members and to administer the Settlement.

(h)     "Class" means the Court-certified Class consisting of all persons and/or entities that purchased or otherwise acquired Alibaba ADS, or purchased call options or sold put options on Alibaba ADS, during the period September 19, 2014 through January 28, 2015, inclusive (the "Class Period"), other than those shares purchased directly in the September 19, 2014 Initial Public Offering.   Excluded from the Class are: (a) persons who suffered no compensable losses; and (b) Defendants; the present and former officers and directors of Alibaba at all relevant times; members of their Immediate Families and their legal representatives, heirs,

successors, or assigns, and any entity in which any of the Defendants, or any person excluded under this subsection (b), has or had a majority ownership interest at any time.  Also excluded from the Class are any persons and entities who or that submits a request for exclusion that is accepted by the Court.

(i)      "Class Distribution Order" means an order entered by the Court authorizing and directing that the Net Settlement Fund be distributed, in whole or in part, to Authorized Claimants.

(j)      "Class Member" means each person and entity who or that is a member of the Class.

(k)      "Court" means the United States District Court for the Southern District of New York.

(l)      "Defendants' Counsel" means Simpson Thacher & Bartlett LLP.

(m)      "Defendants' Releasees" means (i) Alibaba, its past, present and future, direct or indirect, parent entities, associates, affiliates, and subsidiaries, each and all of their respective past, present, and future directors, officers, partners, stockholders, predecessors, successors and employees, and in their capacity as such, each and all of their underwriters, advisors, attorneys (including Defendants' Counsel), auditors, consultants, trustees, insurers, co-insurers, reinsurers, representatives, and assigns; (ii) the Individual Defendants and their respective present, past and future members of their Immediate Families; (iii) any and all persons, firms, trusts, corporations, and other entities in which any of the Defendants or any past, present, and future directors or officers of Alibaba has a financial interest or was a sponsor, founder, settler or creator of the entity, and, in their capacity as such, any and all officers, directors, employees, trustees, beneficiaries, settlers, creators, attorneys, consultants, agents, or

representatives of any such person, firm, trust, corporation or other entity; and (iv) in their capacity as such, the legal representatives, heirs, executors, administrators, predecessors, successors, predecessors-in-interest, successors-in-interest, and assigns of any of the foregoing.

      (n)    "Effective Date" with respect to the Settlement means the first date by which all of the events and conditions specified in ¶ 33 of this Stipulation have been met and have occurred or have been waived.

      (o)    "Escrow Account" means an interest-bearing account established by the Escrow Agent at The Huntington National Bank, a financial institution into which the Settlement Amount shall be transferred and held, subject to the Court's supervisory authority and under the control of the Escrow Agent.

      (p)    "Escrow Agent" means The Huntington National Bank.

      (q)    "Escrow Agreement" means the agreement between Lead Counsel and the Escrow Agent setting forth the terms under which the Escrow Agent shall maintain the Escrow Account.

      (r)    "Final," with respect to the Judgment or, if applicable, the Alternate Judgment, or any other court order, means: (i) if no appeal is filed, the expiration date of the time provided for filing or noticing any appeal under the Federal Rules of Appellate Procedure, *i.e.*, thirty (30) calendar days after entry of the judgment or order; or (ii) if there is an appeal from the judgment or order, (a) the date of final dismissal of all such appeals, or the final dismissal of any proceeding on certiorari or otherwise, or (b) the date the judgment or order is finally affirmed on an appeal, the expiration of the time to file a petition for a writ of certiorari or other form of review, or the denial of a writ of certiorari or other form of review, and, if certiorari or other form of review is granted, the date of final affirmance following review pursuant to that grant.

However, any appeal or proceeding seeking subsequent judicial review pertaining solely to an order with respect to (i) attorneys' fees, costs or expenses, or (ii) the plan of allocation of Settlement proceeds (as submitted or subsequently modified) shall not in any way delay or preclude a judgment from becoming Final.

(s)     "Immediate Family" means present, past and future children, parents, spouses, siblings, grandparents, grandchildren, mothers-in-law, fathers-in-law, sons-in-law, daughters-in-law, brothers-in-law, and sisters-in-law, all of which include step and adoptive relationships.  As used in this paragraph, "spouse" shall mean a husband, a wife, or a partner in a state-recognized domestic relationship or civil union.

(t)     "Judgment" means the judgment, substantially in the form attached hereto as Exhibit B, to be entered by the Court approving the Settlement.

(u)     "Lead Counsel" means The Rosen Law Firm, P.A.

(v)     "Litigation Expenses" means costs and expenses incurred by Plaintiffs and Plaintiffs' Counsel in connection with commencing, prosecuting and settling the MDL Action (which may include reimbursement of time and expenses awarded by the Court to Plaintiffs for serving as Class Representatives on behalf of the Class), for which Lead Counsel intends to apply to the Court for reimbursement from the Settlement Fund.

(w)     "Net Settlement Fund" means the Settlement Fund less: (i) any Taxes; (ii) any Notice and Administration Costs; (iii) any Litigation Expenses awarded by the Court; and (iv) any attorneys' fees awarded by the Court.

(x)     "Notice" means the Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Settlement Hearing; and (III) Motion for an Award of Attorneys' Fees and

Reimbursement of Litigation Expenses, substantially in the form attached hereto as Exhibit 1 to Exhibit A, which is to be disseminated to Class Members in the manner ordered by the Court.

(y)     "Notice and Administration Costs" means the costs, fees and expenses that are incurred by the Claims Administrator and/or Lead Counsel in connection with: (i) providing notices to the Class; and (ii) administering the Settlement, including but not limited to processing Submitted Claims, as well as the costs, fees and expenses incurred in connection with the Escrow Account.  Such costs and expenses shall include, without limitation, the actual costs of printing and mailing or of emailing the Notice, publishing the Summary Notice, reimbursements to nominee owners for forwarding the Notice to their beneficial owners, the administrative expenses incurred and fees charged by the Claims Administrator in connection with providing notice, administering the Settlement (including processing the Submitted Claims), and the fees, if any, of the Escrow Agent.

(z)     "Parties" means Defendants and Plaintiffs, on behalf of themselves and the Class.

(aa)     "Plaintiffs' Counsel" means Lead Counsel and Glancy Prongay & Murray LLP, MoloLamken LLP and Levy Korsinsky LLP who, at the direction and under the supervision of Lead Counsel, performed services on behalf of the Class in the MDL Action.

(bb)     "Plaintiffs' Releasees" means Plaintiffs, all other plaintiffs in the MDL Action, their respective attorneys, and all other members of the Class, and each of their respective parent entities, associates, affiliates, subsidiaries, predecessors, successors, assigns, attorneys, current and former officers and directors, employees, Immediate Family members, heirs, representatives, administrators, executors, devisees, legatees, and estates.

(cc)  "Plan of Allocation" means the proposed plan of allocation of the Net Settlement Fund set forth in the Notice.

(dd)  "Preliminary Approval Order" means the order, substantially in the form attached hereto as Exhibit A, to be entered by the Court preliminarily approving the Settlement and directing that notice of the Settlement be provided to the Class.

(ee)  "PSLRA" means the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, as amended.

(ff)  "Released Claims" means all Released Defendants' Claims and all Released Plaintiffs' Claims.

(gg)  "Released Defendants' Claims" means any and all Claims, including Unknown Claims, that arise out of or relate in any way to the institution, prosecution or settlement of the claims asserted in MDL Action.  Released Defendants' Claims do not include any claims relating to the enforcement of the Settlement or any claims against any person or entity who or that submits a request for exclusion from the Class that is accepted by the Court.

(hh)  "Released Plaintiffs' Claims" means any and all Claims, including Unknown Claims, that have been, could have been, or in the future can or might be asserted in any federal, state or foreign court, tribunal, forum or proceeding by or on behalf of any of Plaintiffs' Releasees against any one or more of the Defendants' Releasees, regardless of whether any such Defendants' Releasee was named, served with process, or appeared in the MDL Action, that directly or indirectly arise out of or relate to (i) any of the allegations, acts, transactions, facts, events, matters, occurrences, representations or omissions involved, set forth, alleged or referred to, in the MDL Action, or that could have been alleged in the MDL Action, and (ii) arise out of, are based upon, or relate to in any way the purchase, acquisition, holding,

sale, or disposition of any Alibaba Securities during the Class Period.  Released Plaintiffs' Claims do not include (i) any claims to enforce the terms of the Settlement; or (ii) any claims of any person or entity who or that submits a request for exclusion that is accepted by the Court.

(ii)     "Releasee(s)" means each and any of the Defendants' Releasee(s) and each and any of the Plaintiffs' Releasee(s).

(jj)     "Releases" means the releases set forth in ¶¶ 5-6 of this Stipulation.

(kk)    "Settlement" means the settlement between Plaintiffs and Defendants on the terms and conditions set forth in this Stipulation.

(ll)     "Settlement Amount" means two hundred and fifty million U.S. dollars (US$250,000,000).

(mm) "Settlement Fund" means the Settlement Amount plus any and all interest earned thereon.

(nn)    "Settlement Hearing" means the hearing set by the Court under Rule 23(e)(2) of the Federal Rules of Civil Procedure to consider final approval of the Settlement.

(oo)    "Submitted Claim" means a Claim Form that has been submitted by a Claimant to the Claims Administrator.

(pp)    "Summary Notice" means the Summary Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Settlement Hearing; and (III) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses, substantially in the form attached hereto as Exhibit 3 to Exhibit A, to be published as set forth in the Preliminary Approval Order.

(qq)    "Taxes" means: (i) all federal, state and/or local taxes of any kind (including any interest or penalties thereon) on any income earned by the Settlement Fund; (ii)

the expenses and costs incurred by Lead Counsel in connection with determining the amount of, and paying, any taxes owed by the Settlement Fund (including, without limitation, expenses of tax attorneys and accountants); and (iii) all taxes imposed on payments by the Settlement Fund, including withholding taxes.

(rr)   "Unknown Claims" means any Released Claims that any Plaintiff, any other Class Member, or any Defendants or any of the other Releasees, does not know or suspect to exist in his, her or its favor at the time of the release which, if known by him, her or it, might have affected his, her or its settlement with and release of any of the other Releasees, or might have affected his, her or its decision not to opt out or object to this Settlement.  With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date of the Settlement, Plaintiffs and Defendants shall expressly waive, and each of the other Class Members and Releasees shall be deemed to have waived, and by operation of the final judgment shall have waived, the provisions, rights and benefits of California Civil Code § 1542, which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

Plaintiffs and Defendants shall expressly waive, and each of the other Class Members and Releasees shall be deemed to have, and by operation of the final judgment shall have, expressly waived, any and all provisions, rights and benefits conferred by any law of any state, territory, foreign country or principle of common law, that is similar, comparable or equivalent to California Civil Code § 1542.  Plaintiffs, any other Class Member, Defendants, and their respective Releasees may hereafter discover facts in addition to or different from those that he, she or it now knows or believes to be true with respect to the subject matter of the Released

Claims, but the Parties stipulate and agree that, upon the Effective Date of the settlement, Plaintiffs and Defendants shall expressly waive, and each of the other Class Members and Releasees shall be deemed to have waived, and by operation of the final judgment shall have, fully, finally and forever settled and released, any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, that now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct that is negligent, intentional, with or without malice, or a breach of fiduciary duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts.  Plaintiffs and Defendants acknowledge, and each of the other Class Members and each of the other Releasees shall be deemed by operation of the final judgment to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement of which this release is a part.

## CLASS SETTLEMENT

2.      The MDL Action is being settled as a class action, contingent on Court approval, based on the Class certified by the Court on May 1, 2018 (Dkt. No. 56).

## PRELIMINARY APPROVAL OF SETTLEMENT

3.      Plaintiffs shall file a motion for preliminary approval of the Settlement, and attach a copy of the executed Stipulation, on April 29, 2019 between the hours of 10 a.m. and 11 a.m. Eastern Time.  Concurrently with the motion for preliminary approval, Lead Plaintiffs shall apply to the Court for, and Defendants shall agree to, entry of the Preliminary Approval Order, substantially in the form attached hereto as Exhibit A.  Defendants will not oppose the motion for preliminary approval of the Settlement or the scheduling of a hearing for consideration of final approval of the Settlement.

**RELEASE OF CLAIMS**

4.      The obligations incurred pursuant to this Stipulation are in consideration of: (i) the full and final disposition of the MDL Action as against Defendants; and (ii) the Releases provided for herein.

5.      Pursuant to the Judgment, or any Alternate Judgment, if applicable, without further action by anyone, upon the Effective Date of the Settlement, Plaintiffs' Releasees (regardless of whether any such person or entity ever seeks or obtains by any means, including without limitation by submitting a proof of claim, any disbursement from the Settlement) shall be deemed to have, and by operation of the final judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Plaintiffs' Claims against Defendants' Releasees, and shall have covenanted not to sue Defendants' Releasees with respect to all such Released Plaintiffs' Claims, and shall be permanently barred and enjoined from asserting, commencing, prosecuting, instituting, assisting, instigating, or in any way participating in the commencement or prosecution of any action or other proceeding, in any forum, asserting any Released Plaintiffs' Claim, either directly, representatively, derivatively, or in any other capacity, against any of Defendants' Releasees.  This release shall not apply to any person or entity who or that submits a request for exclusion from the Class that is accepted by the Court.

6.      Pursuant to the Judgment, or any Alternate Judgment, if applicable, without further action by anyone, upon the Effective Date of the Settlement, Defendants, on behalf of themselves, and each of their respective heirs, executors, administrators, predecessors, successors, assigns, parents, subsidiaries, affiliates, current and former officers and directors, agents, fiduciaries, beneficiaries or legal representatives, in their capacities as such, and any other person or entity legally entitled to bring Released Defendants' Claims on behalf of any

Defendant, in that capacity, shall be deemed to have, and by operation of the final judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Defendants' Claims against Plaintiffs' Releasees and shall have covenanted not to sue Plaintiffs' Releasees with respect to all such Released Defendants' Claims, and shall be permanently barred and enjoined from asserting, commencing, prosecuting, instituting, assisting, instigating, or in any way participating in the commencement or prosecution of any action or other proceeding, in any forum, asserting any Released Defendants' Claim, either directly, representatively, derivatively, or in any other capacity, against any of Plaintiffs' Releasees.  This release shall not apply to any person or entity who or that submits a request for exclusion from the Class that is accepted by the Court.

7.      Notwithstanding ¶¶ 5-6 above, nothing in the Judgment, or the Alternate Judgment, if applicable, shall bar any action by any of the Parties to enforce or effectuate the terms of this Stipulation or the Judgment, or any Alternate Judgment, if applicable.

## THE SETTLEMENT CONSIDERATION

8.      In consideration of the settlement of the Released Plaintiffs' Claims against Defendants' Releasees, Alibaba, on behalf of all Defendants' Releasees, shall cause to be paid the Settlement Amount into the Escrow Account no later than twenty (20) calendar days after: (a) the date of entry by the Court of an order preliminarily approving this Settlement; and (b) Defendants' Counsel's receipt from Lead Counsel of the information necessary to effectuate a transfer of funds to the Escrow Account, including wiring instructions that include the bank name and ABA routing number, account name and number, and a signed W-9 reflecting a valid taxpayer identification number for the qualified settlement fund in which the Settlement Amount is to be deposited.  No Defendant other than Alibaba shall pay, or be liable to pay, any part of the

Settlement Amount.  The Settlement Amount is an all-in settlement number, meaning that it includes all attorneys' fees, administrative costs, taxes, expenses, Class Member benefits, class representative awards, and costs of any kind associated with the resolution of the MDL Action. Under no circumstances shall Alibaba or any other Defendant be required to pay more than the Settlement Amount pursuant to this Stipulation.

## USE OF SETTLEMENT FUND

9.      The Settlement Fund shall be used to pay: (a) any Taxes; (b) any Notice and Administration Costs; (c) any Litigation Expenses awarded by the Court; and (d) any attorneys' fees awarded by the Court.  The balance remaining in the Settlement Fund, that is, the Net Settlement Fund, shall be distributed to Authorized Claimants as provided in ¶¶ 19-31 below.  At such time as it is determined that the re-distribution of funds remaining in the Net Settlement Fund is not cost-effective, the remaining balance shall be contributed to Memorial Sloan Kettering Cancer Center.

10.     Except as provided herein or pursuant to orders of the Court, the Net Settlement Fund shall remain in the Escrow Account until the Effective Date.  All funds held by the Escrow Agent shall be deemed to be in the custody of the Court and shall remain subject to the jurisdiction of the Court until such time as the funds shall be distributed or returned pursuant to the terms of this Stipulation and/or further order of the Court.  The Escrow Agent shall invest any funds in the Escrow Account exclusively in instruments or accounts backed by the full faith and credit of the United States Government or fully insured by the United States Government or an agency thereof, including U.S. Treasury bills, a U.S. Treasury Fund, or a bank account that is either (a) fully insured by the  the Federal Deposit Insurance Corporation ("FDIC") or (b) secured by instruments backed by the full faith and credit of the United States Government.  The

Escrow Agent shall reinvest the proceeds of these instruments or accounts as they mature in similar instruments or accounts at their then-current market rates.  Defendants shall not bear any responsibility for or liability related to the investment of the Settlement Fund by the Escrow Agent.

11.     The Parties agree that the Settlement Fund is intended to be a Qualified Settlement Fund within the meaning of Treasury Regulation § 1.468B-1 and that Lead Counsel, as administrator of the Settlement Fund within the meaning of Treasury Regulation § 1.468B-2(k)(3), shall be solely responsible for filing or causing to be filed all informational and other tax returns as may be necessary or appropriate (including, without limitation, the returns described in Treasury Regulation § 1.468B-2(k)) for the Settlement Fund.  Lead Counsel shall also be responsible for causing payment to be made from the Settlement Fund of any Taxes owed with respect to the Settlement Fund.  Defendants' Releasees shall not have any liability or responsibility whatsoever for any such Taxes or for the acts or omissions of Lead Counsel or its agents with respect to the payment of Taxes.  The Parties hereto agree to cooperate with the Escrow Agent, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of this paragraph 11.  Lead Counsel, as administrator of the Settlement Fund within the meaning of Treasury Regulation § 1.468B-2(k)(3), shall timely make such elections as are necessary or advisable to carry out this paragraph, including, as necessary, making a "relation back election," as described in Treasury Regulation § 1.468B-1(j), to cause the Qualified Settlement Fund to come into existence at the earliest allowable date, and shall take or cause to be taken all actions as may be necessary or appropriate in connection therewith.

12.     All Taxes shall be paid out of the Settlement Fund, and shall be timely paid by the Escrow Agent pursuant to the disbursement instructions to be set forth in the Escrow Agreement,

and without further order of the Court.  Any tax returns prepared for the Settlement Fund (as well as the election set forth therein) shall be consistent with the previous paragraph and in all events shall reflect that all Taxes on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided herein.  Defendants' Releasees shall not have any liability or responsibility whatsoever for any such Taxes.   Defendants' Releasees shall have no responsibility or liability whatsoever for the acts or omissions of Lead Counsel or its agents with respect to the payment of Taxes, as described herein.

13.   No opinion or advice concerning the tax consequences of the proposed Settlement to individual Class Members is being given or will be given by the Parties or their counsel; nor is any representation or warranty in this regard made by virtue of this Stipulation.  Each Class Member's tax obligations, and the determination thereof, are the sole responsibility of the Class Member, and it is understood that the tax consequences may vary depending on the particular circumstances of each individual Class Member.

14.   The Settlement is non-recapture, *i.e.*, it is not a claims-made settlement.  Upon the occurrence of the Effective Date, Alibaba shall not have any right to the return of the Settlement Fund or any portion thereof for any reason whatsoever, including without limitation, the number of Claim Forms submitted, the collective amount of recognized claims of Authorized Claimants, the percentage of recovery of losses, or the amounts to be paid to Authorized Claimants from the Net Settlement Fund.

15.   Notwithstanding the fact that the Effective Date of the Settlement has not yet occurred, the Escrow Agent may pay from the Settlement Fund, without further approval from Defendants or further order of the Court, all Notice and Administration Costs actually incurred and paid or payable.  In the event that the Settlement is terminated pursuant to the terms of this

Stipulation, all reasonable and necessary Notice and Administration Costs paid or incurred, including any related fees and Taxes, shall not be returned or repaid to Alibaba.

## **ATTORNEYS' FEES AND LITIGATION EXPENSES**

16.     Lead Counsel will apply to the Court for a collective award of attorneys' fees to Plaintiffs' Counsel to be paid by the Escrow Agent from (and out of) the Settlement Fund.  Lead Counsel also will apply to the Court for reimbursement of Litigation Expenses, which may include a request for reimbursement of Plaintiffs' costs and expenses, including time and/or lost wages incurred in prosecuting the MDL Action, directly related to their representation of the Class, to be paid by the Escrow Agent from (and out of) the Settlement Fund.  Defendants will take no position on Lead Counsel's application for an award of attorneys' fees and/or Litigation Expenses.  The attorneys' fees and Litigation Expenses that are awarded to Plaintiffs' Counsel shall be payable solely by the Escrow Agent from the Settlement Fund.  Defendants' Releasees shall not have any liability or responsibility whatsoever for any such attorneys' fees and Litigation Expenses that are awarded to Plaintiffs' Counsel.  An award of attorneys' fees and/or Litigation Expenses is not a necessary term of this Stipulation and is not a condition of the Settlement embodied herein.  Neither Plaintiffs nor Lead Counsel may cancel or terminate the Settlement based on this Court's or any appellate court's ruling with respect to attorneys' fees and/or Litigation Expenses.

17.     The first US$15 million of attorneys' fees and Litigation Expenses that are awarded by the Court shall be paid by the Escrow Agent to Lead Counsel within five (5) business days after the award, notwithstanding the existence of any timely filed objections thereto, or potential for appeal therefrom, or collateral attack on the Settlement or any part thereof, subject to Plaintiffs' Counsel's obligation to make appropriate refunds or repayments to

the Settlement Fund, plus accrued interest at the same net rate as is earned by the Settlement Fund, if the Settlement is terminated pursuant to the terms of this Stipulation or if, as a result of any appeal or further proceedings on remand, or successful collateral attack, the award of attorneys' fees and/or Litigation Expenses is reduced or reversed and such order reducing or reversing the award has become Final.  Plaintiffs' Counsel shall make the appropriate refund or repayment in full (including accrued interest) no later than twenty (20) calendar days after: (a) receiving from Defendants' Counsel notice of the termination of the Settlement; or (b) any order reducing or reversing the award of attorneys' fees and/or Litigation Expenses has become Final. The balance of the attorneys' fees and Litigation Expenses shall be paid by the Escrow Agent after the later of (a) the Effective Date; or (b) the finality of any appeals seeking to alter the award of attorneys' fees or expenses in the case.

18.     Lead Counsel shall allocate the attorneys' fees awarded amongst Plaintiffs' Counsel in a manner that it, in good faith, believes reflects the contributions of such counsel to the institution, prosecution and settlement of the MDL Action.  Defendants' Releasees shall have no responsibility for or liability whatsoever with respect to the allocation or award of attorneys' fees or Litigation Expenses.

### NOTICE AND SETTLEMENT ADMINISTRATION

19.     As part of the Preliminary Approval Order, Lead Plaintiffs shall seek appointment of the Claims Administrator.   The Claims Administrator shall administer the Settlement, including but not limited to the processes of providing notice to the Class and receiving, reviewing and approving or denying Submitted Claims, under Lead Counsel's supervision and subject to the jurisdiction of the Court.  Other than Alibaba's obligation to provide or cause to be provided records as provided in ¶ 20 below, none of Defendants' Releasees shall have any

involvement in or any responsibility, authority or liability whatsoever for the selection of the Claims Administrator, providing notice to the Class, the Plan of Allocation, the administration of the Settlement, the processing of Submitted Claims, or disbursement of the Net Settlement Fund, and shall have no liability whatsoever to any person or entity, including, but not limited to, Plaintiffs, any other Class Members or Plaintiffs' Counsel in connection with the foregoing. Defendants' Releasees shall take no position and have no involvement in the claims administration process.

