USDC SDNY
DOCUMENT
ELECTRONICALLY FILED

12/13/19



# The Rosen Law Firm
INVESTOR COUNSEL

December 10, 2019

**VIA ECF**

Hon. Colleen McMahon
United States District Court Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl St.
New York, NY 10007-1312

Re: *Christine Asia Co., Ltd., et al. v. Alibaba Group Holding Limited, et al.*
Case No. 15-md-02631

Your Honor:

MEMO ENDORSED

I write regarding Plaintiffs' motion for an appellate bond (Dkt. Nos. 157-160) and appellant-objector Myrtle Chao's opposition thereto (Dkt. No. 162[1]) in the above-referenced action.

On December 2, 2019, the Court ordered as follows (Dkt. No. 161):

The attorney for appellant-objector must file a response to this motion by 12/9/2019 or the motion will be granted. Any statements about appellant-objector's ability (or lack of same) to post bond or bear the costs of the appeal must be (1) on oath, and (2) accompanied by three years' worth of tax returns, bank records and brokerage statements (which may be filed under seal). The due date for these submissions is also 12/9. No extensions allowed.

Ms. Chao filed her opposition to the bond motion yesterday. While Ms. Chao argues that she lacks the financial ability to post the requested $10,500 bond (*see* Dkt. No. 162-7, ¶¶7-8), she failed to provide the required documentation requested in the Court's December 2 order.

First, Ms. Chao provided only one year of tax returns—federal and state returns for 2017. Ms. Chao provided no credible explanation for failing to produce her 2016 and 2018 returns. Instead, she merely informed the Court, in further violation of the Court's instruction that no extensions would be allowed and without even attempting to seek leave for additional time, that she "will produce all the records within a week[.]" *Id.* ¶5.

---

[1] Ms. Chao purported to file a second opposition shortly after the first. *See* Dkt. No. 163. It is not readily apparent to Plaintiffs whether this second document differs from the first filing; it is not identified as a corrected version.

---

Handwritten annotation (12/12/2019): It appears that you have let your whining argument be EST if you can prove that Kay Trump has assets. If you want an EBT, you can have one. Kyle the [illegible] to [illegible] next day.

Second, Ms. Chao appears to have failed to provide a full accounting of her bank statements. While Ms. Chao produced selected pages of statements for one account at JPMorgan Chase Bank,[2] her declaration does not state whether this is her only bank account. Her 2017 federal tax return identifies interest earned on additional accounts at East West Bank and Wells Fargo. *See* Dkt. No. 162-2 at p. 4.

Third, Ms. Chao failed to provide *any* brokerage statements. She provided no reason for ignoring this aspect of the Court's order, and gave no indication that she has any intention of producing brokerage statements as ordered.

Moreover, while Ms. Chao has objected and appealed only in her personal capacity, she is not a Class Member in her personal capacity. Documents submitted in support of her claim reflect that 278 Alibaba shares were purchased during the Class Period by the "Chao Bella Pension Plan Trust" of which Myrtle Chao is the Trustee.[3] When considering Ms. Chao's financial ability to post the bond, therefore, the assets of the trust must be considered, including the current balance of the Scottrade/TD Ameritrade account (which Ms. Chao, in violation of the Court's order, has failed to provide). As of December 31, 2014, the balance of the Scottrade/TD Ameritrade account *substantially* exceeded the amount of the bond requested here.

Ms. Chao's failure to provide the ordered documentation prejudices Plaintiffs' ability to prepare their reply in support of the motion, which is due on Monday, December 16. Given Ms. Chao's failure to provide the ordered documentation, and the vast discrepancies among the limited evidence of Ms. Chao's ability to pay that *is* currently available, Plaintiffs respectfully submit that it is necessary and appropriate to conduct a limited deposition of Ms. Chao, to discern her actual financial ability to post the requested bond, as well as the motivations of her appeal. Both topics are relevant to Plaintiffs' request for a bond.[4]

---

[2] The JPMorgan Chase statements produced include only the first page.

[3] *See* Dkt. No. 160-2 (redacted Scottrade statement). At the Court's request, Plaintiffs will submit an unredacted copy for *in camera* review, reflecting the account's total value as of December 31, 2014.

[4] *Berry v. Deutsche Bank Tr. Co. Americas*, 632 F. Supp. 2d 300, 307 (S.D.N.Y. 2009) (factors include not only ability to pay, but "the merits of the appeal" and "whether the appellant has shown any bad faith or vexatious conduct"). The Court may order discovery into these issues. *See, e.g., Covanta Onondaga Ltd. v. Onondaga Cty. Res. Recovery Agency*, 318 F.3d 392, 396 (2d Cir. 2003) ("a court that has concluded its adjudication of the merits . . . retains authority to take action with respect to some collateral matters related to the case, such as attorney's fees and costs,… and sanctions"); *Tancredi v. Metro. Life Ins. Co.*, 378 F.3d 220, 225 (2d Cir. 2004) (jurisdiction over collateral matters or for the purpose of enforcing the judgment exists "notwithstanding a pending appeal.").

As such, other courts have permitted discovery of objectors while those objectors' appeals were pending. *See In re Netflix Privacy Litig.*, 2013 WL 6173772, at *4-*5 (N.D. Cal. November 25, 2013) ("Plaintiffs['] request seeks information regarding the merits and motivations behind the Objectors' appeals as well as their relationships with Counsel. The request for discovery is proper...."); *In re Cathode Ray Tube (CRT) Antitrust Litig.*, 281 F.R.D. 531, 533-34 (N.D. Cal.

In sum, Plaintiffs respectfully request that the Court order Ms. Chao to produce the remainder of the ordered documentation by Thursday, December 12, appear for a half-day deposition in Los Angeles within ten days of today, and permit Plaintiffs to file their reply two days following her deposition.

Sincerely,

*/s/ Laurence Rosen*

Laurence Rosen
lrosen@rosenlegal.com

*Counsel for Plaintiffs and the certified Class*

---

2012) (discovery appropriate where it focused on "the objector's standing, the bases for his current objections, his role in objecting to this and other class settlements, and his relationships with the counsel that are believed to be behind the scenes manipulating him.").