20.     In accordance with the terms of the Preliminary Approval Order to be entered by the Court, Lead Counsel shall cause the Claims Administrator to mail or email the Notice and proof of claim form to those members of the Class as may be identified through reasonable effort.  Lead Counsel shall also cause the Claims Administrator to have the Summary Notice published in accordance with the terms of the Preliminary Approval Order to be entered by the Court.  For the purposes of identifying and providing notice to the Class, within ten (10) business days of the date of entry of the Preliminary Approval Order, Alibaba shall provide or cause to be provided to the Claims Administrator in electronic format (at no cost to the Settlement Fund, Lead Counsel or the Claims Administrator) its reasonably available shareholder lists (consisting of names and addresses) of the purchasers of Alibaba ADS during the Class Period.

21.     The Claims Administrator shall determine whether each Submitted Claim is valid, in whole or part, and, for each valid Submitted Claim, determine each Authorized Claimant's *pro rata* share of the Net Settlement Fund based upon each Authorized Claimant's recognized claim compared to the total recognized claims of all Authorized Claimants (as set forth in the Plan of Allocation set forth in the Notice attached hereto as Exhibit 1 to Exhibit A, or in such other plan of allocation as the Court approves).

22.     The Plan of Allocation proposed in the Notice is not a necessary term of the Settlement or of this Stipulation and it is not a condition of the Settlement or of this Stipulation that any particular plan of allocation be approved by the Court.  Plaintiffs and Lead Counsel may not cancel or terminate the Settlement (or this Stipulation) based on this Court's or any appellate court's ruling with respect to the Plan of Allocation or any other plan of allocation.  Defendants will take no position on the Plan of Allocation or any other plan of allocation.  No Defendants' Releasee shall have any involvement with or liability, obligation or responsibility whatsoever for the application of the Plan of Allocation.

23.     Any Class Member who does not submit a valid Claim Form will not be entitled to receive any distribution from the Net Settlement Fund, but will otherwise be bound by all of the terms of this Stipulation and this Settlement, including the terms of the Judgment or, the Alternate Judgment, if applicable, to be entered in the MDL Action in the event that the Effective Date occurs.

24.     Any Class Member seeking to exclude himself, herself or itself from the Class must timely submit records of all of his, her or its transactions in Alibaba Securities during the Class Period sufficient to calculate the amount of his, her or its losses as calculated under the Plan of Allocation.

25.     Lead Counsel shall be responsible for supervising the administration of the Settlement and the disbursement of the Net Settlement Fund subject to Court approval.  No Defendants' Releasee shall be permitted to contest or object to any Claim Form, or any decision of the Claims Administrator or Lead Counsel with respect to accepting or rejecting any Submitted Claim for payment by a Class Member.  Lead Counsel shall have the right, but not the

obligation, to waive what it deems to be formal or technical defects in any Claim Forms submitted in the interests of achieving substantial justice.

26.     For purposes of determining the extent, if any, to which a Class Member shall be entitled to be treated as an Authorized Claimant, the following conditions shall apply:

(a)     Each Class Member shall be required to submit a Claim Form, substantially in the form attached hereto as Exhibit 2 to Exhibit A, supported by such documents as are designated therein, including proof of the Claimant's loss, or such other documents or proof as the Claims Administrator or Lead Counsel, in their discretion, may deem acceptable;

(b)     All Claim Forms must be submitted by the date set by the Court in the Preliminary Approval Order and specified in the Notice.  Any Class Member who fails to submit a Claim Form by such date shall be forever barred from receiving any distribution from the Net Settlement Fund or payment pursuant to this Stipulation (unless by Order of the Court such Class Member's Claim Form is accepted), but shall in all other respects be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment or any Alternate Judgment, if applicable.  Provided that it is mailed by the claim-submission deadline, a Claim Form shall be deemed to be submitted when postmarked, if received with a postmark indicated on the envelope and if mailed by first-class mail and addressed in accordance with the instructions set forth in the Notice.  In all other cases, the Claim Form shall be deemed to have been submitted on the date on which it was actually received by the Claims Administrator;

(c)     Each Claim Form shall be submitted to and reviewed by the Claims Administrator who shall determine in accordance with this Stipulation and the plan of allocation the extent, if any, to which each Submitted Claim shall be allowed, subject to review by the Court pursuant to subparagraph (e) below as necessary;

(d)     Claim Forms that do not meet the submission requirements may be rejected.  Prior to rejecting a Submitted Claim in whole or in part, the Claims Administrator shall communicate with the Claimant in writing, either by mail or by email, to give the Claimant the chance to remedy any curable deficiencies in the Claim Form submitted.   The Claims Administrator shall notify, in a timely fashion and in writing, either by mail or by email, all Claimants whose Submitted Claim the Claims Administrator proposes to reject in whole or in part, setting forth the reasons therefor, and shall indicate in such notice that the Claimant whose Submitted Claim is to be rejected has the right to a review by the Court if the Claimant so desires and complies with the requirements of subparagraph (e) below; and

(e)     If any Claimant whose Submitted Claim has been rejected in whole or in part desires to contest such rejection, the Claimant must, within fourteen (14) calendar days after the date of mailing or emailing of the notice required in subparagraph (d) above, serve upon the Claims Administrator a notice and statement of reasons indicating the Claimant's grounds for contesting the rejection along with any supporting documentation, and requesting a review thereof by the Court.  If a dispute concerning a Submitted Claim cannot be otherwise resolved, Lead Counsel shall thereafter present the request for review to the Court.

27.     Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to the Claimant's Claim, and the Submitted Claim will be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided, however, that such investigation and discovery shall be limited to that Claimant's status as a Class Member and the validity and amount of the Claimant's Submitted Claim.  No discovery whatsoever shall be allowed on the merits of this MDL Action or of the Settlement in connection with the processing of Claim Forms.

28.     Lead Counsel will apply to the Court, on notice to Defendants' Counsel, for a Class Distribution Order: (a) approving the Claims Administrator's administrative determinations concerning the acceptance and rejection of the Submitted Claims; (b) approving payment of any administration fees and expenses associated with the administration of the Settlement from the Escrow Account; and (c) if the Effective Date has occurred, directing payment of the Net Settlement Fund to Authorized Claimants from the Escrow Account.

29.     Payment pursuant to the Class Distribution Order shall be final and conclusive against all Class Members.  All Class Members whose Submitted Claims are not approved by the Court for payment shall be barred from participating in distributions from the Net Settlement Fund, but otherwise shall be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment or Alternate Judgment, if applicable, to be entered in this MDL Action.

30.     No person or entity shall have any Claim against Plaintiffs, Plaintiffs' Counsel, the Claims Administrator or any other agent designated by Lead Counsel, any Defendants' Releasee, or Defendants' Counsel arising from distributions made substantially in accordance with the Stipulation, the plan of allocation approved by the Court, or any order of the Court. Plaintiffs and Defendants, and their respective counsel, and Plaintiffs' damages expert and all other Releasees shall have no liability whatsoever for the investment or distribution of the Settlement Fund or the Net Settlement Fund, the plan of allocation, or the determination, administration, calculation, or payment of any Submitted Claim or nonperformance of the Claims Administrator, the payment or withholding of taxes (including interest and penalties) owed by the Settlement Fund, or any losses incurred in connection therewith.

31.     All proceedings with respect to the administration, processing and determination of Submitted Claims and the determination of all controversies relating thereto, including disputed questions of law and fact with respect to the validity of Submitted Claims, shall be subject to the jurisdiction of the Court.  All Class Members and Parties to this Settlement expressly waive trial by jury (to the extent any such right may exist) and any right of appeal or review with respect to determinations related to Submitted Claims.

## TERMS OF THE JUDGMENT

32.     If the Settlement contemplated by this Stipulation is approved by the Court, Lead Counsel and Defendants' Counsel shall request that the Court enter a Judgment, substantially in the form attached hereto as Exhibit B.

## CONDITIONS OF SETTLEMENT AND EFFECT OF DISAPPROVAL, CANCELLATION OR TERMINATION

33.     The Effective Date of the Settlement shall be deemed to occur on the occurrence or waiver of all of the following events:

(a)     the Court has entered the Preliminary Approval Order, substantially in the form set forth in Exhibit A attached hereto, as required by ¶ 3 above;

(b)     the Settlement Amount has been deposited into the Escrow Account in accordance with the provisions of ¶ 8 above;

(c)     Defendants have not validly exercised their option to terminate the Settlement pursuant to the provisions of this Stipulation (including the Supplemental Agreement described in ¶ 37 below);

(d)     Plaintiffs have not validly exercised their option to terminate the Settlement pursuant to the provisions of this Stipulation;

(e)     the Court has approved the Settlement as described herein, following the period set forth for notice under the Class Action Fairness Act ("CAFA"), and following notice to the Class and a hearing, as prescribed by Rule 23 of the Federal Rules of Civil Procedure, and entered the Judgment or an Alternate Judgment; and

(f)     the Judgment or the Alternate Judgment, if applicable, has become Final.

34.     Upon the occurrence of all of the events referenced in ¶ 33 above, any and all remaining interest or right of Defendants in or to the Settlement Fund, if any, shall be absolutely and forever extinguished and the Releases herein shall be effective.

35.     If (i) Defendants exercise their right to terminate the Settlement as provided in this Stipulation; (ii) Plaintiffs exercise their right to terminate the Settlement as provided in this Stipulation; (iii) the Court disapproves the Settlement; or (iv) the Effective Date as to the Settlement otherwise fails to occur, then:

(a)     The Settlement and the relevant portions of this Stipulation shall be canceled and terminated.

(b)     Plaintiffs and Defendants shall revert to their respective positions in the MDL Action as of March 30, 2019.

(c)     The terms and provisions of this Stipulation, with the exception of this ¶ 35 and ¶¶ 15, 17, 39, and 60, shall have no further force and effect with respect to the Parties and shall not be used in the MDL Action or in any other proceeding for any purpose, and any Judgment, or Alternate Judgment, if applicable, or order entered by the Court in accordance with the terms of this Stipulation shall be treated as vacated, *nunc pro tunc*.

(d)     Within five (5) business days after joint written notification of termination is sent by Defendants' Counsel and Lead Counsel to the Escrow Agent, the Settlement Fund

(including accrued interest thereon and any funds received by Lead Counsel consistent with ¶ 17 above), less any reasonable and necessary Notice and Administration Costs actually incurred, paid or payable and less any Taxes paid, due or owing shall be refunded by the Escrow Agent to Alibaba.

36.     It is further stipulated and agreed that Plaintiffs, provided they unanimously agree, and Alibaba shall each have the right to terminate the Settlement and this Stipulation, by providing written notice of their election to do so ("Termination Notice") to the other Parties to this Stipulation within thirty (30) calendar days of: (a) the Court's refusal to enter the Preliminary Approval Order in any material respect; (b) the Court's final refusal to approve the Settlement or any material part thereof; (c) the Court's final refusal to enter the Judgment in any material respect as to the Settlement; or (d) the date on which the Judgment or Alternate Judgment, if applicable, is modified or reversed in any material respect by the United States Court of Appeals for the Second Circuit or the United States Supreme Court.  However, any decision or proceeding, whether in this Court or any appellate court, with respect to an application for attorneys' fees or reimbursement of Litigation Expenses or with respect to any plan of allocation shall not be considered material to the Settlement, shall not affect the finality of any Judgment or Alternate Judgment, if applicable, and shall not be grounds for termination of the Settlement.

37.     In addition to the grounds set forth in ¶ 36 above, Alibaba shall have the unilateral right to terminate the Settlement in the event that Class Members timely and validly requesting exclusion from the Class meet the conditions set forth in Alibaba's confidential supplemental agreement with Plaintiffs (the "Supplemental Agreement"), in accordance with the terms of that agreement (the "Opt-Out Threshold").  The Supplemental Agreement, which is being executed

concurrently herewith, shall not be filed with the Court and its terms shall not be disclosed in any other manner (other than the statements herein and in the Notice, to the extent necessary, or as otherwise provided in the Supplemental Agreement) unless and until the Court otherwise directs or a dispute arises between Plaintiffs and Alibaba concerning its interpretation or application, in which event the Parties shall submit the Supplemental Agreement to the Court *in camera* and request that the Court afford it confidential treatment.

38.     If Alibaba (or its designee(s) or successor(s)) does not pay or cause to be paid the Settlement Amount within the time specified in paragraph 8 of this Stipulation, then Lead Counsel, in its sole discretion, may elect, at any time prior to the Court entering the Judgment: (i) to terminate the Settlement by providing written notice to Defendants' Counsel; or (ii) to enforce the terms of the Settlement and this Stipulation and seek entry of a judgment effecting the terms in this Stipulation.

## NO ADMISSION OF WRONGDOING

39.     Neither the settlement term sheet executed by the parties (the "Settlement Term Sheet"), this Stipulation (whether or not consummated), including the exhibits hereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of the Settlement Term Sheet and this Stipulation, nor any proceedings taken pursuant to or in connection with the Settlement Term Sheet, this Stipulation and/or approval of the Settlement (including any arguments proffered in connection therewith):

(a)     shall be offered against any of Defendants' Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of Defendants' Releasees with respect to the truth of any fact alleged by Plaintiffs or the validity of

any Claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this MDL Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of Defendants' Releasees or in any way referred to for any other reason as against any of Defendants' Releasees, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation;

      (b)    shall be offered against any of Plaintiffs' Releasees, as evidence of, or construed as, or deemed to be evidence of any presumption, concession or admission by any of Plaintiffs' Releasees that any of their claims are without merit, that any of Defendants' Releasees had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault or wrongdoing of any kind, in any way referred to for any other reason as against any of Plaintiffs' Releasees, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation; or

      (c)    shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given hereunder represents the amount that could be or would have been recovered after trial;

*provided, however*, that if this Stipulation is approved by the Court, the Parties and the Releasees and their respective counsel may refer to it to effectuate the protections from liability granted hereunder or otherwise to enforce the terms of the Settlement.

## NOTICE AS REQUIRED BY CAFA

40.     Defendants shall be responsible for timely service of any notices that might be required pursuant to the Class Action Fairness Act, 28 U.S.C. § 1715.  Defendants shall provide a copy of such notices as well as proof of service of such notices to Lead Counsel.

## MISCELLANEOUS PROVISIONS

41.     All of the exhibits attached hereto are hereby incorporated by reference as though fully set forth herein.  Notwithstanding the foregoing, in the event that there exists a conflict or inconsistency between the terms of this Stipulation and the terms of any exhibit attached hereto, the terms of the Stipulation shall prevail.

42.     In the event of the entry of a final order of a court of competent jurisdiction determining the transfer of money to the Settlement Fund or any portion thereof by or on behalf of Defendants to be a preference, voidable transfer, fraudulent transfer or similar transaction and any portion thereof is required to be returned, and such amount is not promptly deposited into the Settlement Fund by others, then, at the election of Plaintiffs, Plaintiffs and Defendants shall jointly move the Court to vacate and set aside the Releases given and the Judgment or Alternate Judgment, if applicable, entered in favor of Defendants and the other Releasees pursuant to this Stipulation, in which event the releases and Judgment, or Alternate Judgment, if applicable, shall be null and void, and the Parties shall be restored to their respective positions in the litigation as provided in ¶ 35 above and any cash amounts in the Settlement Fund (less any Taxes paid, due or owing with respect to the Settlement Fund and less any Notice and Administration Costs actually incurred, paid or payable) shall be returned as provided in ¶ 35.

43.     The Parties intend this Stipulation and the Settlement to be a final and complete resolution of all disputes asserted or that could be asserted by Plaintiffs and any other Class

Members against all of Defendants' Releasees with respect to the Released Plaintiffs' Claims. Accordingly, Plaintiffs and their counsel and Defendants and their counsel agree not to assert in any forum that this MDL Action was frivolous, or was brought by Plaintiffs or defended by Defendants in bad faith or without a reasonable basis.  No Party shall assert any claims of any violation of Rule 11 of the Federal Rules of Civil Procedure, or other court rule or statute, relating to the institution, prosecution, defense, or settlement of this MDL Action.  The Parties agree that the amounts paid and the other terms of the Settlement were negotiated at arm's-length and in good faith by the Parties, including through a mediation process, and reflect the Settlement that was reached voluntarily after extensive negotiations and consultation with experienced legal counsel, who were fully competent to assess the strengths and weaknesses of their respective clients' claims or defenses.  The Parties agree to act in good faith and take all reasonably necessary actions to effectuate the terms of the Settlement.

44.     There will be no public announcements regarding the Settlement until Alibaba has announced or disclosed it.  Plaintiffs and Plaintiffs' Counsel and Defendants and Defendants' Counsel shall not make any accusations of wrongful or actionable conduct or bad faith by either Party concerning the prosecution, defense, and resolution of the MDL Action, and shall not otherwise suggest that the Settlement constitutes an admission of any claim or defense alleged.

45.     Plaintiffs and Plaintiffs' Counsel agree that they continue to be bound by the terms of the "Stipulation and Protective Order Regarding Confidential Information and Highly Confidential Information," entered on January 19, 2018 in the MDL Action (Dkt. 43), and further agree that within thirty (30) days from the Effective Date, they will "identify and destroy all[] Confidential Discovery Material and Highly Confidential Discovery Material, as applicable, including all copies thereof and material derived therefrom" (including, but not limited to

deposition transcripts, exhibits, and video and audio recordings) and that each Plaintiff and Plaintiffs' Counsel firm shall certify such destruction in writing by the aforementioned date.

46.     The terms of the Settlement, as reflected in this Stipulation, may not be modified or amended, nor may any of its provisions be waived except by a writing signed on behalf of Plaintiffs and Defendants (or their successors-in-interest).

47.     The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

48.     The administration and consummation of the Settlement as embodied in this Stipulation shall be under the authority of the Court, and the Court shall retain jurisdiction for the purpose of entering orders providing for awards of attorneys' fees and Litigation Expenses to Plaintiffs' Counsel and enforcing the terms of this Stipulation, including the Plan of Allocation (or such other plan of allocation as may be approved by the Court) and the distribution of the Net Settlement Fund to Class Members.

49.     The waiver by one Party of any breach of this Stipulation by any other Party shall not be deemed a waiver of any other prior or subsequent breach of this Stipulation.

50.     This Stipulation and its exhibits and the Supplemental Agreement constitute the entire agreement among Plaintiffs and Defendants concerning the Settlement and this Stipulation and its exhibits.  All Parties acknowledge that no other agreements, representations, warranties, or inducements have been made by any Party hereto concerning this Stipulation, its exhibits or the Supplemental Agreement other than those contained and memorialized in such documents.

51.     This Stipulation may be executed in one or more counterparts, including by signature transmitted via facsimile, or by a .pdf/.tif image of the signature transmitted via email. All executed counterparts and each of them shall be deemed to be one and the same instrument.

52.     This Stipulation shall be binding upon and inure to the benefit of the successors and assigns of the Parties, including any and all Releasees and any corporation, partnership, or other entity into or with which any Party hereto may merge, consolidate or reorganize.

53.     The construction, interpretation, operation, effect and validity of this Stipulation, the Supplemental Agreement and all documents necessary to effectuate it shall be governed by the internal laws of the State of New York without regard to conflicts of laws, except to the extent that federal law requires that federal law govern.

54.     Any action arising under or to enforce this Stipulation or any portion thereof, shall be commenced and maintained only in the Court.

55.     This Stipulation shall not be construed more strictly against one Party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Parties, it being recognized that it is the result of arm's-length negotiations between the Parties and all Parties have contributed substantially and materially to the preparation of this Stipulation.

56.     All counsel and any other person executing this Stipulation and any of the exhibits hereto, or any related Settlement documents, warrant and represent that they have the full authority to do so and that they have the authority to take appropriate action required or permitted to be taken pursuant to the Stipulation to effectuate its terms.

57.     Lead Counsel and Defendants' Counsel agree to cooperate fully with one another in seeking Court approval of the Preliminary Approval Order and the Settlement, as embodied in this Stipulation, and to use best efforts to promptly agree upon and execute all such other documentation as may be reasonably required to obtain final approval by the Court of the Settlement.

58.     If any Party is required to give notice to another Party under this Stipulation, such notice shall be in writing and shall be deemed to have been duly given upon receipt of hand delivery or facsimile or email transmission, with confirmation of receipt.   Notice shall be provided as follows:

    If to Plaintiffs or Lead Counsel:        The Rosen Law Firm, P.A.
                                                Attn:  Laurence Rosen, Esq.
                                                275 Madison Avenue, 34th Floor
                                                New York, NY 10016
                                                Telephone: (212) 686-1060
                                                Email: lrosen@rosenlegal.com
                                                      alibabasettlement@rosenlegal.com

    If to Defendants:                Simpson Thacher & Bartlett LLP
                                                Attn:  James G. Kreissman, Esq.
                                                    Stephen P. Blake, Esq.
                                                2475 Hanover Street
                                                Palo Alto, CA 94304
                                              Telephone: (650) 251-5000
                                              Email: jkreissman@stblaw.com
                                                sblake@stblaw.com

59.     Except as otherwise provided herein, each Party shall bear its own costs.

60.     Whether or not the Stipulation is approved by the Court and whether or not the Stipulation is consummated, or the Effective Date occurs, the Parties and their counsel shall use their best efforts to keep all negotiations, discussions, acts performed, agreements, drafts, and proceedings in connection with the Stipulation confidential.

61.     All agreements made and orders entered during the course of the MDL Action relating to the confidentiality of information shall survive this Settlement.

**IN WITNESS WHEREOF,** the Parties hereto have caused this Stipulation to be executed, by their duly authorized attorneys, as of April 26, 2019.

**SIMPSON THACHER & BARTLETT LLP**

By: _____

James G. Kreissman

2475 Hanover Street
Palo Alto, CA 94304
Telephone: (650) 251-5000
Facsimile: (650) 251-5002

*Counsel for Defendants Alibaba Group
Holding Limited, Jack Yun Ma, Joseph C. Tsai,
Jonathan Zhaoxi Lu, and Maggie Wei Wu*

**THE ROSEN LAW FIRM P.A.**

By: _____

Laurence Rosen

275 Madison Avenue, 34th Floor
New York, NY 10016
Telephone: (212) 686-1060
Facsimile: (212) 202-3827

*Lead Counsel for Plaintiffs and the Class*

**Exhibit A**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHRISTINE ASIA CO., LTD., et al., | No.: 1:15-md-02631-CM (SDA) |
| Plaintiffs, | Related cases: |
| v. | 1:15-cv-00759-CM |
| | 1:15-cv-00811-CM |
| JACK YUN MA, et al., | 1:15-cv-00991-CM |
| | 1:15-cv-01405-CM |
| Defendants. | 1:15-cv-05020-CM |
| | 1:15-cv-04991-CM |
| | 1:15-cv-05002-CM |

**[PROPOSED] ORDER PRELIMINARILY APPROVING
SETTLEMENT AND PROVIDING FOR NOTICE**

468423.1

WHEREAS, a class action is pending in this Court entitled *Christine Asia Co. Ltd. et al. v. Ma, et al.*, No. 15-md-02631-CM (SDA) (the "MDL Action")[1];

WHEREAS, by Order dated May 1, 2018, the Court certified the MDL Action to proceed as a class action on behalf of all persons and/or entities that purchased or otherwise acquired Alibaba Group Holding Limited ("Alibaba") American Depository Shares ("ADS"), or purchased call options or sold put options on Alibaba ADS, during the period September 19, 2014 through January 28, 2015, inclusive (the "Class Period"), other than those shares purchased directly in the September 19, 2014 Initial Public Offering (the "Class");[2]

WHEREAS, (a) lead plaintiffs William Tai and Christine Asia Co., Ltd. (collectively, "Lead Plaintiffs") and named plaintiffs Abel Amoros, Arthur Gabriel, Raymond Lee, and Gang Liu (together with Lead Plaintiffs, the "Plaintiffs"), on behalf of themselves and the Class (defined above), and (b) defendant Alibaba and defendants Jack Yun Ma, Joseph Tsai, Jonathan Zhaoxi Lu, and Maggie Wei Wu (collectively, the "Individual Defendants," together with Alibaba, the "Defendants," and together with Plaintiffs, the "Parties") have determined to settle all claims asserted against Defendants in the MDL Action with prejudice on the terms and conditions set forth in the Stipulation, subject to approval of this Court (the "Settlement");

---

[1] All capitalized terms used in this Order that are not otherwise defined herein shall have the meanings ascribed to them in the Stipulation and Agreement of Settlement dated April 26, 2019 (the "Stipulation").

[2] Excluded from the Class are: (a) persons who suffered no compensable losses; and (b) Defendants; the present and former officers and directors of Alibaba at all relevant times; members of their Immediate Families and their legal representatives, heirs, successors, or assigns, and any entity in which any of the Defendants, or any person excluded under this subsection (b), has or had a majority ownership interest at any time. Also excluded from the Class are any persons and entities who or that submit a request for exclusion that is accepted by the Court.

WHEREAS, Plaintiffs have made an application, pursuant to Rule 23 of the Federal Rules of Civil Procedure, for an order preliminarily approving the Settlement in accordance with the Stipulation and allowing notice to Class Members as more fully described herein; and

WHEREAS, the Court has read and considered: (a) Plaintiffs' motion for preliminary approval of the Settlement, and the papers filed and arguments made in connection therewith; and (b) the Stipulation and the exhibits attached thereto;

NOW THEREFORE, IT IS HEREBY ORDERED:

1.     **Preliminary Approval of the Settlement** – The Court hereby preliminarily approves the Settlement, as embodied in the Stipulation, as being fair, reasonable and adequate to the Class, subject to further consideration at the Settlement Hearing to be conducted as described below.

2.     **Settlement Hearing** – The Court will hold a settlement hearing (the "Settlement Hearing") on _____, 2019 at __:__ _.m. in Courtroom 24A, United States District Court for the Southern District of New York, Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, NY 10007, for the following purposes: (a) to determine whether the proposed Settlement on the terms and conditions provided for in the Stipulation is fair, reasonable and adequate to the Class, and should be approved by the Court; (b) to determine whether a Judgment substantially in the form attached as Exhibit B to the Stipulation should be entered dismissing the MDL Action with prejudice against Defendants; (c) to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable and should be approved; (d) to determine whether the motion by Lead Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses should be approved; and (e) to

consider any other matters that may properly be brought before the Court in connection with the Settlement.   Notice of the Settlement and the Settlement Hearing shall be given to Class Members as set forth in paragraph 4 of this Order.

3.      The Court may adjourn the Settlement Hearing without further notice to the Class, and may approve the proposed Settlement with such modifications as the Parties may agree to, if appropriate, without further notice to the Class.

4.      **Retention of Claims Administrator and Manner of Giving Notice** – Lead Counsel is hereby authorized to retain Strategic Claims Services (the "Claims Administrator") to supervise and administer the notice procedure in connection with the proposed Settlement as well as the processing of Claims as more fully set forth below.  Notice of the Settlement and the Settlement Hearing shall be given by Lead Counsel as follows:

(a)      within ten (10) business days of the date of entry of this Order, Alibaba shall provide or cause to be provided to the Claims Administrator in electronic format (at no cost to the Settlement Fund, Lead Counsel or the Claims Administrator) its reasonably available shareholder lists (consisting of names and addresses) of the purchasers of the Alibaba ADS during the Class Period;

(b)      not later than twenty (20) calendar days after the date of entry of this Order (the "Notice Date"), the Claims Administrator shall cause a copy of the Notice and the Claim Form, substantially in the forms attached hereto as Exhibits 1 and 2, respectively (the "Notice Packet"), to be mailed by first-class mail or emailed to potential Class Members at the addresses or email addresses set forth in the records provided to the Claims Administrator by Alibaba or in the records which Alibaba caused to be provided to the Claims Administrator, or who otherwise may be identified through further reasonable effort;

(c)     contemporaneously with the mailing and/or emailing of the Notice Packet, the Claims Administrator shall cause copies of the Notice and the Claim Form to be posted on a website to be developed for the Settlement, from which copies of the Notice and Claim Form can be downloaded;

(d)     not later than ten (10) business days after the Notice Date, the Claims Administrator shall cause the Summary Notice, substantially in the form attached hereto as Exhibit 3, to be published once in each of *Investor's Business Daily, Barron's*, *Futures*, and *The Wall Street Journal* and to be transmitted once over the *PR Newswire*; and

(e)     not later than seven (7) calendar days prior to the Settlement Hearing, Lead Counsel shall serve on Defendants' Counsel and file with the Court proof, by affidavit or declaration, of such mailing or emailing, and of publication.

5.     **Approval of Form and Content of Notice** – The Court (a) approves, as to form and content, the Notice, the Claim Form, and the Summary Notice, attached hereto as Exhibits 1, 2, and 3, respectively, and (b) finds that the mailing and distribution of the Notice and Claim Form and the publication of the Summary Notice in the manner and form set forth in paragraph 4 of this Order (i) is the best notice practicable under the circumstances; (ii) constitutes notice that is reasonably calculated, under the circumstances, to apprise Class Members of the pendency of the MDL Action, of the effect of the proposed Settlement (including the Releases to be provided thereunder), of Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses, of their right to object to the Settlement, the Plan of Allocation and/or Lead Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses, of their right to exclude themselves from the Class, and of their right to appear at the Settlement Hearing; (iii) constitutes due, adequate and sufficient notice to all persons and entities entitled to receive

notice of the proposed Settlement; and (iv) satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, as amended, and all other applicable laws and rules.  The date and time of the Settlement Hearing shall be included in the Notice and Summary Notice before they are mailed (or emailed) and published, respectively.

6.      **Nominee Procedures** – Brokers and other nominees who purchased or otherwise acquired Alibaba ADS or Alibaba call options or sold Alibaba put options during the period September 19, 2014 through January 28, 2015, inclusive, other than those shares purchased directly in the September 19, 2014 Initial Public Offering, for the benefit of another person or entity, shall (a) within seven (7) calendar days of receipt of the Notice, request from the Claims Administrator sufficient copies of the Notice Packet to forward to all such beneficial owners and within seven (7) calendar days of receipt of those Notice Packets forward them to all such beneficial owners; or (b) within seven (7) calendar days of receipt of the Notice, send a list of the names and addresses of all such beneficial owners to the Claims Administrator, in which event the Claims Administrator shall promptly mail the Notice Packet to such beneficial owners.  Upon full compliance with this Order, such nominees may seek reimbursement of their reasonable expenses actually incurred in complying with this Order, in an amount not to exceed $0.20 plus postage at the current pre-sort rate used by the Claims Administrator per Notice Packet; or $0.05 per Notice Packet transmitted by email; or $0.10 per name, mailing address, and email address (to the extent available) provided to the Claims Administrator, by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought.  Such properly documented expenses incurred by nominees in compliance with the terms

of this Order shall be paid from the Settlement Fund, with any disputes as to the reasonableness or documentation of expenses incurred subject to review by the Court.

7.      **Participation in the Settlement** – Class Members who wish to participate in the Settlement and be eligible to receive a distribution from the Net Settlement Fund must complete and submit a Claim Form in accordance with the instructions contained therein.  Unless the Court orders otherwise, all Claim Forms must be postmarked no later than one hundred and five (105) calendar days after the Notice Date.  Notwithstanding the foregoing, Lead Counsel may, at its discretion, accept for processing late Submitted Claims provided such acceptance does not delay the distribution of the Net Settlement Fund to the Class.  By submitting a Claim Form to the Claims Administrator (a "Submitted Claim"), a person or entity shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her or its Submitted Claim and the subject matter of the Settlement.

8.      Each Submitted Claim must satisfy the following conditions: (a) it must be properly completed, signed and submitted in a timely manner in accordance with the provisions of the preceding paragraph; (b) it must be accompanied by adequate supporting documentation for the transactions and holdings reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional and holding information found in a broker confirmation slip or account statement, or such other documentation as is deemed adequate by Lead Counsel or the Claims Administrator; (c) if the person executing the Claim Form is acting in a representative capacity, a certification of his, her or its current authority to act on behalf of the Class Member must be included in the Claim Form to the satisfaction of Lead Counsel or the Claims Administrator; and (d) the Claim Form must be

complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

9.      Any Class Member that does not timely and validly submit a Claim Form or whose Submitted Claim is not otherwise approved by the Court: (a) shall be deemed to have waived his, her or its right to share in the Net Settlement Fund; (b) shall be forever barred from participating in any distributions therefrom; and (c) shall be bound by the provisions of the Stipulation and the Settlement and all proceedings, determinations, orders and judgments in the MDL Action relating thereto, including, without limitation, the Judgment or Alternate Judgment. Notwithstanding the foregoing, late Claim Forms may be accepted for processing as set forth in paragraph 7 above.

10.     **Exclusion From the Class** – Any member of the Class who wishes to exclude himself, herself or itself from the Class must request exclusion in writing within the time and in the manner set forth in the Notice, which shall provide that: (a) any such request for exclusion from the Class must be mailed or delivered such that it is received no later than twenty-one (21) calendar days prior to the Settlement Hearing, by EXCLUSIONS–*Christine Asia Co. Ltd. et al. v. Jack Yun Ma et al.*, c/o Strategic Claims Services, P.O. 230, 600 N. Jackson Street, Suite 205, Media, PA 19063; and (b) each request for exclusion must (i) state the name, address, and telephone number of the person or entity requesting exclusion, and in the case of entities, the name and telephone number of the appropriate contact person; (ii) state that such person or entity "requests exclusion from the Class in *Christine Asia Co. Ltd. et al. v. Jack Yun Ma et al.*, Master File No. 15-md-02631-CM (SDA)"; (iii) state the number of shares of Alibaba ADS, Alibaba call options, and/or Alibaba put options that the person or entity requesting exclusion purchased, acquired, and/or sold during the Class Period, as well as the dates and prices of each such

purchase/acquisition and sale; (iv) provide adequate supporting documentation for the transactions for which the Class Member seeks exclusion in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional and holding information found in a broker confirmation slip or account statement, or such other documentation as is deemed adequate by Lead Counsel and Defendants' Counsel; and (v) be signed by the person or entity requesting exclusion or an authorized representative.  A request for exclusion shall not be effective unless it provides all the required information and documentation and is received within the time stated above, or is otherwise accepted by the Court.  The failure of any request for exclusion to contain all of the information necessary for the Parties or the Claims Administrator to determine the loss, if any, suffered by the individual or entity seeking such exclusion will constitute sufficient grounds to deny any such request for exclusion.

11.    Any person or entity who or which timely and validly requests exclusion in compliance with the terms stated in this Order and is excluded from the Class shall not be a Class Member, shall not be bound by the terms of the Settlement or any orders or judgments in the MDL Action and shall not receive any payment out of the Net Settlement Fund.

12.    Any Class Member who or which does not timely and validly request exclusion from the Class in the manner stated in this Order: (a) shall be deemed to have waived his, her or its right to be excluded from the Class; (b) shall be forever barred from requesting exclusion from the Class in this or any other proceeding; (c) shall be bound by the provisions of the Stipulation and Settlement and all proceedings, determinations, orders and judgments in the MDL Action, including, but not limited to, the Judgment or Alternate Judgment, if applicable, and the Releases provided for therein, whether favorable or unfavorable to the Class; and (d) will

be barred from commencing, maintaining or prosecuting any of the Released Plaintiffs' Claims against any of Defendants' Releasees, as more fully described in the Stipulation and the Notice.

13.     **Appearance and Objections at Settlement Hearing** – Any Class Member who does not request exclusion from the Class may enter an appearance in the MDL Action, at his, her or its own expense, individually or through counsel of his, her or its own choice, by filing with the Clerk of Court and delivering a notice of appearance to both Lead Counsel and Defendants' Counsel, at the addresses set forth in paragraph 14 below, such that it is received no later than twenty-one (21) calendar days prior to the Settlement Hearing, or as the Court may otherwise direct.  Any Class Member who does not enter an appearance will be represented by Lead Counsel.

14.     Any Class Member who does not request exclusion from the Class may file a written objection to the proposed Settlement, the proposed Plan of Allocation, and/or Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses and appear and show cause, if he, she or it has any cause, why the proposed Settlement, the proposed Plan of Allocation and/or Lead Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses should not be approved; *provided, however*, that no Class Member shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement, the proposed Plan of Allocation and/or the motion for attorneys' fees and reimbursement of Litigation Expenses unless that person or entity has filed a written objection with the Court and served copies of such objection on Lead Counsel and Defendants' Counsel at the addresses set forth below such that they are received no later than twenty-one (21) calendar days prior to the Settlement Hearing.

| **Lead Counsel** | **Defendants' Counsel** |
|---|---|
| The Rosen Law Firm P.A. | Simpson Thacher & Bartlett LLP |
| Laurence Rosen, Esq. | James G. Kreissman, Esq. |
| 275 Madison Avenue, 34th Floor | Stephen P. Blake, Esq. |
| New York, New York 10017 | 2475 Hanover Street |
| | Palo Alto, CA 94304 |

15.     Any objections, filings and other submissions by the objecting Class Member: (a) must state the name, address, and telephone number of the person or entity objecting and must be signed by the objector; (b) must contain a statement of the Class Member's objection or objections, and the specific reasons for each objection, including any legal and evidentiary support the Class Member wishes to bring to the Court's attention; and (c) must include documents sufficient to prove membership in the Class, including the number of shares of Alibaba ADS, Alibaba call options, and/or Alibaba put options that the Class Member purchased, acquired, and/or sold during the Class Period, as well as the dates and prices of each such purchase/acquisition and/or sale; (d) the name, address, and telephone number of all counsel who represent the Class Member, including former or current counsel who may be entitled to compensation in connection with the objection; (e) a statement confirming whether the Class Member and/or the Class Member's counsel plans to appear at the Settlement Hearing; (f) the name, address, and telephone number of any counsel that will appear at the Settlement Hearing; and (g) the number of times the Class Member filed an objection in the previous five years and the nature of each objection to each case in which the Class Member filed an objection in the previous five years.  Objectors who enter an appearance and desire to present evidence at the Settlement Hearing in support of their objection must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and any exhibits they intend to introduce into evidence at the hearing.

16.     Any Class Member who or which does not make his, her or its objection in the manner provided herein shall be deemed to have waived his, her or its right to object to any aspect of the proposed Settlement, the proposed Plan of Allocation, and Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses and shall be forever barred and foreclosed from objecting to the fairness, reasonableness or adequacy of the Settlement, the Plan of Allocation or the requested attorneys' fees and Litigation Expenses, or from otherwise being heard concerning the Settlement, the Plan of Allocation or the requested attorneys' fees and Litigation Expenses in this or any other proceeding.

17.     **Stay and Temporary Injunction** – Until otherwise ordered by the Court, the Court stays all proceedings in the MDL Action other than proceedings necessary to carry out or enforce the terms and conditions of the Stipulation.  Pending final determination of whether the Settlement should be approved, the Court bars and enjoins Plaintiffs, and all other members of the Class, from commencing or prosecuting any and all of the Released Plaintiffs' Claims against each and all of Defendants' Releasees.

18.     **Settlement Administration Fees and Expenses** – All reasonable costs incurred in identifying Class Members and notifying them of the Settlement as well as in administering the Settlement shall be paid as set forth in the Stipulation without further order of the Court.

19.     **Settlement Fund** – The contents of the Settlement Fund held by The Huntington National Bank (which the Court approves as the Escrow Agent), shall be deemed and considered to be *in custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as they shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

20.     **Taxes** – Lead Counsel is authorized and directed to prepare any tax returns and any other tax reporting form for or in respect to the Settlement Fund, to pay from the Settlement Fund any Taxes owed with respect to the Settlement Fund, and to otherwise perform all obligations with respect to Taxes and any reporting or filings in respect thereof without further order of the Court in a manner consistent with the provisions of the Stipulation.

21.     **Termination of Settlement** – If the Settlement is terminated as provided in the Stipulation, the Settlement is not approved, or the Effective Date of the Settlement otherwise fails to occur, this Order shall be vacated, rendered null and void and be of no further force and effect, except as otherwise provided by the Stipulation, and this Order shall be without prejudice to the rights of Plaintiffs, the other Class Members and Defendants, and the Parties shall revert to their respective positions in the MDL Action as of March 30, 2019, as provided in the Stipulation.

22.     **Use of this Order** – Neither this Order, the Settlement Term Sheet, the Stipulation (whether or not the Settlement is consummated), including the exhibits thereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of the Settlement Term Sheet and the Stipulation, nor any proceedings taken pursuant to or in connection with the Settlement Term Sheet, the Stipulation and/or approval of the Settlement (including any arguments proffered in connection therewith):  (a) shall be offered against any of Defendants' Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of Defendants' Releasees with respect to the truth of any fact alleged by Plaintiffs or the validity of any Claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this MDL Action or in any other litigation, or of any liability,

negligence, fault, or other wrongdoing of any kind of any of Defendants' Releasees or in any way referred to for any other reason as against any of Defendants' Releasees, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; (b) shall be offered against any of the Plaintiffs' Releasees, as evidence of, or construed as, or deemed to be evidence of any presumption, concession or admission by any of the Plaintiffs' Releasees that any of their claims are without merit, that any of Defendants' Releasees had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Plaintiffs' Releasees, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; or (c) shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given under the Settlement represents the amount which could be or would have been recovered after trial; *provided, however*, that if the Stipulation is approved by the Court, the Parties and the Releasees and their respective counsel may refer to it to effectuate the protections from liability granted thereunder or otherwise to enforce the terms of the Settlement.

23.     **Supporting Papers** – Lead Counsel shall file and serve the opening papers in support of the proposed Settlement, the Plan of Allocation, and Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses no later than thirty-five (35) calendar days prior to the Settlement Hearing; and reply papers, if any, shall be filed and served no later than seven (7) calendar days prior to the Settlement Hearing.

24.     The Court retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.

SO ORDERED this _____ day of _____, 2019.


_____
The Honorable Colleen McMahon
United States District Judge

**Exhibit A-1**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHRISTINE ASIA CO., LTD., et al., | No.: 1:15-md-02631-CM (SDA) |
| Plaintiffs, | Related cases: |
| | 1:15-cv-00759-CM |
| | 1:15-cv-00811-CM |
| v. | 1:15-cv-00991-CM |
| | 1:15-cv-01405-CM |
| JACK YUN MA, et al., | 1:15-cv-05020-CM |
| | 1:15-cv-04991-CM |
| Defendants. | 1:15-cv-05002-CM |

### NOTICE OF (I) PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT; (II) SETTLEMENT HEARING; AND (III) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES

*A Federal Court authorized this Notice.  This is not a solicitation from a lawyer.*

**NOTICE OF PENDENCY OF CLASS ACTION:**  Please be advised that your rights may be affected by the above-captioned securities class action (the "MDL Action") pending in the United States District Court for the Southern District of New York (the "Court"), if you purchased or otherwise acquired Alibaba Group Holding Limited ("Alibaba") American Depository Shares ("ADS"), or purchased call options or sold put options on Alibaba ADS, during the period September 19, 2014 through January 28, 2015, inclusive (the "Class Period"), other than those shares purchased directly in the September 19, 2014 Initial Public Offering (the "Class").[4]

**NOTICE OF SETTLEMENT:**   Please also be advised that the Court-appointed Class Representatives William Tai, Christine Asia Co., Ltd., Abel Amoros, Arthur Gabriel, Raymond Lee, and Gang Liu (collectively "Plaintiffs"), on behalf of themselves and the Class (as defined in ¶ 26 below), have reached a proposed settlement of the MDL Action for $250,000,000 that, if approved, will resolve all claims in the MDL Action (the "Settlement").

The MDL Action is separate from a class action that was filed on behalf of Alibaba securities purchasers in California Superior Court, San Mateo County, that alleged violations of a different federal statute. That state court action was separately settled through a stipulation of settlement dated December 28, 2018, with final court approval anticipated in May 2019.  *Participation in the settlement of the state court action does not preclude participation in this Settlement*.

---

[4]   All capitalized terms used in this Notice that are not otherwise defined herein shall have the meanings ascribed to them in the Stipulation and Agreement of Settlement dated April 26, 2019 (the "Stipulation"), which is available at www.AlibabaSettlement.com.

**PLEASE READ THIS NOTICE CAREFULLY.  This Notice explains important rights you may have, including the possible receipt of proceeds from the Settlement.  If you are a member of the Class, your legal rights will be affected if you do not act.**

**If you have any questions about this Notice, the proposed Settlement, or your eligibility to participate in the Settlement, please DO NOT contact Alibaba, any other defendants in the MDL Action, or their counsel.  All questions should be directed to Lead Counsel or the Claims Administrator (*see* ¶ 67 below).**

1.  **Description of the MDL Action and the Class:**  This Notice relates to a proposed Settlement of claims in a pending securities class action brought by investors alleging, among other things, that defendants Alibaba, Jack Yun Ma ("Ma"), and Joseph Tsai ("Tsai"), Jonathan Zhaoxi Lu ("Lu"), and Maggie Wei Wu ("Wu") (collectively, the "Defendants")[5] violated the federal securities laws by making false and misleading statements and omissions in the Registration Statement for Alibaba's September 19, 2014 Initial Public Offering ("IPO"). A more detailed description of the MDL Action is set forth in paragraphs 11-25 below.  The proposed Settlement, if approved by the Court, will settle claims of the Class, as defined in paragraph 26 below.

2.  **Statement of the Class's Recovery:**  Subject to Court approval, Plaintiffs, on behalf of themselves and the Class, have agreed to settle the MDL Action in exchange for a settlement payment of $250,000,000 (the "Settlement Amount") to be deposited into an escrow account. The Net Settlement Fund (*i.e.*, the Settlement Amount plus any and all interest earned thereon (the "Settlement Fund") less (a) any Taxes, (b) any Notice and Administration Costs, (c) any Litigation Expenses awarded by the Court, and (d) any attorneys' fees awarded by the Court) will be distributed in accordance with a plan of allocation that is approved by the Court, which will determine how the Net Settlement Fund shall be allocated among members of the Class. The proposed plan of allocation (the "Plan of Allocation") is set forth on pages 14-27 below.

3.  **Estimate of Average Amount of Recovery Per Share:**  Plaintiffs' damages expert estimates that approximately 397,299,879 shares of Alibaba ADS and 82,379,100 Alibaba call options[6] purchased, and 53,363,400 Alibaba put options sold, during the Class Period may have been affected by the conduct allegedly at issue in the MDL Action.  If all eligible Class Members elect to participate in the Settlement, the estimated average recovery would be approximately $0.57 per affected ADS, $0.14 per affected call option, and $0.24 per affected put option (before the deduction of any Court-approved fees, expenses and costs as described herein).  Class Members should note, however, that the foregoing is only an estimate.  Some Class Members may recover more or less than these estimated amounts depending on, among other factors, when and at what prices they purchased/acquired or sold/disposed of their Alibaba Securities, and the total number of valid Claim Forms submitted.  Distributions to Class Members will be made based on the Plan of Allocation set forth herein (*see* pages 14-27 below) or such other plan of

---

[5]   Defendants Ma, Tsai, Lu, and Wu are collectively referred to herein as the "Individual Defendants."

[6]   All options-related amounts in this paragraph are per share of the underlying security (*i.e.*, 1/100 of a contract).

allocation as may be ordered by the Court.

4. **Average Amount of Damages Per Share:**  The Parties do not agree on the average amount of damages per share that would be recoverable if Plaintiffs were to prevail in the MDL Action.  Among other things, Defendants do not agree with Plaintiffs' allegation that they violated the federal securities laws or that any damages were suffered by any members of the Class as a result of their alleged conduct.

5. **Attorneys' Fees and Expenses Sought:**  Plaintiffs' Counsel, which have been prosecuting the MDL Action on a wholly contingent basis since its inception in 2015, have not received any payment of attorneys' fees for their representation of the Class and have advanced the funds to pay expenses necessarily incurred to prosecute this MDL Action.  Court-appointed Lead Counsel, The Rosen Law Firm, P.A., will apply to the Court for an award of attorneys' fees for all Plaintiffs' Counsel in an amount not to exceed 25% of the Settlement Fund (which includes accrued interest).  In addition, Lead Counsel will apply for reimbursement of Litigation Expenses paid or incurred in connection with the institution, prosecution and resolution of the claims against the Defendants, in an amount not to exceed $5,000,000, which may include an application for award(s) sufficient to reimburse the reasonable costs and expenses incurred by Plaintiffs, including lost wages, directly related to their representation of the Class in an amount not to exceed $12,500 for each representative Plaintiff.  Any fees and expenses awarded by the Court will be paid from the Settlement Fund.  Class Members are not personally liable for any such fees or expenses.  If the maximum amounts are requested and the Court approves Lead Counsel's fee and expense application, the estimated average amount of fees and expenses, assuming claims are filed for all affected shares, call options, and put options will be approximately $0.15 per affected Alibaba ADS, $0.04 per affected call option, and $0.07 per affected put option.

6. **Identification of Class Counsel:**  Plaintiffs and the Class are represented by Laurence Rosen, Esq. of The Rosen Law Firm, P.A., 275 Madison Avenue, 34th Floor, New York, NY 10016, (212) 686-1060, alibabasettlement@rosenlegal.com.

7. **Reasons for the Settlement:**  Plaintiffs' principal reason for entering into the Settlement is the substantial immediate cash benefit for the Class without the risk or the delays inherent in further litigation.  Moreover, the substantial cash benefit provided under the Settlement must be considered against the significant risk that a smaller recovery – or indeed no recovery at all – might be achieved after contested motions, a trial of the MDL Action and the likely appeals that would follow a trial.  This process could be expected to last several years.  Defendants, who deny all allegations of wrongdoing or liability whatsoever, are entering into the Settlement solely to eliminate the uncertainty, burden and expense of further protracted litigation.

| YOUR LEGAL RIGHTS AND OPTIONS IN THE SETTLEMENT: | |
|---|---|
| **SUBMIT A CLAIM FORM POSTMARKED NO LATER THAN _____, 2019.** | This is the only way to be eligible to receive a payment from the Settlement Fund.  If you are a Class Member and you remain in the Class, you will be bound by the Settlement as approved by the Court and you will give up any Released Plaintiffs' Claims (defined in ¶ 35 below) that you have against Defendants' Releasees (defined in ¶ 36 below), so it |

| | is in your interest to submit a Claim Form. |
|---|---|
| **EXCLUDE YOURSELF FROM THE CLASS BY SUBMITTING A WRITTEN REQUEST FOR EXCLUSION SO THAT IT IS *RECEIVED* NO LATER THAN _____, 2019.** | If you exclude yourself from the Class, you will not be eligible to receive any payment from the Settlement Fund. Excluding yourself from the Class is the only option that allows you ever to be part of any other lawsuit against any of Defendants' Releasees concerning the Released Plaintiffs' Claims. |
| **OBJECT TO THE SETTLEMENT BY SUBMITTING A WRITTEN OBJECTION SO THAT IT IS *RECEIVED* NO LATER THAN _____, 2019.** | If you do not like the proposed Settlement, the proposed Plan of Allocation, or the request for attorneys' fees and reimbursement of Litigation Expenses, you may write to the Court and explain why you do not like them.  You cannot object to the Settlement, the Plan of Allocation or the fee and expense request unless you are a Class Member and do not exclude yourself from the Class. |
| **GO TO A HEARING ON _____, 2019 AT __:__ __.M., AND FILE AN OBJECTION AND A NOTICE OF INTENTION TO APPEAR SO THAT IT IS *RECEIVED* NO LATER THAN _____, 2019.** | Filing a written objection and notice of intention to appear by _____, 2019 allows you to speak in Court, at the discretion of the Court, about the fairness of the proposed Settlement, the Plan of Allocation, and/or the request for attorneys' fees and reimbursement of Litigation Expenses.  If you submit a written objection, you may (but you do not have to) attend the hearing and, at the discretion of the Court, speak to the Court about your objection. |
| **DO NOTHING.** | If you are a member of the Class and you do not submit a valid Claim Form, you will not be eligible to receive any payment from the Settlement Fund.  You will, however, remain a member of the Class, which means that you give up your right to sue about the claims that are resolved by the Settlement and you will be bound by any judgments or orders entered by the Court in the MDL Action. |

| **WHAT THIS NOTICE CONTAINS** |
|---|

Why Did I Get This Notice? .......................................... Page __

What Is This Case About? ........................................... Page __

How Do I Know If I Am Affected By The Settlement?

    Who Is Included In The Class? .................................. Page __

What Are Plaintiffs' Reasons For The Settlement? ................... Page __

What Might Happen If There Were No Settlement? ................... Page __

How Are Class Members Affected By The MDL Action

    And The Settlement? ........................................... Page __

How Do I Participate In The Settlement?  What Do I Need To Do? ..... Page __

How Much Will My Payment Be?                                                    Page __
What Payment Are The Attorneys For The Class Seeking?
  How Will The Lawyers Be Paid?                                       Page __
What If I Do Not Want To Be A Member Of The Class?
   How Do I Exclude Myself?                                      Page __
When And Where Will The Court Decide Whether To Approve The Settlement?
   Do I Have To Come To The Hearing?  May I Speak At The Hearing If I
   Don't Like The Settlement?                                     Page __
What If I Bought Shares On Someone Else's Behalf?                               Page __
Can I See The Court File?  Whom Should I Contact If I Have Questions?           Page __

| WHY DID I GET THIS NOTICE? |
|:---:|

8.     The Court directed that this Notice be mailed to you because you or someone in your family or an investment account for which you serve as a custodian may have purchased or otherwise acquired one or more shares of Alibaba ADS or call options on Alibaba ADS ("Alibaba Call Options"), or sold put options on Alibaba ADS ("Alibaba Put Options") during the Class Period.  The Court has directed us to send you this Notice because, as a potential Class Member, you have a right to know about your options before the Court rules on the proposed Settlement.  Additionally, you have the right to understand how this class action lawsuit may generally affect your legal rights.  If the Court approves the Settlement, and the Plan of Allocation (or some other plan of allocation), the claims administrator selected by Plaintiffs and approved by the Court will make payments pursuant to the Settlement after any objections and appeals are resolved.

9.     The purpose of this Notice is to inform you of the existence of this case, that it is a class action, how you might be affected, how to file a claim form, how to object to the Settlement, and how to exclude yourself from the Class if you wish to do so.  It is also being sent to inform you of the terms of the proposed Settlement, and of a hearing to be held by the Court to consider the fairness, reasonableness, and adequacy of the Settlement, the proposed Plan of Allocation and the motion by Lead Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses (the "Settlement Hearing").  *See* paragraph 58 below for details about the Settlement Hearing, including the date and location of the hearing.

10.    The issuance of this Notice is not an expression of any opinion by the Court concerning the merits of any claim in the MDL Action, and the Court still has to decide whether to approve the Settlement.  If the Court approves the Settlement and a plan of allocation, then payments to Authorized Claimants will be made after any appeals are resolved and after the completion of all claims processing.  Please be patient, as this process can take some time to complete.

| WHAT IS THIS CASE ABOUT? |
|:---:|

11.    Alibaba is a multinational conglomerate whose principal operations are based in China specializing in e-commerce, retail, Internet and technology, providing consumer-to-consumer (C2C), business-to-consumer (B2C), and business-to-business (B2B) sales services via web portals, as well as electronic payment services, shopping search engines, and cloud computing. The MDL Action arises out of alleged misrepresentations and omissions contained in the

Registration Statement for Alibaba's September 2014 IPO and made during the September 19, 2014 through January 28, 2015, inclusive (the "Class Period").

12. The MDL Action is the consolidation of several federal actions filed in January and February 2015. The Judicial Panel on Multidistrict Litigation centralized the actions in the United States District Court for the Southern District of New York, bearing the docket number 15-md-02631-CM (SDA).

13. On May 1, 2015, the Court entered an order appointing William Tai and Christine Asia Co., Ltd., as Lead Plaintiffs for the MDL Action pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"). The Court also approved Lead Plaintiffs' selection of The Rosen Law Firm, P.A. as Lead Counsel for the putative class.

14. On June 30, 2015, Lead Plaintiffs filed the Consolidated Class Action Complaint for Violation of the Federal Securities Laws (the "Complaint"), asserting claims under Section 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder. The Complaint alleges, *inter alia*, that Alibaba and the Individual Defendants violated the Exchange Act by failing to disclose the existence, content and significance of a July 16, 2014 administrative guidance meeting with Chinese authorities, and thus misrepresented the true state of Alibaba's business and operations, as well as the risks Alibaba was facing at the time of its September 2014 IPO and during the Class Period. The Complaint further alleges that, as a result of the alleged misrepresentations and omissions relating to the July 16, 2014 meeting, the price of Alibaba's ADS was artificially inflated during the Class Period. The Complaint also alleges that the July 16, 2014 meeting was later publicly disclosed through a document called the "White Paper Regarding the Administrative Guidance Provided to Alibaba Group" (the "White Paper"), which was published on January 28, 2015. Finally, the Complaint alleges that in response to this news, the price of Alibaba's ADS dropped $4.29 per share, causing investor losses.

15. On July 31, 2015, Defendants moved to dismiss the Complaint for failure to state a claim. Plaintiffs opposed Defendants' motion to dismiss, which was fully briefed on September 11, 2015.

16. On June 21, 2016, the Court entered an order dismissing the Complaint with prejudice, holding that Plaintiffs failed to state a claim under the Exchange Act.

17. On July 20, 2016, Lead Plaintiffs filed a notice of appeal to seek review of the Court's dismissal by the United States Court of Appeals for the Second Circuit. On December 5, 2017, the United States Court of Appeals for the Second Circuit issued an order reversing the Court's dismissal order, and remanded the MDL Action to the Court for further proceedings.

18. From February 2018 through March 2019, counsel for Plaintiffs and Defendants completed extensive fact and expert discovery. In total during the discovery period, Lead Plaintiffs propounded six sets of Requests for Production of Documents, four sets of written Interrogatories, and three sets of written Requests for Admissions upon Defendants. Lead Plaintiffs also served thirty-four (34) third-party subpoenas for production of documents on various third parties, including certain underwriters of the IPO, securities analysts, financial advisors, and public relations firms, in addition to a Freedom of Information Act request to the Securities and Exchange Commission. Over the course of the approximately one-year discovery period, Plaintiffs' Counsel reviewed more than 1.1 million pages of documents produced by

Defendants and third parties.  In July 2018, Plaintiffs took two Rule 30(b)(6) depositions of Defendant Alibaba over three days in Hong Kong.  Between October 2018 and January 2019, Plaintiffs took the depositions of twenty (20) Alibaba employees (19 of which were conducted in Hong Kong and one in New Zealand).  All but three of these depositions were conducted in Mandarin Chinese, taking two full business days to complete because of the extended time required for interpretation into English.  Plaintiffs' Counsel also took the depositions of two third-party witnesses (one in Hong Kong and one in New York).  In addition, each of the five (5) Class Representatives was deposed by Defendants (2 of the 5 were conducted in Hong Kong). Plaintiffs retained seven (7) experts to testify on the topics of Chinese administrative law, Chinese regulation and politics, e-commerce and counterfeiting, due diligence standards in the IPO underwriting process, scienter and stock sales, and loss causation and damages.  Defendants likewise retained seven (7) experts who rendered competing opinions.   The Parties had completed four expert depositions, were in the process of conducting two expert depositions, and all other expert depositions were scheduled at the time the Settlement was reached.

19.   On March 12, 2018, Plaintiffs filed and served their motion for class certification, together with the expert report of Dr. David Tabak regarding market efficiency.  Defendants filed a notice of non-opposition to class certification on April 30, 2018, and the Class was thus certified on May 1, 2018.  The Court entered an order appointing William Tai, Christine Asia Co., Ltd., Abel Amoros, Arthur Gabriel, Raymond Lee, and Gang Liu as Class Representatives and The Rosen Law Firm, P.A. as counsel for the Class.

20.   On June 1, 2018, Defendants filed their answer to the Complaint.

21.   In the fall of 2018, while Plaintiffs were actively pursuing fact discovery, the Parties agreed to participate in a private mediation.  The Parties selected former United States District Court Judge Layn R. Phillips to serve as mediator.  The Parties exchanged extensive mediation statements and exhibits that addressed, among other things, issues related to liability and damages which were submitted to Judge Phillips in advance of a full-day mediation session that occurred on September 6, 2018.  The session ended without any agreement being reached and the Parties continued with discovery.

22.   Following the close of fact discovery on February 1, 2019, the Parties agreed to engaged in another mediation session to re-visit whether a settlement could be reached, with Judge Phillips again serving as mediator.  The Parties exchanged detailed mediation statements and exhibits on the issues of liability and damages in advance of a full-day mediation session that occurred on March 22, 2019.  The session ended without an agreement to settle.  Following the mediation, however, Judge Phillips presented a mediator's recommendation, that the MDL Action be settled for $250,000,000.  The Parties thereafter accepted the mediator's proposal.

23.   Based upon their investigation and mediation of the case, Plaintiffs and Lead Counsel have concluded that the terms and conditions of this Stipulation are fair, reasonable and adequate to Plaintiffs and the other members of the Class, and in their best interests.  Based on Plaintiffs' direct oversight of the prosecution of this matter and with the advice of their counsel, Plaintiffs have agreed to settle and release the claims raised in the MDL Action pursuant to the terms and provisions of the Stipulation, after considering, among other things: (a) the substantial financial

benefit that Plaintiffs and the other members of the Class will receive under the proposed Settlement; and (b) the significant risks and costs of continued litigation and trial.

24.     Defendants are entering into the Stipulation solely to eliminate the uncertainty, burden and expense of further protracted litigation. Each of the Defendants denies any wrongdoing, and the Stipulation shall in no event be construed or deemed to be evidence of or an admission or concession on the part of any of Defendants' Releasees (defined in ¶ 36 below), with respect to any claim or allegation of any fault or liability or wrongdoing or damage whatsoever, or any infirmity in the defenses that Defendants have, or could have, asserted. Similarly, the Stipulation shall in no event be construed or deemed to be evidence of or an admission or concession on the part of any Plaintiff of any infirmity in any of the claims asserted in the MDL Action, or an admission or concession that any of the Defendants' defenses to liability had any merit.

25.     On _____, 2019, the Court preliminarily approved the Settlement, authorized this Notice to be disseminated to potential Class Members, and scheduled the Settlement Hearing to consider whether to grant final approval to the Settlement.

---

**HOW DO I KNOW IF I AM AFFECTED BY THE SETTLEMENT?
WHO IS INCLUDED IN THE CLASS?**

---

26.     If you are a member of the Class, you are subject to the Settlement, unless you timely request to be excluded.  The Class consists of:

> all persons and/or entities that purchased or otherwise acquired Alibaba ADS, or purchased call options or sold put options on Alibaba ADS between September 19, 2014 and January 28, 2015, inclusive, other than those shares purchased directly in the September 19, 2014 IPO.

Excluded from the Class are: (a) persons who suffered no compensable losses; and (b) Defendants; the present and former officers and directors of Alibaba at all relevant times; members of their Immediate Families and their legal representatives, heirs, successors, or assigns, and any entity in which any of the Defendants, or any person excluded under this subsection (b), has or had a majority ownership interest at any time.  Also excluded from the Class are any persons and entities who or that submit a request for exclusion that is accepted by the Court.  *See* "What If I Do Not Want To Be A Member Of The Class?  How Do I Exclude Myself," on page 27 below.

**PLEASE NOTE:  RECEIPT OF THIS NOTICE DOES NOT MEAN THAT YOU ARE A CLASS MEMBER OR THAT YOU WILL BE ENTITLED TO RECEIVE PROCEEDS FROM THE SETTLEMENT.  IF YOU ARE A CLASS MEMBER AND YOU WISH TO BE ELIGIBLE TO PARTICIPATE IN THE DISTRIBUTION OF PROCEEDS FROM THE SETTLEMENT, YOU ARE REQUIRED TO SUBMIT THE CLAIM FORM THAT IS BEING DISTRIBUTED WITH THIS NOTICE AND THE REQUIRED SUPPORTING DOCUMENTATION AS SET FORTH THEREIN POSTMARKED NO LATER THAN _____, 2019.**

**PLEASE ALSO NOTE THAT THE MDL ACTION IS SEPARATE FROM AN ACTION THAT HAD BEEN FILED IN CALIFORNIA SUPERIOR COURT, SAN MATEO**

**COUNTY, THAT ALLEGED VIOLATIONS OF DIFFERENT FEDERAL STATUTES. THAT STATE COURT ACTION WAS SEPARATELY SETTLED IN MAY 2019.**

| WHAT ARE PLAINTIFFS' REASONS FOR THE SETTLEMENT? |
| --- |

27.   Plaintiffs and Lead Counsel believe that the claims asserted against Defendants have merit.  They recognize, however, the expense and length of continued proceedings necessary to pursue their claims against Defendants through trial and appeals, as well as the very substantial risks they would face in establishing liability and damages.  Moreover, as to Plaintiffs' claims, Plaintiffs and Lead Counsel recognized that Defendants had numerous factual and legal defenses that could preclude any recovery.  For example, Defendants would assert that Plaintiffs could not prove the existence of materially false and misleading statements or omissions in the Registration Statement or made during the Class Period, and that even if Plaintiffs could prove the existence of such misleading statements or omissions, the statements were not made with the requisite state of mind to support the securities fraud claims alleged.  As a result, Plaintiffs faced the very real risk that a jury would conclude that statements alleged to be materially false and misleading were not;  and that the Defendants did not act with the requisite culpable mental state (which requires intent to defraud or recklessness).  Even if the hurdles to establishing liability were overcome, the amount of damages that could be attributed to the allegedly false statement would be hotly contested because Defendants have strongly challenged loss causation in this case, arguing that the January 28, 2015 price drop was due to the supposedly unprecedented method of disclosure of the White Paper rather than disclosure of the pre-IPO Chinese regulatory meeting at issue.  Plaintiffs would also have had to prevail at several other litigation stages, including summary judgment and trial, and if they prevailed on those, on the appeals that were likely to follow, in order to recover money for the Class.  In short, there were very significant risks attendant to the continued prosecution of the MDL Action, no guarantee that an amount greater than $250,000,000 would be recovered, or that there would be any recovery at all.

28.   In light of these risks, the amount of the Settlement and the immediacy of recovery to the Class, Plaintiffs and Lead Counsel believe that the proposed Settlement is fair, reasonable and adequate, and in the best interests of the Class.  Plaintiffs and Lead Counsel believe that the Settlement provides a substantial benefit to the Class, namely $250,000,000 (less the various deductions described in this Notice), as compared to the risk that the claims in the MDL Action would produce a smaller recovery, or no recovery at all, after summary judgment, trial and appeals, possibly years in the future.

29.   Defendants have denied the claims asserted against them in the MDL Action and deny having engaged in any wrongdoing or violation of law of any kind whatsoever.  Defendants have agreed to the Settlement solely to eliminate the burden and expense of continued litigation. Accordingly, the Settlement may not be construed as an admission of any wrongdoing by Defendants.

| WHAT MIGHT HAVE HAPPENED IF THERE WERE NO SETTLEMENT? |
| --- |

30.   If there were no Settlement and Plaintiffs failed to establish any essential legal or factual element of their claims against Defendants, neither Plaintiffs nor the other members of the Class would recover anything from Defendants.  Also, if Defendants were successful in proving any of

their defenses, either at summary judgment, at trial, or on appeal, the Class could recover substantially less than the amount provided in the Settlement, or nothing at all. Alternatively, Plaintiffs and the Class may have recovered more than the amount provided in the Settlement if they prevailed on all of the factual and legal elements of their claims.

| HOW ARE CLASS MEMBERS AFFECTED |
| :---: |
| BY THE MDL ACTION AND THE SETTLEMENT? |

31.   As a Class Member, you are represented by Plaintiffs and Lead Counsel, unless you enter an appearance through counsel of your own choice at your own expense. You are not required to retain your own counsel, but if you choose to do so, such counsel must file a notice of appearance on your behalf and must serve copies of his or her appearance on the attorneys listed in the section entitled, "When And Where Will The Court Decide Whether To Approve The Settlement?," below.

32.   If you are a Class Member and do not wish to remain a Class Member, you may exclude yourself from the Class by following the instructions in the section entitled, "What If I Do Not Want To Be A Member Of The Class? How Do I Exclude Myself?," below.

33.   If you are a Class Member and you wish to object to the Settlement, the Plan of Allocation, or Lead Counsel's application for attorneys' fees and reimbursement of Litigation Expenses, and if you do not exclude yourself from the Class, you may present your objections by following the instructions in the section entitled, "When And Where Will The Court Decide Whether To Approve The Settlement?," below.

34.   If you are a Class Member and you do not exclude yourself from the Class, you will be bound by any orders issued by the Court. If the Settlement is approved, the Court will enter a judgment (the "Judgment"). The Judgment will dismiss with prejudice the claims against Defendants and will provide that, upon the Effective Date of the Settlement, Plaintiffs' Releasees (as defined in ¶ 40 below and regardless of whether any such person ever seeks or obtains by any means, including without limitation by submitting a proof of claim, any disbursement from the Settlement) shall be deemed to have, and by operation of the final judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Plaintiffs' Claims (as defined in ¶ 35 below) against Defendants' Releasees (as defined in ¶ 36 below) and shall have covenanted not to sue Defendants' Releasees with respect to all such Released Plaintiffs' Claims, and shall be permanently barred and enjoined from asserting, commencing, prosecuting, instituting, assisting, instigating, or in any way participating in the commencement or prosecution of any action or other proceeding, in any forum, asserting any Released Plaintiffs' Claim, either directly, representatively, derivatively, or in any other capacity, against any of Defendants' Releasees. This release shall not apply to any person or entity who or that submits a request for exclusion from the Class that is accepted by the Court.

35.   "Released Plaintiffs' Claims" means any and all Claims, including Unknown Claims, that have been, could have been, or in the future can or might be asserted in any federal, state or foreign court, tribunal, forum or proceeding by or on behalf of any of Plaintiffs' Releasees (as defined in ¶ 40 below) against any one or more of the Defendants' Releasees (as defined in ¶ 36 below), regardless of whether any such Defendants' Releasee was named, served with process, or appeared in the MDL Action, that directly or indirectly arise out of or relate to (i) any of the

allegations, acts, transactions, facts, events, matters, occurrences, representations or omissions involved, set forth, alleged or referred to, in the MDL Action, or that could have been alleged in the MDL Action, and (ii) arise out of, are based upon, or related to in any way the purchase, acquisition, holding, sale, or disposition of any Alibaba Securities during the Class Period. Released Plaintiffs' Claims do not include: (i) any claims to enforce the terms of the Settlement; or (ii) any claims of any person or entity who or that submits a request for exclusion that is accepted by the Court.

36. "Defendants' Releasees" means (i) Alibaba, its past, present and future, direct or indirect, parent entities, associates, affiliates, and subsidiaries, each and all of their respective past, present, and future directors, officers, partners, stockholders, predecessors, successors and employees, and in their capacity as such, each and all of their underwriters, advisors, attorneys (including Defendants' Counsel), auditors, consultants, trustees, insurers, co-insurers, reinsurers, representatives, and assigns; (ii) the Individual Defendants and their respective present, past and future members of their Immediate Families; (iii) any and all persons, firms, trusts, corporations, and other entities in which any of the Defendants or any past, present, and future directors or officers of Alibaba has a financial interest or was a sponsor, founder, settler or creator of the entity, and, in their capacity as such, any and all officers, directors, employees, trustees, beneficiaries, settlers, creators, attorneys, consultants, agents, or representatives of any such person, firm, trust, corporation or other entity; and (iv) in their capacity as such, the legal representatives, heirs, executors, administrators, predecessors, successors, predecessors-in-interest, successors-in-interest, and assigns of any of the foregoing.

37. "Unknown Claims" means any Released Claims that any Plaintiff, any other Class Member, or any Defendants or any of the other Releasees, does not know or suspect to exist in his, her or its favor at the time of the release which, if known by him, her or it, might have affected his, her or its settlement with and release of any of the other Releasees, or might have affected his, her or its decision not to opt out or object to this Settlement. With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date of the Settlement, Plaintiffs and Defendants shall expressly waive, and each of the other Class Members and Releasees shall be deemed to have waived, and by operation of the final judgment shall have waived, the provisions, rights and benefits of California Civil Code §1542, which provides:

> A general release does not extend to claims which the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

Plaintiffs and Defendants shall expressly waive, and each of the other Class Members and Releasees shall be deemed to have, and by operation of the final judgment shall have, expressly waived, any and all provisions, rights and benefits conferred by any law of any state, territory, foreign country or principle of common law, that is similar, comparable or equivalent to California Civil Code §1542. Plaintiffs, any other Class Member, Defendants, and their respective Releasees may hereafter discover facts in addition to or different from those that he, she or it now knows or believes to be true with respect to the subject matter of the Released Claims, but the Parties stipulate and agree that, upon the Effective Date of the settlement, Plaintiffs and each of the Defendants shall expressly waive, and each of the other Class Members

and Releasees shall be deemed to have waived, and by operation of the final judgment shall have, fully, finally and forever settled and released, any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, that now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or breach of fiduciary duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts.  Plaintiffs and Defendants acknowledge, and each of the other Class Members and each of the other Releasees shall be deemed by operation of the final judgment to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement of which this release is a part.

38.   The Judgment will also provide that, upon the Effective Date of the Settlement, Defendants, on behalf of themselves, and each of their respective heirs, executors, administrators, predecessors, successors, assigns, parents, subsidiaries, affiliates, current and former officers and directors, agents, fiduciaries, beneficiaries or legal representatives, in their capacities as such, and any other person or entity legally entitled to bring Released Defendants' Claims (as defined in ¶ 39 below) on behalf of any Defendant, in that capacity, shall be deemed to have, and by operation of the final judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Defendants' Claims against Plaintiffs' Releasees (as defined in ¶ 40 below) and shall have covenanted not to sue Plaintiffs' Releasees with respect to all such Released Defendants' Claims, and shall be permanently barred and enjoined from asserting, commencing, prosecuting, instituting, assisting, instigating, or in any way participating in the commencement or prosecution of any action or other proceeding, in any forum, asserting any Released Defendants' Claim, either directly, representatively, derivatively, or in any other capacity, against any of Plaintiffs' Releasees.  This release shall not apply to any person or entity who or that submits a request for exclusion from the Class that is accepted by the Court.

39.   "Released Defendants' Claims" means any and all Claims, including Unknown Claims, that arise out of or relate in any way to the institution, prosecution or settlement of the claims asserted in the MDL Action.  Released Defendants' Claims do not include any claims relating to the enforcement of the Settlement or any claims against any person or entity who or that submits a request for exclusion from the Class that is accepted by the Court.

40.   "Plaintiffs' Releasees" means Plaintiffs, all other plaintiffs in the MDL Action, their respective attorneys, and all other members of the Class, and each of their respective parent entities, associates, affiliates, subsidiaries, predecessors, successors, assigns, attorneys, current and former officers and directors, employees, Immediate Family members, heirs, representatives, administrators, executors, devisees, legatees, and estates.

## HOW DO I PARTICIPATE IN THE SETTLEMENT?  WHAT DO I NEED TO DO?

41.   To be eligible for a payment from the proceeds of the Settlement, you must be a member of the Class and you must timely complete and return the Claim Form with adequate supporting documentation **postmarked no later than _____, 2019**.  A Claim Form is included with this Notice, or you may obtain one from the website maintained by the Claims Administrator for the Settlement, www.AlibabaSettlement.com, or you may request that a Claim Form be mailed to you by calling the Claims Administrator toll free at 1-XXX-XXX-XXXX.

Please retain all records of your ownership of and transactions in Alibaba ADS, Alibaba Call Options and/or Alibaba Put Options, as they may be needed to document your Claim. If you request exclusion from the Class or do not submit a timely and valid Claim Form, you will not be eligible to share in the Net Settlement Fund.

## HOW MUCH WILL MY PAYMENT BE?

42.   At this time, it is not possible to make any determination as to how much any individual Class Member may receive from the Settlement.

43.   Pursuant to the Settlement, Defendants have agreed to pay or caused to be paid two hundred and fifty million dollars ($250,000,000). The Settlement Amount will be deposited into an escrow account. The Settlement Amount plus any interest earned thereon is referred to as the "Settlement Fund." If the Settlement is approved by the Court and the Effective Date occurs, the "Net Settlement Fund" (that is, the Settlement Fund less (a) all federal, state and/or local taxes on any income earned by the Settlement Fund and the reasonable costs incurred in connection with determining the amount of and paying taxes owed by the Settlement Fund (including reasonable expenses of tax attorneys and accountants); (b) the costs and expenses incurred in connection with providing notice to Class Members and administering the Settlement on behalf of Class Members; and (c) any attorneys' fees and Litigation Expenses awarded by the Court) will be distributed to Class Members who submit valid Claim Forms, in accordance with the proposed Plan of Allocation or such other plan of allocation as the Court may approve.

44.   The Net Settlement Fund will not be distributed unless and until the Court has approved the Settlement and a plan of allocation, all Claim Forms are processed, and the time for any petition for rehearing, appeal or review, whether by certiorari or otherwise, has expired.

45.   Neither Alibaba nor any other person or entity that paid any portion of the Settlement Amount are entitled to get back any portion of the Settlement Fund once the Court's order or judgment approving the Settlement becomes Final. Defendants shall not have any liability, obligation or responsibility for the administration of the Settlement, the disbursement of the Net Settlement Fund or the plan of allocation.

46.   Approval of the Settlement is independent from approval of a plan of allocation. Any determination with respect to a plan of allocation will not affect the validity of the Settlement, if approved.

47.   Unless the Court otherwise orders, any Class Member who fails to submit a Claim Form postmarked on or before _____, 2019 shall be fully and forever barred from receiving payments pursuant to the Settlement but will in all other respects remain a Class Member and be subject to the provisions of the Stipulation, including the terms of any Judgment entered and the releases given. This means that each Class Member releases the Released Plaintiffs' Claims (as defined in ¶ 35 above) against Defendants' Releasees (as defined in ¶ 36 above) and will be enjoined and prohibited from filing, prosecuting, or pursuing any of the Released Plaintiffs' Claims against any Defendants' Releasee whether or not such Class Member submits a Claim Form.

48.   Participants in and beneficiaries of a plan covered by ERISA ("ERISA Plan") should NOT include any information relating to their transactions in Alibaba ADS, Alibaba Call Options and/or Alibaba Put Options held through the ERISA Plan in any Claim Form that they

may submit in this MDL Action.  They should include ONLY those shares that they purchased or acquired outside of the ERISA Plan.  Claims based on any ERISA Plan's purchases or acquisitions of Alibaba ADS, Alibaba Call Options and/or Alibaba Put Options during the Class Period may be made by the ERISA Plan's trustees.  To the extent any of the Defendants or any of the other persons or entities excluded from the Class are participants in the ERISA Plan, such persons or entities shall not receive, either directly or indirectly, any portion of the recovery that may be obtained from the Settlement by the ERISA Plan.

49.   The Court has reserved jurisdiction to allow, disallow, or adjust on equitable grounds the Claim of any Class Member.

50.   Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her or its Claim Form.

51.   Only Class Members will be eligible to share in the distribution of the Net Settlement Fund.  Persons and entities that are excluded from the Class by definition or that exclude themselves from the Class pursuant to request will not be eligible to receive a distribution from the Net Settlement Fund and should not submit Claim Forms.  Alibaba ADS or purchased Alibaba Call Options or sold Alibaba Put Options are the only securities that are included in the Settlement.

## PROPOSED PLAN OF ALLOCATION

52.   Plaintiffs' Plan of Allocation is a matter separate and apart from the proposed Settlement, and any decision by the Court concerning the Plan of Allocation shall not affect the validity or finality of the proposed Settlement.  The Court may approve the Plan of Allocation proposed by Plaintiffs with or without modifications agreed to among the parties, or may approve another plan of allocation, without further notice to Class Members.

The objective of the Plan of Allocation is to equitably distribute the Net Settlement Fund among Authorized Claimants based on their respective alleged economic losses as a result of the alleged fraud, as opposed to losses caused by market- or industry-wide factors, or Company-specific factors unrelated to the alleged fraud.  The Claims Administrator shall be responsible for making administrative determinations, subject to review by the Court, regarding whether Claimants' transactions qualify for payments from the Net Settlement Fund pursuant to the terms of the Stipulation.  The Claims Administrator shall determine each Authorized Claimant's share of the Net Settlement Fund based upon the Recognized Loss formulas described below.

A Recognized Loss will be calculated for each Alibaba ADS and call option contract purchased or otherwise acquired, and each put option contract sold, on a U.S. Exchange or in a transaction in the U.S. during the Class Period.  The calculation of Recognized Loss will depend upon several factors, including when the shares or call options were purchased or otherwise acquired or put options sold during the Class Period, and in what amounts, and whether those shares or call options were sold or put options repurchased, and if sold or repurchased, when they were sold or repurchased, and for what amounts.  The Recognized Loss is not intended to estimate the amount a Class Member might have been able to recover after a trial, nor to estimate the amount that will be paid to Authorized Claimants pursuant to the Settlement.  The Recognized Loss is the basis upon which the Net Settlement Fund will be proportionately allocated to the Authorized Claimants.  The Claims Administrator will use its best efforts to

administer and distribute the Net Settlement Fund to the extent that it is equitably and economically feasible.

The Plan of Allocation was created by Plaintiffs with the assistance of a consulting damages expert, and reflects the assumption that the price of Alibaba's ADSs was artificially inflated throughout the Class Period.  Defendants had no role in calculating the estimated alleged artificial inflation, and do not concede that any such artificial inflation existed.  The estimated alleged artificial inflation in the price of Alibaba's ADSs and options during the Class Period is reflected in Table 1 below.  The computation of the estimated alleged artificial inflation in the price of the shares during the Class Period is based on certain misrepresentations alleged by Plaintiffs and the price change in the shares, net of market- and industry-wide factors, in reaction to the public announcements that allegedly corrected the misrepresentations alleged by Plaintiffs.

Federal securities laws allow investors to recover for losses caused by disclosures that corrected the defendants' previous misleading statements or omissions.  Thus, in order to have been damaged by the alleged violations of the federal securities laws, Alibaba ADSs purchased on a U.S. Exchange or in a transaction in the U.S. during the Class Period must have been held during a period of time in which the price of the shares declined due to the disclosure of information that corrected an allegedly misleading statement or omission.  In conjunction with their experts, Plaintiffs and Lead Counsel have determined that such a price decline occurred in this case on January 27, 2015 (the "Corrective Disclosure Date").[7]  Accordingly, if an Alibaba ADS was sold before the Corrective Disclosure Date, the Recognized Loss for that share is $0.00, and any loss suffered is not compensable under the federal securities laws.

| Table 1 Artificial Inflation in Alibaba ADSs | | |
|---|---|---|
| **From** | **To** | **Per-Share Price Inflation** |
| 9/19/2014 | 1/27/2015 | $4.29 |
| 1/28/2015 | 1/28/2015 | *The lesser of*:<br><br>*(1)* The price of the transaction *minus* $98.45 (the closing price on 1/28/2015) and<br>*(2)* $4.29 (inflation on 1/27/2015) |
| 1/29/2015 | Thereafter | $0.00 |

The "90-day look back" provision of the Private Securities Litigation Reform Act of 1995 ("PSLRA") also is incorporated into the calculation of the Recognized Loss for Alibaba's ADSs. The limitations on the calculation of the Recognized Loss imposed by the PSLRA are applied

---

[7] The White Paper was published in China after the close of trading on January 27, 2015, with news of the White Paper first reported by *Bloomberg* in the U.S. at approximately 9:43 p.m. EST that evening.

such that losses on shares purchased during the Class Period and held as of the close of the 90-day period subsequent to the Class Period (the "90-Day Lookback Period") cannot exceed the difference between the purchase price paid for such shares and the average price of Alibaba's ADSs during the 90-Day Lookback Period.  The Recognized Loss on Alibaba's ADSs purchased during the Class Period and sold during the 90-Day Lookback Period cannot exceed the difference between the purchase price paid for such shares and the rolling average price of Alibaba's ADSs during the portion of the 90-Day Lookback Period elapsed as of the date of sale. Table 2 below contains the rolling average price of Alibaba's ADSs during the 90-Day Lookback Period.

In the calculations below, all purchase and sale prices shall exclude any fees, taxes, commissions or other adjustments. The "Total Recognized Loss" is the sum of all of a person or entity's Recognized Losses across all transactions in Alibaba Securities.  If the Total Recognized Loss is calculated to be a negative number, then that person or entity has no recognized loss. Any transactions in Alibaba's Securities executed outside of regular trading hours for the U.S. financial markets shall be deemed to have occurred during the next regular trading session, excluding after-market trades before 9:43 p.m. EST on January 27, 2015, which shall be deemed to have occurred during the trading session on January 27, 2015.

### Calculation of Recognized Loss Per Alibaba ADS

For each Alibaba ADS purchased or otherwise acquired during the Class Period (i.e., September 19, 2014 through January 28, 2015, both dates inclusive), the Recognized Loss per share shall be calculated as follows:

i.   For each share purchased during the period from September 19, 2014 through January 27, 2015 (both dates inclusive), and:

   a.   sold prior to January 28, 2015, the Recognized Loss per share is equal to $0.

   b.   sold on January 28, 2015, the Recognized Loss per share is equal to *the lesser of*:

      i.   $4.29 *minus* the artificial inflation at sale as appears in Table 1 above; and

      ii.   the purchase price paid for such ADSs *minus* the sale price of such ADSs.

   c.   sold during the period January 29, 2015 through April 28, 2015, both dates inclusive, the Recognized Loss per share is equal to *the lesser of*:

      i.   $4.29; and

      ii.   the purchase price paid for such ADSs *minus* the "90-Day Lookback Value" on the date of sale as appears in Table 2 below.

   d.   still held as of the close of trading on April 28, 2015 (*i.e.*, the end of the 90-Day Lookback Period), the Recognized Loss per share is *the lesser of*:

      i.   $4.29; and

ii. the purchase price paid for such ADSs *minus* the average closing price for Alibaba ADSs during the 90-Day Lookback Period, which is $84.91.

ii. For each share purchased or otherwise acquired on January 28, 2015, and:

    a. sold on January 28, 2015, the Recognized Loss per share is equal to $0.

    b. sold during the period January 29, 2015 through April 28, 2015, both dates inclusive, the Recognized Loss per share is equal to *the lesser of*:

        i. the artificial inflation on January 28, 2015 as it appears in Table 1 above; and

        ii. the purchase price paid for such ADSs *minus* the "90-Day Lookback Value" on the date of sale as appears in Table 2 below.

    c. still held as of the close of trading on April 28, 2015 (*i.e.*, the end of the 90-Day Lookback Period), the Recognized Loss per share is *the lesser of*:

        i. the artificial inflation on January 28, 2015 as it appears in Table 1 above; and

        ii. the purchase price paid for such ADSs *minus* the average closing price for Alibaba ADSs during the 90-Day Lookback Period, which is $84.91.

| Table 2 | | | | | |
|---|---|---|---|---|---|
| Sale / Disposition Date | 90-Day Lookback Value | Sale / Disposition Date | 90-Day Lookback Value | Sale / Disposition Date | 90-Day Lookback Value |
| 1/29/2015 | 89.81 | 3/2/2015 | 87.08 | 3/31/2015 | 85.49 |
| 1/30/2015 | 89.45 | 3/3/2015 | 86.84 | 4/1/2015 | 85.42 |
| 2/2/2015 | 89.67 | 3/4/2015 | 86.78 | 4/2/2015 | 85.35 |
| 2/3/2015 | 89.91 | 3/5/2015 | 86.75 | 4/6/2015 | 85.27 |
| 2/4/2015 | 89.93 | 3/6/2015 | 86.66 | 4/7/2015 | 85.21 |
| 2/5/2015 | 89.44 | 3/9/2015 | 86.51 | 4/8/2015 | 85.21 |
| 2/6/2015 | 88.90 | 3/10/2015 | 86.38 | 4/9/2015 | 85.23 |
| 2/9/2015 | 88.54 | 3/11/2015 | 86.23 | 4/10/2015 | 85.22 |
| 2/10/2015 | 88.40 | 3/12/2015 | 86.09 | 4/13/2015 | 85.20 |
| 2/11/2015 | 88.16 | 3/13/2015 | 85.95 | 4/14/2015 | 85.19 |
| 2/12/2015 | 88.06 | 3/16/2015 | 85.89 | 4/15/2015 | 85.18 |
| 2/13/2015 | 88.14 | 3/17/2015 | 85.85 | 4/16/2015 | 85.16 |
| 2/17/2015 | 88.04 | 3/18/2015 | 85.81 | 4/17/2015 | 85.10 |
| 2/18/2015 | 87.95 | 3/19/2015 | 85.81 | 4/20/2015 | 85.05 |
| 2/19/2015 | 87.88 | 3/20/2015 | 85.79 | 4/21/2015 | 85.01 |
| 2/20/2015 | 87.80 | 3/23/2015 | 85.75 | 4/22/2015 | 84.96 |
| 2/23/2015 | 87.67 | 3/24/2015 | 85.70 | 4/23/2015 | 84.91 |
| 2/24/2015 | 87.50 | 3/25/2015 | 85.65 | 4/24/2015 | 84.90 |

| 2/25/2015 | 87.43 | 3/26/2015 | 85.61 | 4/27/2015 | 84.90 |
| 2/26/2015 | 87.33 | 3/27/2015 | 85.58 | 4/28/2015 | 84.91 |
| 2/27/2015 | 87.22 | 3/30/2015 | 85.54 | | |

## Calculation of Recognized Loss Per Alibaba Option

Exchange-traded options are traded in units called "contracts" which entitle the holder to buy (in the case of a call) or sell (in the case of a put) 100 shares of the underlying security, which in this case is Alibaba ADSs. Throughout this Plan of Allocation, all price quotations are *per share of the underlying security* (*i.e.*, 1/100 of a contract).

Each option contract specifies a strike price and an expiration date. Contracts with the same strike price and expiration date are referred to as a "series" and each series represents a different security that trades in the market and has its own market price (and thus artificial inflation or deflation). Under the Plan of Allocation, the dollar amount of artificial inflation per share (*i.e.*, 1/100 of a contract) for each series of Alibaba Call Options and the dollar amount of artificial deflation per share (*i.e.*, 1/100 of a contract) for each series of Alibaba Put Options has been calculated by Plaintiffs' consulting damages expert. Tables available at AlibabaSettlement.com set forth the dollar amount of artificial inflation per share in Alibaba Call Options and the dollar amount of artificial deflation per share in Alibaba Put Options during the period from September 29, 2014[8] through January 27, 2015 for each option series (Tables 3 and 4), the closing price for each option series as of January 28, 2015 (Tables 5 and 6), as well as the closing price and average closing price for each option series during the period from January 29, 2015 through April 28, 2015 (Tables 7 and 8). Those tables list only exchange-traded Alibaba options that both (1) expired after the corrective disclosure on January 27, 2015 and (2) had nonzero open interest (at least 1 open options contract) on either January 27, 2015 or January 28, 2015. Transactions in Alibaba Call Options or Alibaba Put Options that either (1) expired on or before January 27, 2015 or (2) had zero open interest (no open options contracts) on both January 27, 2015 and January 28, 2015 have a Recognized Loss of zero under the Plan of Allocation.

The Recognized Loss per share for each Alibaba Call and Put Option shall be calculated as follows:

i.    For each Alibaba Call Option purchased or otherwise acquired from September 29, 2014, through and including the close of trading on January 27, 2015, and:

a)    closed (through sale, exercise or expiration) before the close of trading on January 27, 2015, the Recognized Loss for each such option will be $0.00.

b)    closed (through sale) on and including the close of trading on January 28, 2015, the Recognized Loss for each such option will be ***the lesser of***:

---

[8] Alibaba call and put options began trading on September 29, 2014.

      i.    the artificial inflation for that option on the date of purchase/acquisition as set forth at AlibabaSettlement.com *minus **the lesser of:***

          a.    the sale price *minus* the option closing price on January 28, 2015; and

          b.    the artificial inflation for that option on the date of purchase/acquisition as set forth at AlibabaSettlement.com; and

      ii.    the purchase/acquisition price *minus* the sale price.

c)    closed (through exercise or expiration) on and including the close of trading on January 28, 2015, the Recognized Loss for each such option will be ***the lesser of***:

      i.    the artificial inflation for that option on the date of purchase/acquisition as set forth at AlibabaSettlement.com; and

      ii.    the purchase/acquisition price *minus* the value per option on January 28, 2015.[9]

d)    closed (through sale) during the period from January 29, 2015 through and including the close of trading on April 28, 2015, the Recognized Loss for each such option will be ***the least of***:

      i.    the artificial inflation for that option on the date of purchase/acquisition as set forth at AlibabaSettlement.com;

      ii.    the purchase/acquisition price *minus* the sale price; and

      iii.    the purchase/acquisition price *minus* the average closing price for that option series between January 29, 2015 and the date of sale, as stated at AlibabaSettlement.com.

e)    closed (through exercise or expiration) during the period from January 29, 2015 through and including the close of trading on April 28, 2015, the Recognized Loss for each such option will be ***the least of***:

      i.    the artificial inflation for that option on the date of purchase/acquisition as set forth at AlibabaSettlement.com;

      ii.    the purchase/acquisition price *minus* the value per option on the date of exercise or expiration;[10] and

---

[9] The "value" of the call option on January 28, 2015 shall be the closing price of Alibaba ADSs on January 28, 2015, $98.45, minus the strike price of the option. If this number is less than zero, the value of the call option is zero.

[10] The "value" of the call option on the date of exercise or expiration shall be the closing price of Alibaba ADSs on the date of exercise or expiration minus the strike price of the option. If this number is less than zero, the value of the call option is zero.

iii.    the purchase/acquisition price *minus* the average closing price for that option series between January 29, 2015 and the date of exercise or expiration, as stated at AlibabaSettlement.com.

f)   open as of the close of trading on April 28, 2015, the Recognized Loss for each such option will **the lesser of**:

i.    the artificial inflation for that option on the date of purchase/acquisition as set forth at AlibabaSettlement.com; and

ii.    the purchase/acquisition price *minus* the average closing price for that option series between January 29, 2015 and April 28, 2015, as stated at AlibabaSettlement.com.

ii.    For each Alibaba Put Option sold (written) from September 29, 2014, through and including the close of trading on January 27, 2015, and:

a)   closed (through purchase, exercise or expiration) before the close of trading on January 27, 2015, the Recognized Loss for each such option will be $0.00.

b)   closed (through purchase) on and including the close of trading on January 28, 2015, the Recognized Loss for each such option will be **the lesser of**:

i.    the artificial deflation for that option on the date of sale as set forth at AlibabaSettlement.com *minus* **the lesser of:**

a.   the option closing price on January 28, 2015 *minus* the purchase price; and

b.   the artificial deflation for that option on the date of sale as set forth at AlibabaSettlement.com; and

ii.    the purchase price *minus* the sale price.

c)   closed (through exercise, expiration, or assignment) on and including the close of trading on January 28, 2015, the Recognized Loss for each such option will be **the lesser of**:

i.    the artificial deflation for that option on the date of sale as set forth at AlibabaSettlement.com; and

ii.    the value per option on January 28, 2015[11] *minus* the sale price.

d)   closed (through purchase) during the period from January 29, 2015 through and including the close of trading on April 28, 2015, the Recognized Loss for each such option will be **the least of**:

---

[11] The "value" of the put option on January 28, 2015 shall be the strike price of the option minus the closing price of Alibaba ADSs on the date of exercise or expiration, $98.45. If this number is less than zero, the value of the put option is zero.

      i.    the artificial deflation for that option on the date of sale as set forth at AlibabaSettlement.com;

      ii.    the purchase price *minus* the sale price; and

      iii.    the average closing price for that option series between January 29, 2015 and the date of purchase, as stated at AlibabaSettlement.com *minus* the sale price.

e) closed (through exercise or expiration) during the period from January 29, 2015 through and including the close of trading on April 28, 2015, the Recognized Loss for each such option will be ***the least of***:

      i.    the artificial deflation for that option on the date of sale as set forth at AlibabaSettlement.com;

      ii.    the value per option on the date of exercise or expiration[12] *minus* the sale price; and

      iii.    the average closing price for that option series between January 29, 2015 and the date of exercise or expiration, as stated at AlibabaSettlement.com, *minus* the sale price.

f) open as of the close of trading on April 28, 2015, the Recognized Loss for each such option will be ***the lesser of***:

      i.    the artificial deflation for that option on the date of sale as set forth at AlibabaSettlement.com; and

      ii.    the average closing price for that option series between January 29, 2015 and April 28, 2015, as stated at AlibabaSettlement.com *minus* the sale price.

iii.    For each Alibaba Call Option purchased or otherwise acquired on January 28, 2015 and:

a) closed (through sale, exercise or expiration) before the close of trading on January 28, 2015, the Recognized Loss for each such option will be $0.00.

b) closed (through sale) during the period from January 29, 2015 through and including the close of trading on April 28, 2015, the Recognized Loss for each such option will be ***the least of***:

      i.    the purchase/acquisition price *minus* the option closing price on January 28, 2015;

      ii.    the artificial inflation for that option on January 27, 2015 as set forth at AlibabaSettlement.com; and

---

[12] The "value" of the put option on the date of exercise or expiration shall be the strike price of the option minus the closing price of Alibaba ADSs on the date of exercise or expiration.  If this number is less than zero, the value of the put option is zero.

        iii.    the purchase/acquisition price *minus* the average closing price for that option series between January 29, 2015 and the date of sale, as stated at <u>AlibabaSettlement.com.</u>

c) closed (through exercise or expiration) during the period from January 29, 2015 through and including the close of trading on April 28, 2015, the Recognized Loss for each such option will be ***the least of***:

        i.    the purchase/acquisition price *minus* the option closing price on January 28, 2015;

        ii.    the artificial inflation for that option on January 27, 2015 as set forth at <u>AlibabaSettlement.com</u>;

        iii.    the purchase/acquisition price *minus* the value per option on the date of exercise or expiration[13]; and

        iv.    the purchase/acquisition price *minus* the average closing price for that option series between January 29, 2015 and the date of exercise or expiration, as stated at <u>AlibabaSettlement.com.</u>

d) open as of the close of trading on April 28, 2015, the Recognized Loss for each such option will ***the lesser of***:

        i.    the purchase/acquisition price *minus* the option closing price on January 28, 2015;

        ii.    the artificial inflation for that option on January 27, 2015 as set forth at <u>AlibabaSettlement.com</u>; and

        iii.    the purchase/acquisition price *minus* the average closing price for that option series between January 29, 2015 and April 28, 2015, as stated at <u>AlibabaSettlement.com</u>.

iv.    For each Alibaba Put Option sold (written) on January 28, 2015 and:

a) closed (through purchase, exercise or expiration) before the close of trading on January 28, 2015, the Recognized Loss for each such option will be $0.00.

b) closed (through purchase) during the period from January 29, 2015 through and including the close of trading on April 28, 2015, the Recognized Loss for each such option will be ***the least of***:

        i.    the option closing price on January 28, 2015 *minus* the sale price;

        ii.    the artificial deflation for that option on January 27, 2015 as set forth at <u>AlibabaSettlement.com</u>; and

---

[13] The "value" of the call option on the date of exercise or expiration shall be the closing price of Alibaba ADSs on the date of exercise or expiration minus the strike price of the option. If this number is less than zero, the value of the call option is zero.

       iii.    the average closing price for that option series between January 29, 2015 and the date of purchase, as stated at AlibabaSettlement.com *minus* the sale price.

  c)  closed (through exercise, expiration, or assignment) during the period from January 29, 2015 through and including the close of trading on April 28, 2015, the Recognized Loss for each such option will be ***the least of***:

       i.    the option closing price on January 28, 2015 *minus* the sale price;

       ii.    the artificial deflation for that option on January 27, 2015 as set forth at AlibabaSettlement.com;

       iii.    the value per option on the date of exercise or expiration[14] *minus* the sale price; and

       iv.    the average closing price for that option series between January 29, 2015 and the date of exercise or expiration, as stated at AlibabaSettlement.com, *minus* the sale price.

  d)  open as of the close of trading on April 28, 2015, the Recognized Loss for each such option will be ***the least of***:

       i.    the option closing price on January 28, 2015 *minus* the sale price;

       ii.    the artificial deflation for that option on January 27, 2015 as set forth at AlibabaSettlement.com; and

       iii.    the average closing price for that option series between January 29, 2015 and April 28, 2015, as stated AlibabaSettlement.com *minus* the sale price.

**PLAN OF ALLOCATION INSTRUCTIONS APPLICABLE TO ALL CLAIMANTS**

The payment you receive will reflect your proportionate share of the Net Settlement Fund. Such payment will depend on the number of eligible shares that participate in the Settlement, and when those shares were purchased or otherwise acquired and sold. The number of Claimants who send in claims varies widely from case to case.

A purchase or sale of Alibaba ADSs and options shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date.

To the extent a Claimant had a trading gain or "broke even" from his, her, or its overall transactions in Alibaba Securities during the Class Period, the value of the Total Recognized Loss will be zero and the Claimant will not be entitled to a share of the Net Settlement Fund. To the extent that a Claimant suffered a trading loss on his, her, or its overall transactions in Alibaba Securities during the Class Period, but that trading loss was less than the Total Recognized Loss

---

[14] The "value" of the put option on the date of exercise or expiration shall be the strike price of the option minus the closing price of Alibaba ADSs on the date of exercise or expiration. If this number is less than zero, the value of the put option is zero.

calculated above, then the Total Recognized Loss shall be limited to the amount of the Claimant's actual trading loss.

For purposes of determining whether a Claimant had a trading gain from his, her, or its overall transactions in the Securities during the Class Period or suffered a trading loss, the Claims Administrator shall determine the difference between (i) the Total Purchase Amount[15] and (ii) the sum of the Total Sales Proceeds[16] and Total Holding Value.[17]  This difference shall be deemed a Claimant's trading gain or loss with respect to his, her, or its overall transactions in Alibaba Securities during the Class Period.

Acquisition by Gift, Inheritance, or Operation of Law: If a Class Member acquired Alibaba ADSs during the Class Period by way of gift, inheritance or operation of law, such a claim will be computed by using the date and price of the original purchase and not the date and price of transfer.

Acquisition of Alibaba ADSs during the Class Period (in a transaction in the U.S.) in connection with a redemption/exchange/conversion/exercise of another security of Alibaba is deemed a purchase of Alibaba ADS.

Notwithstanding any of the above, receipt of Alibaba ADSs during the Class Period in exchange for securities of any other corporation or entity shall not be deemed a purchase, acquisition or sale of Alibaba ADSs.

The first-in-first-out ("FIFO") basis will be applied to purchases and sales.  Sales will be matched in chronological order, by trade date, first against Alibaba ADSs held immediately following the IPO (before the Class Period begins) and then against the purchases of Alibaba ADSs during the Class Period.

The date of covering a "short sale" is deemed to be the date of purchase of an Alibaba ADS.  The date of a "short sale" is deemed to be the date of sale of an Alibaba ADS.  In accordance with the Plan of Allocation, however, the Recognized Loss on "short sales" is zero.  In the event that a Claimant has an opening short position in Alibaba, the earliest Class Period purchases shall

---

[15] The "Total Purchase Amount" is the total amount the Claimant paid for all Alibaba Securities purchased during the Class Period, including the amount paid by the Claimant for Put Options both sold (written) and closed (through purchase, assignment, or expiration) during the Class Period.

[16] The Claims Administrator shall match any sales of Alibaba ADSs during the Class Period, first against the Claimant's opening position in Alibaba ADSs (the proceeds of those sales will not be considered for purposes of calculating trading gains or losses).  A Claimant's "Total Sales Proceeds" shall be the total amounts received during the Class Period: (i) from sales of shares of Alibaba ADSs purchased during the Class Period; (ii) upon the closing (through sale, exercise, or expiration) of Call Options purchased during the Class Period; and (iii) from Put Options sold (written) during the Class Period.

[17] For Alibaba ADSs still held as of the close of trading on January 28, 2015, the Claims Administrator shall ascribe a "Holding Value" of $98.45 per share.  For Call and Put Options still open as of the close of trading on January 28, 2015, the Holding Value shall be the closing option price on January 28, 2015.  The total calculated holding values for all Alibaba Securities shall be the Claimant's "Total Holding Value."

be matched against such opening short position and not be entitled to a recovery until that short position is fully covered.

With respect to Alibaba ADSs purchased or sold through the exercise of an option, the purchase/sale date of the ADS shall be the exercise date of the option, and the purchase/sale price of the ADS shall be the closing price of Alibaba ADSs on the date of exercise. Any Recognized Loss arising from purchases of Alibaba ADSs acquired during the Class Period through the exercise of an option on Alibaba ADSs[18] shall be computed as provided for other purchases of Alibaba ADSs in the Plan of Allocation.

Payment according to the Plan of Allocation will be deemed conclusive against all Authorized Claimants. A Total Recognized Loss will be calculated as defined herein and cannot be less than zero. The Claims Administrator shall allocate to each Authorized Claimant a *pro rata* share of the Net Settlement Fund based on his, her, or its Total Recognized Loss as compared to the Total Recognized Losses of all Authorized Claimants. No distribution will be made to Authorized Claimants who would otherwise receive a distribution of less than $10.00.

However, cumulative payments of all claims associated with Alibaba Call Options and Put Options will be limited to 10% of the Net Settlement Fund.[19] Thus, if the cumulative Recognized Loss amounts for Call Option and Put Option claims exceeds 10% of all Total Recognized Losses, then the Recognized Loss for Call Options and Put Options claims will be reduced proportionately until they collectively equal 10% of all Total Recognized Losses. In the unlikely event that the Net Settlement Fund, allocated as such, is sufficient to pay 100% of the Alibaba ADS claims, any excess amount will be used to pay the balance on the remaining Call Option and Put Option claims. In the event that the 10% of the Net Settlement Fund, allocated to Call Option and Put Option Authorized Claimants is sufficient to pay 100% of the Alibaba option claims, any excess amount will be used to pay the balance on the remaining ADS claims.

Class Members who do not submit acceptable Proofs of Claim and Release Forms will not share in the Settlement proceeds. The Stipulation and the Judgment dismissing this Action will nevertheless bind Class Members who do not submit a request for exclusion or submit an acceptable Proof of Claim and Release Form.

Please contact the Claims Administrator or Plaintiffs' Counsel if you disagree with any determinations made by the Claims Administrator regarding your Proof of Claim and Release Form. If you are unsatisfied with the determinations, you may ask the Court, which retains jurisdiction over all Class Members and the claims-administration process, to decide the issue by submitting a written request.

Defendants, their respective counsel, and all other Released Parties will have no responsibility or liability whatsoever for the investment of the Settlement Fund, the distribution of the Net Settlement Fund, the Plan of Allocation, or the payment of any claim. Plaintiffs and

---

[18] Including (1) purchases of Alibaba ADSs as the result of the exercise of a call option, and (2) purchases of Alibaba ADSs by the seller of a put option as a result of the buyer of such put option exercising that put option.

[19] Alibaba Call Options and Put Options account for less than 10% of the combined estimated damages of Alibaba ADSs, Call Options, and Put Options during the Class Period.

Plaintiffs' Counsel likewise will have no liability for their reasonable efforts to execute, administer, and distribute the Settlement.

The Net Settlement Fund will be allocated among all Authorized Claimants whose prorated payment is $10.00 or greater.  If the prorated payment to any Authorized Claimant calculates to less than $10.00, it will not be included in the calculation (*i.e.*, the recognized claim will be deemed to be zero) and no distribution will be made to that Authorized Claimant.  Any prorated amounts of less than $10.00 will be included in the pool distributed to those whose prorated payments are $10.00 or greater.

After the initial distribution of the Net Settlement Fund, the Claims Administrator shall make reasonable and diligent efforts to have Authorized Claimants cash their distribution checks.  To the extent any monies remain in the fund eight (8) months after the initial distribution, if Lead Counsel, in consultation with the Claims Administrator, determines that it is cost-effective to do so, the Claims Administrator shall conduct a re-distribution of the funds remaining after payment of any unpaid fees and expenses incurred in administering the Settlement, including for such re-distribution, to Authorized Claimants who have cashed their initial distributions and who would receive at least $10.00 from such re-distribution.  Additional re-distributions to Authorized Claimants who have cashed their prior checks and who would receive at least $10.00 on such additional re-distributions may occur thereafter if Lead Counsel, in consultation with the Claims Administrator, determines that additional re-distributions, after the deduction of any additional fees and expenses incurred in administering the Settlement, including for such re-distributions, would be cost-effective.  At such time as it is determined that the re-distribution of funds remaining in the Net Settlement Fund is not cost-effective, the remaining balance shall be contributed to Memorial Sloan Kettering Cancer Center.

Payment pursuant to the Plan of Allocation, or such other plan of allocation as may be approved by the Court, shall be conclusive against all Authorized Claimants.  No person shall have any claim against Plaintiffs, Plaintiffs' Counsel, Plaintiffs' damages expert, Defendants, Defendants' Counsel, or any of the other Releasees, or the Claims Administrator or other agent designated by Lead Counsel arising from distributions made substantially in accordance with the Stipulation, the plan of allocation approved by the Court, or further Orders of the Court. Plaintiffs, Defendants' Releasees, and their respective counsel shall have no responsibility or liability whatsoever for the investment or distribution of the Settlement Fund, the Net Settlement Fund, the plan of allocation, or the determination, administration, calculation, or payment of any Claim Form or nonperformance of the Claims Administrator, the payment or withholding of taxes owed by the Settlement Fund, or any losses incurred in connection therewith.

The Plan of Allocation set forth herein is the plan that Lead Plaintiffs, after consultation with their damages expert, have proposed to the Court for its approval.  The Court may approve this plan as proposed or it may modify the Plan of Allocation without further notice to the Class. Any Orders regarding any modification of the Plan of Allocation will be posted on the settlement website, www.AlibabaSettlement.com.

| WHAT PAYMENT ARE THE ATTORNEYS FOR THE CLASS SEEKING?<br>HOW WILL THE LAWYERS BE PAID? |
|---|

53.   Plaintiffs' Counsel have not received any payment for their services in pursuing claims against the Defendants on behalf of the Class, nor have Plaintiffs' Counsel been reimbursed for their out-of-pocket expenses.  Before final approval of the Settlement, Lead Counsel will apply to the Court for an award of attorneys' fees for all Plaintiffs' Counsel in an amount not to exceed 25% of the Settlement Fund plus interest.  At the same time, Lead Counsel also intends to apply for reimbursement of Litigation Expenses in an amount not to exceed $5,000,000, which may include an application for award(s) sufficient to reimburse the reasonable costs and expenses incurred by Plaintiffs, including lost wages, directly related to their representation of the Class in an amount not to exceed $12,500 for each representative Plaintiff.  Lead Counsel intends to share part of any attorneys' fees awarded by the Court with Glancy Prongay & Murray LLP, MoloLamken LLP, and Levy and Korsinsky LLP in accordance with their level of contribution to the initiation, prosecution, and resolution of the MDL Action.  The Court will determine the amount of any award of attorneys' fees or reimbursement of Litigation Expenses.  Such sums as may be approved by the Court will be paid from the Settlement Fund.  Class Members are not personally liable for any such fees or expenses.

| WHAT IF I DO NOT WANT TO BE A MEMBER OF THE CLASS?<br>HOW DO I EXCLUDE MYSELF? |
|---|

54.   Each Class Member will be bound by all determinations and judgments in this lawsuit, whether favorable or unfavorable, unless such person or entity mails or delivers a written Request for Exclusion from the Class to:  EXCLUSIONS—*Christine Asia Co. Ltd. et al. v. Jack Yun Ma et al.*, c/o Strategic Claims Services, P.O. Box 230, 600 N. Jackson Street, Suite 205, Media, PA 19063.  The exclusion request must be *received* no later than _____, 2019.  You will not be able to exclude yourself from the Class after that date.  Each Request for Exclusion must (a) state the name, address and telephone number of the person or entity requesting exclusion, and in the case of entities the name and telephone number of the appropriate contact person; (b) state that such person or entity "requests exclusion from the Class in *Christine Asia Co. Ltd. et al. v. Jack Yun Ma et al.*, Master File No. 1:15-md-02631-CM (SDA)"; (c) identify and state the number of Alibaba ADS, Alibaba Call Options, and/or Alibaba Put Options that the person or entity requesting exclusion purchased, acquired and sold during the Class Period (*i.e.*, between September 19, 2014 and January 28, 2015, inclusive, other than those shares purchased directly in the September 19, 2014 IPO), as well as the dates and prices of each such purchase/acquisition and sale; (d) provide adequate supporting documentation for the transactions for which the Class Member seeks exclusion in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional and holding information found in a broker confirmation slip or account statement, or such other documentation as is deemed adequate by Lead Counsel and Defendants' Counsel; and (e) be signed by the person or entity requesting exclusion or an authorized representative.  A Request for Exclusion shall not be valid and effective unless it provides all the information and documentation called for in this paragraph and is received within the time stated above, or is otherwise accepted by the Court.  A Request for Exclusion also shall not be valid and effective if

it is received by the Claims Administrator after _____, 2019 even if it contains all the information and documentation called for in this paragraph.

55.   If you do not want to be part of the Class, you must follow these instructions for exclusion even if you have pending, or later file, another lawsuit, arbitration, or other proceeding relating to any Released Plaintiffs' Claim against any Defendants' Releasee.

56.   If you ask to be excluded from the Class, you will not be eligible to receive any payment out of the Net Settlement Fund.

---

### WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT?  DO I HAVE TO COME TO THE HEARING? MAY I SPEAK AT THE HEARING IF I DON'T LIKE THE SETTLEMENT?

---

57.   **Class Members do not need to attend the Settlement Hearing.  The Court will consider any submission made in accordance with the provisions below even if a Class Member does not attend the hearing.  You can participate in the Settlement without attending the Settlement Hearing**.

58.   The Settlement Hearing will be held on _____, 2019 at __:__ _.m., before the Honorable Colleen McMahon at the United States District Court for the Southern District of New York, Daniel Patrick Moynihan United States Courthouse, Courtroom 24A, 500 Pearl St., New York, NY 10007.  The Court reserves the right to approve the Settlement, the Plan of Allocation, Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses and/or any other matter related to the Settlement at or after the Settlement Hearing without further notice to the members of the Class.

59.   Any Class Member who or which does not request exclusion may object to the Settlement, the proposed Plan of Allocation or Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses.  Objections must be in writing.  You must file any written objection, together with copies of all other papers and briefs supporting the objection, with the Clerk's Office at the United States District Court for the Southern District of New York at the address set forth below on or before _____, 2019.  You must also serve the papers on Lead Counsel and on Defendants' Counsel at the addresses set forth below so that the papers are *received* on or before _____, 2019.

| <u>Clerk's Office</u> | <u>Lead Counsel</u> | <u>Defendants' Counsel</u> |
|---|---|---|
| United States District Court for the Southern District of New York Clerk of the Court Daniel Patrick Moynihan United States Courthouse 500 Pearl Street New York, NY 10007-1312 | **The Rosen Law Firm, P.A.** Laurence Rosen, Esq. 275 Madison Ave., 34th Floor New York, NY 10016 | **Simpson Thacher & Bartlett LLP** James G. Kreissman, Esq. Stephen P. Blake, Esq. 2475 Hanover Street Palo Alto, CA 94304 |

60.   Any objection (a) must state the name, address and telephone number of the person or entity objecting and must be signed by the objector; (b) must contain a statement of the Class Member's objection or objections, and the specific reasons for each objection, including any legal and evidentiary support the Class Member wishes to bring to the Court's attention; (c) must include documents sufficient to prove membership in the Class, including the number of Alibaba ADS, Alibaba Call Options, and/or Alibaba Put Options that the objecting Class Member purchased, acquired and/or sold during the Class Period (*i.e.*, between September 19, 2014 and January 28, 2015, inclusive, other than those shares purchased directly in the September 19, 2014 IPO), as well as the dates and prices of each such purchase/acquisition and/or sale; and (d) the name, address, and telephone number of all counsel who represent the Class Member, including former or current counsel who may be entitled to compensation in connection with the objection, (e) a statement confirming whether they plan to appear at the Settlement Hearing, (f) the name, address, and telephone number of any counsel that will appear at the Settlement Hearing, and (g) the number of times a Class Member filed an objection in the previous five years and the nature of each objection to each case in which a Class Member filed an objection in the previous five years.   You may not object to the Settlement, the Plan of Allocation or Plaintiffs' Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses if you exclude yourself from the Class or if you are not a member of the Class.

61.   You may file a written objection without having to appear at the Settlement Hearing. You may not, however, appear at the Settlement Hearing to present your objection unless you first file and serve a written objection in accordance with the procedures described above, unless the Court orders otherwise.

62.   If you wish to be heard orally at the hearing in opposition to the approval of the Settlement, the Plan of Allocation or Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses, and if you timely file and serve a written objection as described above, you must also file a notice of appearance with the Clerk's Office and serve it on Lead Counsel and Defendants' Counsel at the addresses set forth in ¶ 59 above so that it is ***received*** **on or before _____, 2019**.   Persons who intend to object and desire to present evidence at the Settlement Hearing must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the hearing.   Such persons may be heard orally at the discretion of the Court.

63.   You are not required to hire an attorney to represent you in making written objections or in appearing at the Settlement Hearing.   However, if you decide to hire an attorney, it will be at your own expense, and that attorney must file a notice of appearance with the Court and serve it on Lead Counsel and Defendants' Counsel at the addresses set forth in ¶ 59 above so that the notice is ***received*** **on or before _____, 2019**.

64.   The Settlement Hearing may be adjourned by the Court without further written notice to the Class.   If you intend to attend the Settlement Hearing, you should confirm the date and time with Lead Counsel.

65.   **Unless the Court orders otherwise, any Class Member who does not object in the manner described above will be deemed to have waived any objection and shall be forever foreclosed from making any objection to the proposed Settlement, the proposed Plan of Allocation or Lead Counsel's motion for an award of attorneys' fees and reimbursement of**

**Litigation Expenses.  Class Members do not need to appear at the Settlement Hearing or take any other action to indicate their approval of the Settlement.**

| WHAT IF I BOUGHT SHARES ON SOMEONE ELSE'S BEHALF? |
|---|

66.    If you purchased or otherwise acquired Alibaba ADS, Alibaba Call Options, and/or Alibaba Put Options between September 19, 2014 and January 28, 2015, inclusive, other than those shares purchased directly in the September 19, 2014 IPO, for the beneficial interest of persons or organizations other than yourself, you must either (a) within seven (7) calendar days of receipt of this Notice, request from the Claims Administrator sufficient copies of the Notice and Claim Form (the "Notice Packet") to forward to all such beneficial owners and within seven (7) calendar days of receipt of those Notice Packets forward them to all such beneficial owners; or (b) within seven (7) calendar days of receipt of this Notice, provide a list of the names and addresses, as well as email addresses to the extent available, of all such beneficial owners *Christine Asia Co. Ltd. et al. v. Jack Yun Ma et al.*, c/o Strategic Claims Services, P.O. Box 230, 600 N. Jackson Street, Suite 205, Media, PA 19063.  If you choose the second option, the Claims Administrator will send a Notice Packet to the beneficial owners.  Upon full compliance with these directions, such nominees may seek reimbursement of their reasonable expenses actually incurred, not to exceed $0.20 plus postage at the current pre-sort rate used by the Claims Administrator per Notice Packet mailed; $0.05 per Notice Packet transmitted by email; or $0.10 per name, address, and email address (to the extent available) provided to the Claims Administrator, by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought.  Copies of this Notice and the Claim Form may also be obtained from the website maintained by the Claims Administrator, www.AlibabaSettlement.com, or by calling the Claims Administrator toll-free at 1-XXX-XXX-XXXX.

| CAN I SEE THE COURT FILE?  WHOM SHOULD I CONTACT IF I HAVE QUESTIONS? |
|---|

67.    This Notice contains only a summary of the terms of the proposed Settlement.  For more detailed information about the matters involved in this Action, you are referred to the papers on file in the MDL Action, including the Stipulation, which may be inspected during regular office hours at the Office of the Clerk, United States District Court for the Southern District of New York, Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, NY 10007.  Additionally, copies of the Stipulation and any related orders entered by the Court will be posted on the website maintained by the Claims Administrator, www.AlibabaSettlement.com.

All inquiries concerning this Notice and the Claim Form should be directed to:

*Christine Asia Co. Ltd. et al. v. Jack Yun Ma et al.*
c/o Strategic Claims Services
P.O. Box 230
600 N. Jackson Street, Suite 205
Media, PA 19063
1-XXX-XXX-XXXX


www.AlibabaSettlement.com

and/or

Laurence Rosen, Esq.
275 Madison Avenue, 34th Floor
New York, NY 10016
Telephone: (212) 686-1060

Email:  alibabasettlement@rosenlegal.com

**DO NOT CALL OR WRITE THE COURT, THE OFFICE OF THE CLERK OF THE COURT, DEFENDANTS OR DEFENDANTS' COUNSEL REGARDING THIS NOTICE.**

Dated: _____, 2019                    BY ORDER OF THE COURT

                                            UNITED STATES DISTRICT COURT
                                            SOUTHERN DISTRICT OF NEW YORK

**Exhibit A-2**

*Christine Asia Co. Ltd. et al. v. Jack Yun Ma et al.*
**c/o Strategic Claims Services**
**P.O. Box 230**
**600 N. Jackson Street, Suite 205**
**Media, PA 19063**
**Toll Free Number:  (___) ___-____**
**Settlement Website: AlibbabaSettlement.com**
**Email:  info@strategicclaims.net**

## PROOF OF CLAIM AND RELEASE FORM

To be eligible to receive a share of the Net Settlement Fund in connection with the Settlement of this Action, you must be a Class Member and complete and sign this Proof of Claim and Release Form ("Claim Form") and mail it by first-class mail to the above address, **postmarked no later than _____.**

Failure to submit your Claim Form by the date specified will subject your claim to rejection and may preclude you from being eligible to recover any money in connection with the Settlement.

**Do not mail or deliver your Claim Form to the Court, the settling parties or their counsel. Submit your Claim Form only to the Claims Administrator at the address set forth above.**

| TABLE OF CONTENTS | PAGE # |
|---|---|
| **PART I – CLAIMANT INFORMATION** | _ |
| **PART II – GENERAL INSTRUCTIONS** | _ |
| **PART III – SCHEDULE OF TRANSACTIONS IN ALIBABA ADS** | _ |
| **PART IV – SCHEDULE OF TRANSACTIONS IN ALIBABA CALL OPTIONS** | _ |
| **PART V – SCHEDULE OF TRANSACTIONS IN ALIBABA PUT OPTIONS** | _ |
| **PART VI – RELEASE OF CLAIMS AND SIGNATURE** | _ |

468423.1

## PART I – CLAIMANT INFORMATION

(Please read General Instructions below before completing this page.)

The Claims Administrator will use this information for all communications regarding this Claim Form.  If this information changes, you MUST notify the Claims Administrator in writing at the address above.

Beneficial Owner's Name

Co-Beneficial Owner's Name

Entity Name (if Beneficial Owner is not an individual)

Representative or Custodian Name (if different from Beneficial Owner(s) listed above)

Address1 (street name and number)

Address2 (apartment, unit or box number)

| City | State | Zip Code |
|---|---|---|
| | | |

Foreign Country (only if not USA)

Last four digits of Social Security Number or Taxpayer Identification Number

| Telephone Number (home) | Telephone Number (work) |
|---|---|
| | |

Email address (E-mail address is not required, but if you provide it you authorize the Claims Administrator to use it in providing you with information relevant to this claim.):

Account Number (account(s) through which the securities were traded)[20]:

Claimant Account Type (check appropriate box):
        Individual (includes joint owner accounts)      Pension Plan      Trust
        Corporation      Estate
        IRA/401K      Other _____ (please specify)

---

[20] If the account number is unknown, you may leave blank.  If the same legal entity traded through more than one account you may write "multiple."  Please see paragraph 12 of the General Instructions for more information on when to file separate Claim Forms for multiple accounts, *i.e.*, when you are filing on behalf of distinct legal entities.

## PART II – GENERAL INSTRUCTIONS

1.      It is important that you completely read and understand the Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Settlement Hearing; and (III) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses (the "Settlement Notice") that accompanies this Claim Form, including the Plan of Allocation of the Net Settlement Fund set forth in the Settlement Notice.  The Settlement Notice describes the proposed Settlement, how Class Members are affected by the Settlement, and the manner in which the Net Settlement Fund will be distributed if the Settlement and Plan of Allocation are approved by the Court.  The Settlement Notice also contains the definitions of many of the defined terms (which are indicated by initial capital letters) used in this Claim Form.  By signing and submitting this Claim Form, you will be certifying that you have read and that you understand the Settlement Notice, including the terms of the releases described therein and provided for herein.

2.      This Claim Form is directed to all persons or entities that, during the period from September 19, 2014, through January 28, 2015, inclusive (the "Class Period"), purchased or acquired (1) American Depositary Shares ("ADS") of Alibaba Group Holding Limited ("Alibaba ADS"), other than those shares purchased directly in the September 19, 2014 Initial Public Offering, or (2) call options on Alibaba ADS ("Alibaba Call Options"), and/or (3) sold put options on Alibaba ADS ("Alibaba Put Options") (together, the "Class").  Alibaba ADS, Call Options, and Put Options are referred to collectively as "Alibaba Securities."  All persons and entities that are members of the Class are referred to as "Class Members."

3.      The MDL Action is separate from a class action that was filed on behalf of Alibaba securities purchasers in California Superior Court, San Mateo County, that alleged violations of a different federal statute.  That state court action was separately settled through a stipulation of settlement dated December 28, 2018, with final court approval anticipated in May 2019. ***Participation in the settlement of the state court action does not preclude participation in this Settlement***.

4.      Excluded from the Class by definition are: (a) persons who suffered no compensable losses; and (b) Defendants; the present and former officers and directors of Alibaba at all relevant times; members of their Immediate Families and their legal representatives, heirs, successors, or assigns, and any entity in which any of the Defendants, or any person excluded under this subsection (b), has or had a majority ownership interest at any time.  Also excluded from the Class are any persons and entities who or that submit a request for exclusion that is accepted by the Court.

5.      If you are not a Class Member do not submit a Claim Form.  YOU MAY NOT, DIRECTLY OR INDIRECTLY, PARTICIPATE IN THE SETTLEMENT IF YOU ARE NOT A CLASS MEMBER.  THUS, IF YOU ARE EXCLUDED FROM THE CLASS (AS SET FORTH IN PARAGRAPH 3 ABOVE), ANY CLAIM FORM THAT YOU SUBMIT, OR THAT MAY BE SUBMITTED ON YOUR BEHALF, WILL NOT BE ACCEPTED.

6.      If you are a Class Member, you will be bound by the terms of any judgments or orders entered in the MDL Action WHETHER OR NOT YOU SUBMIT A CLAIM FORM, unless you submit a request for exclusion from the Class.  Thus, if you are a Class Member, the

Judgment will release, and enjoin the filing or continued prosecution of, the Released Plaintiffs' Claims against the Defendants' Releasees.

7.      You are eligible to participate in the distribution of the Net Settlement Fund only if you are a member of the Class and if you complete and return this form as specified below.  If you fail to submit a timely, properly addressed, and completed Claim Form with the required documentation, your claim may be rejected and you may be precluded from receiving any distribution from the Net Settlement Fund.

8.      Submission of this Claim Form does not guarantee that you will share in the proceeds of the Settlement.  The distribution of the Net Settlement Fund will be governed by the Plan of Allocation set forth in the Settlement Notice, if it is approved by the Court, or by such other plan of allocation approved by the Court.

9.      Use the Schedules of Transactions in Parts III–V of this Claim Form to supply all required details of your transaction(s) (including free transfers) in and holdings of the applicable Alibaba Securities.  On the Schedules of Transactions, please provide all of the requested information with respect to your holdings, purchases, acquisitions and sales of the applicable Alibaba Securities, whether such transactions resulted in a profit or a loss.  Failure to report all transaction and holding information during the requested time periods may result in the rejection of your claim.

10.     Please note:  Only Alibaba ADS and Alibaba Call Options purchased/acquired, and Alibaba Put Options sold, during the Class Period (i.e., from September 19, 2014, through January 28, 2015, inclusive) are eligible under the Settlement.  However, under the PSLRA "90-day look-back period" (described in the Plan of Allocation set forth in the Settlement Notice), your sales of Alibaba ADS and options during the period from January 29, 2015, through and including April 28, 2015, will be used for purposes of calculating your Recognized Loss under the Plan of Allocation.  Therefore, in order for the Claims Administrator to be able to process your claim, the requested purchase and sale information during the 90-day look-back period must also be provided.

11.     You are required to submit genuine and sufficient documentation for all of your transactions and holdings of the applicable Alibaba Securities set forth in the Schedules of Transactions in Parts III–V of this Claim Form.  Documentation may consist of copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from your broker containing the transactional and holding information found in a broker confirmation slip or account statement.  The Parties and the Claims Administrator do not independently have information about your investments in Alibaba Securities.  IF SUCH DOCUMENTS ARE NOT IN YOUR POSSESSION, PLEASE OBTAIN COPIES OR EQUIVALENT CONTEMPORANEOUS DOCUMENTS FROM YOUR BROKER.  FAILURE TO SUPPLY THIS DOCUMENTATION MAY RESULT IN THE REJECTION OF YOUR CLAIM.  DO NOT SEND ORIGINAL DOCUMENTS.  **Please keep a copy of all documents that you send to the Claims Administrator.  Also, please do not highlight any portion of the Claim Form or any supporting documents.**

12.     Alibaba Call Options and Alibaba Put Options are identified by strike price, expiration date and Option Class Symbols.  Certain of the Alibaba Call Options and Alibaba Put Options changed Option Class Symbols during the Class Period.  For lists of the eligible Alibaba Call Options and Alibaba Put Options and their original and revised Option Class Symbols,

please visit AlibabaSettlement.com.

13.     Separate Claim Forms should be submitted for each separate legal entity (*e.g.*, a claim from joint owners should not include separate transactions through an account that is in the name of just one of the joint owners, and an individual should not combine his or her IRA transactions with transactions made through an account in the individual's name).  Conversely, a single Claim Form should be submitted on behalf of one legal entity including all transactions made by that entity on one Claim Form, no matter how many separate accounts that entity has (*e.g.*, a corporation with multiple brokerage accounts should include all transactions made in all accounts on one Claim Form).

14.     All joint beneficial owners must sign this Claim Form.  If you purchased or otherwise acquired Alibaba ADS or Alibaba Call Options, or sold Alibaba Put Options, during the Class Period and held the securities in your name, you are the beneficial owner as well as the record owner and you must sign this Claim Form to participate in the Settlement.  If, however, you purchased or otherwise acquired Alibaba ADS or Alibaba Call Options, or sold Alibaba Put Options, during the Class Period and the securities were registered in the name of a third party, such as a nominee or brokerage firm, you are the beneficial owner of these securities, but the third party is the record owner.  The beneficial owner, not the record owner, must sign this Claim Form.

15.     Agents, executors, administrators, guardians, and trustees must complete and sign the Claim Form on behalf of persons represented by them, and they must:

    (a)     expressly state the capacity in which they are acting;

    (b)     identify the name, account number, Social Security Number (or taxpayer identification number), address and telephone number of the beneficial owner of (or other person or entity on whose behalf they are acting with respect to) the Alibaba Securities; and

    (c)     furnish herewith evidence of their authority to bind to the Claim Form the person or entity on whose behalf they are acting.  (Authority to complete and sign a Claim Form cannot be established by stockbrokers demonstrating only that they have discretionary authority to trade stock in another person's accounts.)

16.     By submitting a signed Claim Form, you will be swearing that you:

    (a)     own(ed) the Alibaba Securities you have listed in the Claim Form; or

    (b)     are expressly authorized to act on behalf of the owner thereof.

17.     By submitting a signed Claim Form, you will be swearing to the truth of the statements contained therein and the genuineness of the documents attached thereto, subject to penalties of perjury under the laws of the United States of America.  The making of false statements, or the submission of forged or fraudulent documentation, will result in the rejection of your claim and may subject you to civil liability or criminal prosecution.

18.     If the Court approves the Settlement, payments to eligible Authorized Claimants pursuant to the Plan of Allocation (or such other plan of allocation as the Court approves) will be made after the completion of all claims processing.  This could take substantial time.  Please be patient.

19.     PLEASE NOTE:   As set forth in the Plan of Allocation, each Authorized Claimant shall receive his, her or its pro rata share of the Net Settlement Fund.  If the prorated payment to any Authorized Claimant, however, calculates to less than $10.00, it will not be included in the calculation and no distribution will be made to that Authorized Claimant.

20.     If you have questions concerning the Claim Form, or need additional copies of the Claim Form or the Settlement Notice, you may contact the Claims Administrator, Strategic Claims Services, at P.O. Box 230, 600 N. Jackson Street, Suite 205, Media, PA 19063 by email at info@strategicclaims.net, or by toll-free phone at (___) ___-____, or you may download the documents from the Settlement website, AlibabaSettlement.com.

21.     NOTICE REGARDING ELECTRONIC FILES:   Certain Claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in electronic files.  To obtain the mandatory electronic filing requirements and file layout, you may visit the Settlement website at AlibabaSettlement.com or you may email the Claims Administrator's electronic filing department at info@strategicclaims.net.  Any file not in accordance with the required electronic filing format will be subject to rejection.  No electronic files will be considered to have been properly submitted unless the Claims Administrator issues an email to that effect after processing your file with your claim numbers and respective account information.  Do not assume that your file has been received or processed until you receive this email.  If you do not receive such an email within 10 days of your submission, you should contact the electronic filing department at info@strategicclaims.net to inquire about your file and confirm it was received and acceptable.

**IMPORTANT: PLEASE NOTE**

**YOUR CLAIM IS NOT DEEMED FILED UNTIL YOU RECEIVE AN ACKNOWLEDGEMENT POSTCARD.   THE CLAIMS ADMINISTRATOR WILL ACKNOWLEDGE RECEIPT OF YOUR CLAIM FORM BY MAIL WITHIN 60 DAYS. IF YOU DO NOT RECEIVE AN ACKNOWLEDGEMENT POSTCARD WITHIN 60 DAYS, PLEASE CALL THE CLAIMS  ADMINISTRATOR TOLL FREE AT (___) ___-____.**

## PART III – SCHEDULE OF TRANSACTIONS IN ALIBABA ADS

Complete this Part III if and only if you purchased/acquired Alibaba ADS during the period from September 19, 2014, through January 28, 2015, inclusive.  Please include proper documentation with your Claim Form as described in detail in Part II – General Instructions, Paragraph 10, above.  Do not include information in this section regarding securities other than Alibaba ADS.

**1.  BEGINNING HOLDINGS** – State the total number of shares of Alibaba ADS held as of the opening of trading on September 19, 2014.  (Must be documented.)  If none, write "zero" or "0." _____

**2.   PURCHASES/ACQUISITIONS DURING THE CLASS PERIOD** – Separately list each and every purchase/acquisition (including free receipts) of Alibaba ADS from after the opening of trading on September 19, 2014, through and including the close of trading on January 28, 2015.  (Must be documented.)

| Date of Purchase/ Acquisition (List Chronologically) (Month/Day/Year) | Number of Shares Purchased/ Acquired | Purchase/Acquisition Price Per Share | Total Purchase/ Acquisition Price (excluding taxes, commissions, and fees) |
|---|---|---|---|
| /    / | | $ | $ |
| /    / | | $ | $ |
| /    / | | $ | $ |
| /    / | | $ | $ |

**3.  PURCHASES/ACQUISITIONS DURING THE 90-DAY LOOK-BACK PERIOD** – State the total number of shares of Alibaba ADS purchased/acquired (including free receipts) from after the opening of trading on January 29, 2015, through and including the close of trading on April 28, 2015.  If none, write "zero" or "0."[21] _____

| **4.   SALES DURING THE CLASS PERIOD AND DURING THE 90-DAY LOOK-BACK PERIOD** – Separately list each and every sale/disposition (including free deliveries) of Alibaba ADS from after the opening of trading on September 19, 2014, through and including the close of trading on April 28, 2015. (Must be documented.) | **IF NONE, CHECK HERE** ○ |
|---|---|

| Date of Sale (List Chronologically) (Month/Day/Year) | Number of Shares Sold | Sale Price Per Share | Total Sale Price (excluding taxes, commissions, and fees) |
|---|---|---|---|
| /    / | | $ | $ |
| /    / | | $ | $ |

---

[21] **Please note**:  Information requested with respect to your purchases/acquisitions of Alibaba ADS from after the opening of trading on January 29, 2015, through and including the close of trading on April 28, 2015, is needed in order to balance your claim; purchases/acquisitions during this period, however, are not eligible under the Settlement and will not be used for purposes of calculating your Recognized Loss pursuant to the Plan of Allocation.

| / / | | $ | $ |
|---|---|---|---|
| / / | | $ | $ |

**5.  ENDING HOLDINGS –** State the total number of shares of Alibaba ADS held as of the close of trading on April 28, 2015.  (Must be documented.)  If none, write "zero" or "0." _____

---

**IF YOU NEED ADDITIONAL SPACE TO LIST YOUR TRANSACTIONS YOU MUST PHOTOCOPY THIS PAGE AND CHECK THIS BOX** ☐
**IF YOU DO NOT CHECK THIS BOX THESE ADDITIONAL PAGES WILL NOT BE REVIEWED**

---

### PART IV– SCHEDULE OF TRANSACTIONS IN ALIBABA CALL OPTIONS

Complete this Part IV if and only if you purchased/acquired Alibaba Call Options during the period from September 19, 2014, through January 28, 2015, inclusive.  Please include proper documentation with your Claim Form as described in detail in Part II – General Instructions, Paragraph 10, above.  Do not include information in this section regarding securities other than Alibaba Call Options.

| **1.  BEGINNING HOLDINGS –** Separately list all positions in Alibaba Call Option contracts in which you had an open interest as of the opening of trading on September 19, 2014.  (Must be documented.) | | | **IF NONE, CHECK HERE** ○ |
|---|---|---|---|
| Strike Price of Call Option Contract | Expiration Date of Call Option Contract (Month/Day/Year) | Option Class Symbol | Number of Call Option Contracts in Which You Had an Open Interest |
| $ | / / | | |
| $ | / / | | |
| $ | / / | | |
| $ | / / | | |
| **2.    PURCHASES/ACQUISITIONS DURING THE CLASS PERIOD** – Separately list each and every purchase/acquisition (including free receipts) of Alibaba Call Option contracts from after the opening of trading on September 19, 2014, through and including the close of trading on April 28, 2015. (Must be documented.) [22] | | | |

---

[22] **Please note**:  Information requested with respect to your purchases/acquisitions of Alibaba Call Options from after the opening of trading on January 29, 2015, through and including the close of trading on April 28, 2015, is needed in order to balance your claim; purchases/acquisitions during this period, however, are not eligible under the Settlement and will not be used for purposes of calculating your Recognized Loss pursuant to the Plan of Allocation.

| Date of Purchase/ Acquisition (List Chronologically) (Month/Day/Year) | Strike Price of Call Option Contract | Expiration Date of Call Option Contract (Month/Day/ Year) | Option Class Symbol | Number of Call Option Contracts Purchased/ Acquired | Purchase/ Acquisition Price Per Call Option Contract | Total Purchase/ Acquisition Price (excluding taxes, commissions, and fees) | Insert an "E" if Exercised Insert an "A" if Assigned Insert an "X" if Expired | Exercise Date (Month/ Day/ Year) |
|---|---|---|---|---|---|---|---|---|
| / / | $ | / / | | | $ | $ | | / / |
| / / | $ | / / | | | $ | $ | | / / |
| / / | $ | / / | | | $ | $ | | / / |
| / / | $ | / / | | | $ | $ | | / / |

**3.  SALES DURING THE CLASS PERIOD** – Separately list each and every sale/disposition (including free deliveries) of Alibaba Call Options from after the opening of trading on September 29, 2014, through and including the close of trading on April 28, 2015. (Must be documented.) — **IF NONE, CHECK HERE** ○

| Date of Sale (List Chronologically) (Month/Day/Year) | Strike Price of Call Option Contract | Expiration Date of Call Option Contract (Month/Day/Year) | Option Class Symbol | Number of Call Option Contracts Sold | Sale Price Per Call Option Contract | Total Sale Price (excluding taxes, commissions, and fees) |
|---|---|---|---|---|---|---|
| / / | $ | / / | | | $ | $ |
| / / | $ | / / | | | $ | $ |
| / / | $ | / / | | | $ | $ |
| / / | $ | / / | | | $ | $ |

**4.  ENDING HOLDINGS** – Separately list all positions in Alibaba Call Option contracts in which you had an open interest as of the close of trading on April 28, 2015.  (Must be documented.) — **IF NONE, CHECK HERE** ○

| Strike Price of Call Option Contract | Expiration Date of Call Option Contract (Month/Day/Year) | Option Class Symbol | Number of Call Option Contracts in Which You Had an Open Interest |
|---|---|---|---|
| $ | / / | | |
| $ | / / | | |
| $ | / / | | |
| $ | / / | | |

**IF YOU NEED ADDITIONAL SPACE TO LIST YOUR TRANSACTIONS/HOLDINGS YOU MUST PHOTOCOPY THIS PAGE AND CHECK THIS BOX** ☐
**IF YOU DO NOT CHECK THIS BOX THESE ADDITIONAL PAGES WILL <u>NOT</u> BE REVIEWED**

## PART V – SCHEDULE OF TRANSACTIONS IN ALIBABA PUT OPTIONS

Complete this Part V if and only if you sold (wrote) Alibaba Put Options during the period from September 19, 2014, through January 28, 2015, inclusive.  Please include proper documentation with your Claim Form as described in detail in Part II – General Instructions, Paragraph 10, above.  Do not include information in this section regarding securities other than Alibaba Put Options.

| 1.  BEGINNING HOLDINGS – Separately list all positions in Alibaba Put Option contracts in which you had an open interest as of the opening of trading on September 19, 2014.  (Must be documented.) | | | IF NONE, CHECK HERE ○ |
|---|---|---|---|
| Strike Price of Put Option Contract | Expiration Date of Put Option Contract (Month/Day/Year) | Option Class Symbol | Number of Put Option Contracts in Which You Had an Open Interest |
| $ | /    / | | |
| $ | /    / | | |
| $ | /    / | | |
| $ | /    / | | |

**2.  SALES (WRITING) DURING THE CLASS PERIOD** – Separately list each and every sale (writing) (including free deliveries) of Alibaba Put Option contracts from after the opening of trading on September 19, 2014, through and including the close of trading on April 28, 2015. (Must be documented.)[23]

| Date of Sale (Writing) (List Chronologically) (Month/Day/Year) | Strike Price of Put Option Contract | Expiration Date of Put Option Contract (Month/Day/Year) | Option Class Symbol | Number of Put Option Contracts Sold (Written) | Sale Price Per Put Option Contract | Total Sale Price (excluding taxes, commissions, and fees) | Insert an "A" if Assigned Insert an "E" if Exercised Insert an "X" if Expired | Exercise Date (Month/Day/Year) |
|---|---|---|---|---|---|---|---|---|
| /    / | $ | /    / | | | | $ | | /    / |

---

[23] **Please note**:  Information requested with respect to your sales of Alibaba Put Options from after the opening of trading on January 29, 2015, through and including the close of trading on April 28, 2015, is needed in order to balance your claim; sales during this period, however, are not eligible under the Settlement and will not be used for purposes of calculating your Recognized Loss pursuant to the Plan of Allocation.

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| / / | $ | / / | | | | $ | | / / |
| / / | $ | / / | | | | $ | | / / |
| / / | $ | / / | | | | $ | | / / |

| **3.  PURCHASES/ACQUISITIONS DURING THE CLASS PERIOD** – Separately list each and every purchase/acquisition (including free receipts) of Alibaba Put Option contracts from after the opening of trading on September 19, 2014, through and including the close of trading on April 28, 2015. (Must be documented.) | | | | | | **IF NONE, CHECK HERE** ○ |
|---|---|---|---|---|---|---|
| Date of Purchase/ Acquisition (List Chronologically) (Month/Day/Year) | Strike Price of Put Option Contract | Expiration Date of Put Option Contract (Month/Day/Year) | Option Class Symbol | Number of Put Option Contracts Purchased/ Acquired | Purchase/ Acquisition Price Per Put Option Contract | Total Purchase/ Acquisition Price (excluding taxes, commissions, and fees) |
| / / | $ | / / | | | | $ |
| / / | $ | / / | | | | $ |
| / / | $ | / / | | | | $ |
| / / | $ | / / | | | | $ |

| **4.  ENDING HOLDINGS** – Separately list all positions in Alibaba Put Option contracts in which you had an open interest as of the close of trading on January 29, 2015.  (Must be documented.) | | | **IF NONE, CHECK HERE** ○ |
|---|---|---|---|
| Strike Price of Put Option Contract | Expiration Date of Put Option Contract (Month/Day/Year) | Option Class Symbol | Number of Put Option Contracts in Which You Had an Open Interest |
| $ | / / | | |
| $ | / / | | |
| $ | / / | | |
| $ | / / | | |

| **IF YOU NEED ADDITIONAL SPACE TO LIST YOUR TRANSACTIONS/HOLDINGS YOU MUST PHOTOCOPY THIS PAGE AND CHECK THIS BOX** ☐ **IF YOU DO NOT CHECK THIS BOX THESE ADDITIONAL PAGES WILL <u>NOT BE REVIEWED</u>** |
|---|

## *PART VI – RELEASE OF CLAIMS AND SIGNATURE*

## *YOU MUST ALSO READ THE RELEASE AND CERTIFICATION BELOW AND SIGN ON PAGE __ OF THIS CLAIM FORM.*

I (we) hereby acknowledge that as of the Effective Date of the Settlement, pursuant to the terms set forth in the Stipulation, I (we), on behalf of myself (ourselves) and my (our) heirs, executors, administrators, predecessors, successors, affiliates and assigns, shall be deemed to have, and by operation of law and of the Judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived, discharged and dismissed each and every Released Plaintiffs' Claim (as defined in the Stipulation and in the Settlement Notice) against the Defendants' Releasees (as defined in the Stipulation and in the Settlement Notice) and shall forever be barred and enjoined from prosecuting any or all of the Released Plaintiffs' Claims against the Defendants' Releasees.

### CERTIFICATION

By signing and submitting this Claim Form, the Claimant(s) or the person(s) who represent(s) the Claimant(s) certifies (certify), as follows:

1.      that I (we) have read and understand the contents of the Settlement Notice and this Claim Form, including the releases provided for in the Settlement and the terms of the Plan of Allocation;

2.      that the Claimant(s) is a (are) Class Member(s), as defined in the Settlement Notice and in paragraph 2 on page __ of this Claim Form, and is (are) not excluded from the Class by definition or pursuant to request as set forth in the Settlement Notice and in paragraph 3 on page __ of this Claim Form;

3.      that I (we) own(ed) the Alibaba ADS and Alibaba Call Options and had an interest in the Alibaba Put Options identified in the Claim Form and have not assigned the claim against the Defendants' Releasees to another, or that, in signing and submitting this Claim Form, I (we) have the authority to act on behalf of the owner(s) thereof;

4.      that the Claimant(s) has (have) not submitted any other claim covering the same purchases/acquisitions of Alibaba ADS or Alibaba Call Options, or sales of Alibaba Put Options, and knows (know) of no other person having done so on the Claimant's (Claimants') behalf, other than claims submitted in the state court action titled *Buelow, et al. v. Alibaba Group Holding Limited, et al.* (San Mateo Sup. Ct.) (as stated above, participation in the settlement of the state court action does not preclude participation in this Settlement; you may submit a claim in both settlements);

5.      that the Claimant(s) submit(s) to the jurisdiction of the Court with respect to Claimant's (Claimants') claim and for purposes of enforcing the releases set forth herein;

6.      that I (we) agree to furnish such additional information with respect to this Claim Form as Co-Lead Counsel, the Claims Administrator or the Court may require;

7.      that the Claimant(s) waive(s) the right to trial by jury, to the extent it exists, and agree(s) to the Court's summary disposition of the determination of the validity or amount of

the claim made by this Claim Form;

      8.     that I (we) acknowledge that the Claimant(s) will be bound by and subject to the terms of any judgment(s) that may be entered in the MDL Action; and

      9.     that the Claimant(s) is (are) NOT subject to backup withholding under the provisions of Section 3406(a)(1)(C) of the Internal Revenue Code because (a) the Claimant(s) is (are) exempt from backup withholding or (b) the Claimant(s) has (have) not been notified by the IRS that he/she/it is subject to backup withholding as a result of a failure to report all interest or dividends or (c) the IRS has notified the Claimant(s) that he/she/it is no longer subject to backup withholding.  **If the IRS has notified the Claimant(s) that he, she or it is subject to backup withholding, please strike out the language in the preceding sentence indicating that the claim is not subject to backup withholding in the certification above.**

UNDER THE PENALTIES OF PERJURY, I (WE) CERTIFY THAT ALL OF THE INFORMATION PROVIDED BY ME (US) ON THIS CLAIM FORM IS TRUE, CORRECT, AND COMPLETE, AND THAT THE DOCUMENTS SUBMITTED HEREWITH ARE TRUE AND CORRECT COPIES OF WHAT THEY PURPORT TO BE.

_____

Signature of Claimant                                                                      Date

_____

Print your name here

_____

Signature of joint Claimant, if any                                               Date

_____

Print your name here

*If the Claimant is other than an individual, or is not the person completing this form, the following also must be provided:*

_____

Signature of person signing on behalf of Claimant                    Date

_____

Print your name here

_____

CAPACITY OF PERSON SIGNING ON BEHALF OF CLAIMANT, IF OTHER THAN AN INDIVIDUAL, *E.G.*, EXECUTOR, PRESIDENT, TRUSTEE, CUSTODIAN, *ETC*.  (MUST PROVIDE EVIDENCE OF AUTHORITY TO ACT ON BEHALF OF CLAIMANT – SEE PARAGRAPH 14 ON PAGE ___ OF THIS CLAIM FORM.)

### REMINDER CHECKLIST:

1. Please sign the above release and certification.  If this Claim Form is being made on behalf of joint Claimants, then both must sign.

2. Remember to attach only **copies** of acceptable supporting documentation as these documents will not be returned to you.

3. Please do not highlight any portion of the Claim Form or any supporting documents.

4. Do not send original security certificates or documentation.  These items cannot be returned to you by the Claims Administrator.

5. Keep copies of the completed Claim Form and documentation for your own records.

6. The Claims Administrator will acknowledge receipt of your Claim Form by mail, within 60 days.  Your claim is not deemed filed until you receive an acknowledgement postcard.  **If you do not receive an acknowledgement postcard within 60 days, please call the Claims Administrator toll free at (___) ___-____**

7. If your address changes in the future, or if this Claim Form was sent to an old or incorrect address, please send the Claims Administrator written notification of your new address.  If you change your name, please inform the Claims Administrator.

8. If you have any questions or concerns regarding your claim, please contact the Claims Administrator at the address below, by email at info@strategicclaims.net, or toll-free at (___) ___-____, or visit AlibabaSettlement.com.  Please DO NOT call Alibaba or any of the other Defendants or their counsel with questions regarding your claim.

THIS CLAIM FORM MUST BE MAILED TO THE CLAIMS ADMINISTRATOR BY FIRST-CLASS MAIL, **POSTMARKED NO LATER THAN _____,          2019**, ADDRESSED AS FOLLOWS:

*Christine Asia Co. Ltd. et al. v. Jack Yun Ma et al.*
c/o Strategic Claims Services
P.O. Box 230
600 N. Jackson Street, Suite 205
Media, PA 19063

A Claim Form received by the Claims Administrator shall be deemed to have been submitted when posted, if a postmark date on or before _____, 2019 is indicated on the envelope and it is mailed First Class, and addressed in accordance with the above instructions.  In all other cases, a Claim Form shall be deemed to have been submitted when actually received by the Claims Administrator.

You should be aware that it will take a significant amount of time to fully process all of the Claim Forms.  Please be patient and notify the Claims Administrator of any change of address.

**Exhibit A-3**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| CHRISTINE ASIA CO., LTD., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>JACK YUN MA, et al.,<br><br>Defendants. | No.: 1:15-md-02631-CM (SDA)<br><br>Related cases:<br>1:15-cv-00759-CM<br>1:15-cv-00811-CM<br>1:15-cv-00991-CM<br>1:15-cv-01405-CM<br>1:15-cv-05020-CM<br>1:15-cv-04991-CM<br>1:15-cv-05002-CM |

**SUMMARY NOTICE OF (I) PENDENCY OF CLASS ACTION AND
PROPOSED SETTLEMENT; (II) SETTLEMENT HEARING;
AND (III) MOTION FOR AN AWARD OF ATTORNEYS' FEES
AND REIMBURSEMENT OF LITIGATION EXPENSES**

**TO:   All persons and/or entities that purchased or otherwise acquired Alibaba Group
Holding Limited ("Alibaba") American Depositary Shares ("ADS"), or purchased
call options or sold put options on Alibaba ADS, during the period September 19,
2014 through January 28, 2015, inclusive (the "Class Period"), other than those
shares purchased directly in the September 19, 2014 Initial Public Offering (the
"Class").**

**PLEASE READ THIS NOTICE CAREFULLY.   YOUR RIGHTS WILL BE AFFECTED
BY A CLASS ACTION LAWSUIT PENDING IN THIS COURT.**

YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the Federal Rules of Civil
Procedure and an Order of the United States District Court for the Southern District of New
York, that the above-captioned litigation (the "MDL Action") has been certified as a class action
on behalf of the Class, except for certain persons and entities who are excluded from the Class as
set forth in the full Notice of (I) Pendency of Class Action and Proposed Settlement; (II)
Settlement Hearing; and (III) Motion for an Award of Attorneys' Fees and Reimbursement of
Litigation Expenses (the "Notice").

YOU ARE ALSO NOTIFIED that Plaintiffs in the MDL Action have reached a proposed
settlement of the MDL Action for $250,000,000 (the "Settlement"), that, if approved, will
resolve all claims in the MDL Action.

468423.1                                    15

A hearing will be held on _____, 2019 at __:__ _.m., before the Honorable Colleen McMahon at the United States District Court for the Southern District of New York, Daniel Patrick Moynihan United States Courthouse, Courtroom 24A, 500 Pearl Street, New York, NY 10007, to determine (i) whether the proposed Settlement should be approved as fair, reasonable, and adequate; (ii) whether the MDL Action should be dismissed with prejudice against Defendants, and the Releases specified and described in the Stipulation and Agreement of Settlement dated April 26, 2019 (and in the Notice) should be granted; (iii) whether the proposed Plan of Allocation should be approved as fair and reasonable; and (iv) whether Lead Counsel's application for an award of attorneys' fees and reimbursement of expenses should be approved.

Court-appointed Lead Counsel, The Rosen Law Firm, P.A., will apply to the Court for an award of attorneys' fees for all Plaintiffs' Counsel in an amount not to exceed 25% of the Settlement Fund (including accrued interest).   In addition, Lead Counsel will apply for reimbursement of Litigation Expenses paid or incurred in connection with the institution, prosecution and resolution of the claims against the Defendants, in an amount not to exceed $5,000,000, which may include a request for award(s) sufficient to reimburse the reasonable costs and expenses incurred by Plaintiffs, including lost wages, directly related to their representation of the Class in an amount not to exceed $12,500 for each representative Plaintiff.

**If you are a member of the Class, your rights will be affected by the pending Settlement of the MDL Action, and you may be entitled to share in the Settlement Fund**.  If you have not yet received the Notice and Claim Form, you may obtain copies of these documents by contacting the Claims Administrator at *Christine Asia Co. Ltd. et al. v. Jack Yun Ma et al.*, c/o Strategic Claims Services, P.O. Box ____, _____, __ _____, 1-___-___-____.  Copies of the Notice and Claim Form can also be downloaded from the website maintained by the Claims Administrator, www._____.com.

If you are a member of the Class, in order to be eligible to receive a payment under the proposed Settlement, you must submit a Claim Form *postmarked* no later than _____ __, 2019.  If you are a Class Member and do not submit a proper Claim Form, you will not be eligible to share in the distribution of the net proceeds of the Settlement, but you will nevertheless be bound by any judgments or orders entered by the Court in the MDL Action.

**If you are a member of the Class and wish to exclude yourself from the Class, you must submit a request for exclusion such that it is *received* no later than _____, 2019, in accordance with the instructions set forth in the Notice.**  If you properly exclude yourself from the Class, you will not be bound by any judgments or orders entered by the Court in the MDL Action and you will not be eligible to share in the proceeds of the Settlement.

Any objections to the proposed Settlement, the proposed Plan of Allocation, or Lead Counsel's motion for attorneys' fees and reimbursement of expenses must be filed with the Court and provided to Lead Counsel and Defendants' Counsel such that they are *received* no later than _____ __, 2019, in accordance with the instructions set forth in the Notice.

*The MDL Action is separate from an action that had been filed in California Superior Court, San Mateo County, that alleged violations of a different federal statute.  That state court action was separately settled in May 2019.*

**Please do not contact the Court, the Clerk's office, Alibaba, or Alibaba's counsel regarding this notice. All questions about this notice, the proposed Settlement, or your eligibility to participate in the Settlement should be directed to Lead Counsel or the Claims Administrator.**

Inquiries, other than requests for the Notice and Claim Form, should be made to Lead Counsel:

The Rosen Law Firm P.A.
Attn: Laurence Rosen, Esq.
275 Madison Avenue, 34th Floor
New York, NY 10016
Telephone: (212) 686-1060
Email: alibabasettlement@rosenlegal.com

Requests for the Notice and Claim Form should be made to:

*Christine Asia Co. Ltd. et al v. Ma, et al.*
c/o _____
P.O. Box _____
_____, __ _____
1-___-___-____
www._____.com

By Order of the Court

**Exhibit B**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHRISTINE ASIA CO., LTD., et al., <br><br> Plaintiffs, <br><br> v. <br><br> JACK YUN MA, et al., <br><br> Defendants. | No.: 1:15-md-02631-CM (SDA) <br><br> Related cases: <br> 1:15-cv-00759-CM <br> 1:15-cv-00811-CM <br> 1:15-cv-00991-CM <br> 1:15-cv-01405-CM <br> 1:15-cv-05020-CM <br> 1:15-cv-04991-CM <br> 1:15-cv-05002-CM |

## JUDGMENT APPROVING CLASS ACTION SETTLEMENT

WHEREAS, a consolidated class action is pending in this Court entitled styled *Christine Asia Co., Ltd., et al. v. Jack Yun Ma, et al.*, No.: 1:15-md-02631-CM-SDA (the "MDL Action");

WHEREAS, (a) lead plaintiffs William Tai and Christine Asia Co., Ltd. (collectively, "Lead Plaintiffs") and named plaintiffs Abel Amoros, Arthur Gabriel, Raymond Lee, and Gang Liu (together with Lead Plaintiffs, the "Plaintiffs"), on behalf of themselves and the Class,[24] and (b) defendant Alibaba Group Holding Limited ("Alibaba"), Jack Yun Ma ("Ma"), Joseph Tsai ("Tsai"), Jonathan Zhaoxi Lu ("Lu"), and Maggie Wei Wu ("Wu") (Ma, Tsai, Lu and Wu, collectively the "Individual Defendants" and with Alibaba, collectively, "Defendants," and together with Plaintiffs, the "Parties") have entered into a Stipulation that provides for a complete dismissal with prejudice of the claims asserted against Defendants in the MDL Action

---

[24] All capitalized terms used in this Judgment that are not otherwise defined herein shall have the meanings ascribed to them in the Stipulation and Agreement of Settlement dated April 26, 2019 (the "Stipulation").

on the terms and conditions set forth in the Stipulation, subject to the approval of this Court (the "Settlement");

WHEREAS, by Order dated _____, 2019 (the "Preliminary Approval Order"), this Court: (a) preliminarily approved the Settlement; (b) ordered that notice of certification of the Class and the proposed Settlement be provided to potential Class Members; (c) provided Class Members with the opportunity to exclude themselves from the Class or to object to the proposed Settlement; and (d) scheduled a hearing regarding final approval of the Settlement;

WHEREAS, due and adequate notice has been given to the Class;

WHEREAS, the Court conducted a hearing on _____, 2019 (the "Settlement Hearing") to consider, among other things, (a) whether the terms and conditions of the Settlement are fair, reasonable and adequate to the Class, and should therefore be approved; and (b) whether a judgment should be entered dismissing the MDL Action with prejudice as against Defendants; and

WHEREAS, the Court having reviewed and considered the Stipulation, all papers filed and proceedings held herein in connection with the Settlement, all oral and written comments received regarding the Settlement, and the record in the MDL Action, and good cause appearing therefor;

IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1.      **Jurisdiction** – The Court has jurisdiction over the subject matter of the MDL Action, and all matters relating to the Settlement, as well as personal jurisdiction over all of the Parties and each of the Class Members for purposes of the Settlement.

2.      **Incorporation of Settlement Documents** – This Judgment incorporates and makes a part hereof:  (a) the Stipulation filed with the Court on April 29, 2019; and (b) the

Notice and the Summary Notice, both of which were filed with the Court on _____, 2019.

3.      **Notice** – The Court finds that the dissemination of the Notice and the publication of the Summary Notice:  (a) were implemented in accordance with the Preliminary Approval Order; (b) constituted the best notice practicable under the circumstances; (c) constituted notice that was reasonably calculated, under the circumstances, to apprise Class Members of (i) the pendency of the MDL Action; (ii) the certification of the Class and their right to exclude themselves from the Class; (iii) the existence and effect of the proposed Settlement (including the Releases to be provided thereunder); (iv) Lead Counsel's motion for an award an attorneys' fees and reimbursement of Litigation Expenses; (v) Class Members' right to object to any aspect of the Settlement, the Plan of Allocation and/or Lead Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses; and (vi) Class Members' right to appear at the Settlement Hearing; (d) constituted due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (e) satisfied the requirements of Federal Rule of Civil Procedure 23, the Securities Exchange Act of 1934, 15 U.S.C. §78u-4(a)(7), as amended, including the Private Securities Litigation Reform Act of 1995, due process, and all other applicable laws and rules.

4.      **Final Settlement Approval and Dismissal of Claims** – Pursuant to, and in accordance with, Rule 23 of the Federal Rules of Civil Procedure, this Court hereby fully and finally approves the Settlement set forth in the Stipulation in all respects (including, without limitation: the amount of the Settlement; the Releases provided for therein; and the dismissal with prejudice of the claims asserted against Defendants in the MDL Action), and finds that the Settlement is, in all respects, fair, reasonable and adequate to the Class.  The Parties are directed

to implement, perform and consummate the Settlement in accordance with the terms and provisions contained in the Stipulation.

5.      The MDL Action and all of the claims asserted against Defendants in the MDL Action by Plaintiffs and the other Class Members are hereby dismissed with prejudice.  The Parties shall bear their own costs and expenses, except as otherwise expressly provided in the Stipulation.

6.      **<u>Binding Effect</u>** – The terms of the Stipulation and of this Judgment shall be forever binding on Defendants, Plaintiffs and all other Class Members (regardless of whether or not any Class Member submits a Claim Form or seeks or obtains a distribution from the Net Settlement Fund), as well as their respective successors and assigns.  [The persons and entities listed on Exhibit 1 hereto are excluded from the Class pursuant to their request and are not bound by the terms of the Stipulation or this Judgment.]

7.      **<u>Releases</u>** – The Releases set forth in paragraphs 5 and 6 of the Stipulation, together with the definitions contained in paragraph 1 of and elsewhere in the Stipulation relating thereto, are expressly incorporated herein in all respects.  The Releases are effective as of the Effective Date.  Accordingly, this Court orders that:

(a)      Without further action by anyone, and subject to paragraph 8 below, upon the Effective Date of the Settlement, Plaintiff Releasees (regardless of whether any such person or entity ever seeks or obtains by any means, including without limitation by submitting a proof of claim, any disbursement from the Settlement) shall be deemed to have, and by operation of the final judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Plaintiffs' Claims against Defendants' Releasees, and shall have covenanted not to sue Defendants' Releasees with respect to all such Released Plaintiffs' Claims, and shall be

permanently barred and enjoined from asserting, commencing, prosecuting, instituting, assisting, instigating, or in any way participating in the commencement or prosecution of any action or other proceeding, in any forum, asserting any Released Plaintiffs' Claim, either directly, representatively, derivatively, or in any other capacity, against any of Defendants' Releasees. [This Release shall not apply to any person or entity listed on Exhibit 1 hereto.]

(b)     Without further action by anyone, and subject to paragraph 8 below, upon the Effective Date of the Settlement, Defendants, on behalf of themselves, and each of their respective heirs, executors, administrators, predecessors, successors, assigns, parents, subsidiaries, affiliates, current and former officers and directors, agents, fiduciaries, beneficiaries or legal representatives, in their capacities as such, and any other person or entity legally entitled to bring Released Defendants' Claims on behalf of any Defendant, in that capacity, shall be deemed to have, and by operation of the final judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Defendants' Claims against the Plaintiffs' Releasees and shall have covenanted not to sue Plaintiffs' Releasees with respect to all such Released Defendants' Claims, and shall be permanently barred and enjoined from asserting, commencing, prosecuting, instituting, assisting, instigating, or in any way participating in the commencement or prosecution of any action or other proceeding, in any forum, asserting any Released Defendants' Claim, either directly, representatively, derivatively, or in any other capacity, against any of Plaintiffs' Releasees.  [This Release shall not apply to any person or entity listed on Exhibit 1 hereto.]

8.     Notwithstanding paragraphs 7(a) – (b) above, nothing in this Judgment shall bar any action by any of the Parties to enforce or effectuate the terms of the Stipulation or this Judgment.

9.      **Rule 11 Findings** – The Court finds and concludes that the Parties and their respective counsel have complied in all respects with the requirements of Rule 11 of the Federal Rules of Civil Procedure in connection with the institution, prosecution, defense, and settlement of the MDL Action.

10.     **No Admissions** – Neither the Settlement Term Sheet, the Stipulation (whether or not consummated), including the exhibits hereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of the Settlement Term Sheet and the Stipulation, nor any proceedings taken pursuant to or in connection with the Settlement Term Sheet, the Stipulation and/or approval of the Settlement (including any arguments proffered in connection therewith):

(a)      shall be offered against any of Defendants' Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of Defendants' Releasee with respect to the truth of any fact alleged by Plaintiffs or the validity of any Claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this MDL Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of Defendants' Releasees or in any way referred to for any other reason as against any of Defendants' Releasees, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation;

(b)      shall be offered against any of Plaintiffs' Releasees, as evidence of, or construed as, or deemed to be evidence of any presumption, concession or admission by any of Plaintiffs' Releasees that any of their claims are without merit, that any of Defendants' Releasees had meritorious defenses, or that damages recoverable under the Complaint would not have

exceeded the Settlement Amount or with respect to any liability, negligence, fault or wrongdoing of any kind, or in any way referred to for any other reason as against any of Plaintiffs' Releasees, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; or

(c)     shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given hereunder represents the amount that could be or would have been recovered after trial; provided, however, that the Parties and the Releasees and their respective counsel may refer to this Judgment and the Stipulation to effectuate the protections from liability granted hereunder and thereunder or otherwise to enforce the terms of the Settlement.

11.     **Retention of Jurisdiction** – Without affecting the finality of this Judgment in any way, this Court retains continuing and exclusive jurisdiction over:  (a) the Parties for purposes of the administration, interpretation, implementation and enforcement of the Settlement; (b) the disposition of the Settlement Fund; (c) any motion for an award of attorneys' fees and/or Litigation Expenses by Lead Counsel that will be paid from the Settlement Fund; (d) any motion to approve the Plan of Allocation; (e) any motion to approve the Class Distribution Order; and (f) the Class Members for all matters relating to the Settlement.

12.     Separate orders shall be entered regarding approval of a plan of allocation and the motion of Lead Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses.  Such orders shall in no way affect or delay the finality of this Judgment and shall not affect or delay the Effective Date of the Settlement.

13.     **Modification of the Agreement of Settlement** – Without further approval from the Court, Plaintiffs and Defendants are hereby authorized to agree to and adopt such

amendments or modifications of the Stipulation or any exhibits attached thereto to effectuate the Settlement that: (a) are not materially inconsistent with this Judgment; and (b) do not materially limit the rights of Class Members in connection with the Settlement.  Without further order of the Court, Plaintiffs and Defendants may agree to reasonable extensions of time to carry out any provisions of the Settlement.

14.    **Termination of Settlement** – If the Settlement is terminated as provided in the Stipulation or the Effective Date of the Settlement otherwise fails to occur, this Judgment shall be vacated, rendered null and void and be of no further force and effect, except as otherwise provided by the Stipulation, and this Judgment shall be without prejudice to the rights of Plaintiffs, the other Class Members and Defendants, and the Parties shall revert to their respective positions in the MDL Action as of March 30, 2019, as provided in the Stipulation.

15.    **Entry of Judgment** – There is no just reason to delay the entry of this Judgment as a final judgment in this MDL Action.  Accordingly, the Clerk of the Court is expressly directed to immediately enter this final judgment in this MDL Action.

SO ORDERED this _____ day of _____, 2019.


_____
The Honorable Colleen McMahon
United States District Judge

**Exhibit 1**

**[List of Persons and Entities Excluded from the Class Pursuant to Request]**